# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | § § § | |
| | § | **Case No. 6:20-cv-00018-ADA** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., | § § § § § | |
| Defendants. | | |

## ELLIOTT ELECTRIC SUPPLY INC.'S MOTION TO DISMISS
## UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................. 2

    A.   Background ................................................................................................ 2

    B.   Super Lighting's Legally Deficient Claim for Direct Infringement ....................... 2

    C.   Super Lighting's Legally Deficient Claim for Indirect Infringement.................... 5

III. ARGUMENTS.................................................................................................... 7

    A.   Legal Standard ......................................................................................... 7

    B.   Super Lighting's Direct Infringement Claims Should Be Dismissed.................... 8

    C.   Super Lighting's Claims for Inducing Infringement Should Be Dismissed......... 14

        1.   Super Lighting Lacks Standing for its Inducing Infringement Claim ...... 15

        2.   Super Lighting Fails to Plead that Elliott Knew of the Asserted Patents . 15

        3.   Super Lighting Fails to Sufficiently Plead that Elliott Intended to Induce
            Infringement.............................................................................. 16

IV. CONCLUSION................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*,
   501 F.3d 1307 (Fed. Cir. 2007)........................................................................................15

*Addiction and Detoxification Inst. L.L.C. v. Carpenter*,
   620 Fed.Appx.934 (Fed. Cir. 2015)..............................................................................16, 17

*Aguirre v. Powerchute Sports, LLC*,
   Case No. SA-10-CV-0702-XR, ECF No. 40 (W.D. Tex., Jun. 17, 2011)..............................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................1, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................1

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012).........................................................................................14

*Bush Seismic Techs. LLC v. Am. Gem Soc'y*,
   Case No. 2:14-cv-1809-JRG, 2016 WL 9115381 (E.D. Tex., Apr. 13, 2016) .......................16

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)...........................8, 14

*Clapper v. Amnesty Inter. USA*,
   568 U.S. 398 (2013).....................................................................................................8, 15

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015).....................................................................................................16

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ..............................17

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)......................................................................................14, 15

*Gabriel de la Vega v. Google LLC*,
   Case No. W-19-CV-00617-ADA, ECF No. 36 (W.D. Tex. Feb. 7, 2020)...............7, 8, 10, 14

*Insituform Techs., Inc. v. Cat Contracting, Inc.*,
   161 F.3d 688 (Fed. Cir. 1998).........................................................................................16

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991).........................................................................................8

*Parity Networks, LLC, v. Cisco Systems, Inc.*,
   CIVIL NO. 6:19-CV-00207-ADA, ECF No. 23 (W.D. Tex. July 26, 2019) .........................10

*Sierra Club v. Energy Future Holdings Corp.*,
   921 F.Supp.2d 674 (W.D. Tex., Feb 6, 2013)............................................................................8

*Stragent, LLC v. BMW of North America, LLC*,
   Case No. 6:16-cv-4460RWS-NKM, 2017 WL 2821697 (E.D. Tex. Mar. 3,
   2017) .........................................................................................................................................8

*Tierra Intellectual Borinquen, Inc. v. ASUS Computer Intl., Inc.*,
   2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)................................................17

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .........................17

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990)..............................................................................................................7, 8

I.     __INTRODUCTION__

Plaintiffs Jiaxing Super Lighting Electronic Appliance Co., Ltd. and Obert, Inc.'s (together, "Super Lighting") Complaint (ECF No. 1) is primarily directed towards Defendants CH Lighting Technology Co., Ltd., and Shaoxing Ruising Lighting Co., Ltd (together, "CH Lighting"). Indeed, the infringement allegations are based solely on products manufactured by CH Lighting, and the majority of the Complaint is directed at CH Lighting's conduct. Defendant Elliott Electric Supply Inc. ("Elliott")—who is neither a customer of Super Lighting or CH Lighting, nor is alleged to manufacture any of the accused products—is treated as an after-thought.

Super Lighting's **direct infringement** allegations against Elliott fall far short of the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Specifically, allegations concerning the accused products do not include factual pleading that any of the products meet all of the limitations of the exemplary claims of the patents-in-suit. Instead, the Complaint generally alleges that the accused products meet the claim language, followed by photographs of the accused product. These are the exact types of allegations—lacking annotations to the photographs, or any other explanation for what element allegedly meets any limitation of any claim—that should be dismissed as conclusory.

Super Lighting's **induced infringement** pleadings directed towards Elliott are also deficient. Super Lighting lacks standing to sue for its induced infringement claims since they are drafted toward hypothetical future conduct—i.e., "to the extent that" Elliott engages in such conduct—and not any past conduct or imminent future conduct. Moreover, because Super Lighting limits its allegation of induced infringement to only post-filing conduct, Super Lighting has no reasonable basis to assert it. Finally, Super Lighting fails to plead any facts supporting its

1

allegation that Elliott had knowledge of the patents-in-suit or intent to induce others to infringe—both requirements of pleading induced infringement.

In sum, all of Super Lighting's infringement allegations as to Elliott are legally deficient and should be dismissed.

## II.   STATEMENT OF FACTS

### A.   Background

This case is a patent infringement suit between two Chinese competitors, Plaintiff Super Lighting and Defendant CH Lighting.  Both are manufacturers of LED lighting products.  ECF No. 1 (Complaint) ¶¶ 7, 9.  Defendant Elliott does not manufacture LED lighting products, nor is it alleged to be the manufacturer of the Accused Products, LED tube lights.  ECF No. 1 ¶ 10.  Elliott does not have, and is not alleged to have, a business relationship with either Super Lighting or CH Lighting.  *See* ECF No. 1.  The four patents that Super Lighting asserts are: U.S. Patent Nos. 10,295,125 ("the '125 Patent"), 10,342,078 ("the '078 Patent"), 10,352,540 ("the '540 Patent") and 10,426,003 ("the '003 Patent").

### B.   Super Lighting's Legally Deficient Claim for Direct Infringement

Super Lighting alleges infringement of claim 29 of the '125 Patent by product number KT-LED7T8-24GC-840-DX2 ("**the '125 Accused Product**").  ECF No. 1 ¶¶ 33-34.  Claim 29 of the '125 Patent reads as follows, with letters added in brackets to each limitation for clarity:

29.[pre] An LED tube lamp comprising:

[a] a lamp tube;

[b] two end caps attached at two ends of the lamp tube respectively;

[c] a power supply disposed in one or both of the end caps;

[d] a light strip disposed inside the lamp tube, the light strip comprising a mounting region and a connecting region;

[e] a plurality of LED light sources mounted on the mounting region and the

connecting region being electrically connected to the plurality of LED light

sources and the power supply;

[f] at least two soldering pads arranged on the connecting region for electrically

connecting the power supply;

[g] a recognizing mark arranged on the connecting region; and

[h] a protective layer disposed on the light strip.

ECF No. 1-1 ('125 Patent) at 101:63-102:11.

Super Lighting's allegations of infringement against the '125 Accused Product parrot the claim language, followed by photographs that are not annotated in any way nor supplemented with particularized explanation. For example, with respect to limitations 29[c], 29[d], and 29[e], Super Lighting pleads "A power supply is disposed in at least one of the end caps, while an LED light strip is disposed inside the lamp tube, on an inner circumferential surface of the lamp tube" and "The ['125 Accused Product] comprises both a mounting region and a connecting region, both of which are electrically connected to the plurality of LED light sources and the power supply." ECF No. 1 ¶¶ 36-37. Two non-annotated photographs, presumably of the '125 Accused Product follow. *Id.* Super Lighting does not plead which component is alleged to be the "power supply," the "light strip," the "mounting region" or the "connecting region." *Id.* Super Lighting does the same for each limitation of claim 29 of the '125 Patent. ECF No. 1 ¶¶ 35-39.

Super Lighting repeats this formula for the other three patents-in-suit.

Super Lighting asserts claim 23 of the '078 Patent against product number 12.5W LED T8 DW 4000K ("**the '078 Accused Product**"). ECF No. 1 ¶ 46. Super Lighting's infringement

pleadings against the '078 Accused Product parrot the claim language of claim 23, and include non-annotated photographs without explanation.  ECF No. 1 ¶¶ 47-49.  One limitation of claim 23 is "the **first heat-dissipating element** extends between the **first circuit board** and the end wall of the first end cap, and further wherein a portion of the first heat-dissipating element is mounted on the first circuit board and another portion of the heat dissipating element is disposed in the **opening of the end wall** of the first end cap."  ECF No. 1-2 ('078 Patent) at 123:19-25. Super Lighting does not plead which component is alleged to be the "first heat-dissipating element," the "first circuit board," or the "opening of the end wall of the first end cap."  *Id.* Further, no **opening** in any end cap is depicted.  *Id.*  Additionally, no element is identified or illustrated as "extend[ing] between" any circuit board and any hole in the end cap.  *Id.*

Super Lighting asserts claim 13 of the '540 Patent against product number L13T8BY5041K ("**the '540 Accused Product**").  ECF No. 1 ¶ 56.  Super Lighting's infringement pleadings against the '540 Accused Product parrot claim language of claim 13 and include non-annotated photographs without explanation.  ECF No. 1 ¶¶ 57-60.  One limitation of claim 13 is "a diffusion film disposed on the glass lamp tube so that light emitted from the LED light sources passing through the inner surface of the glass lamp tube and then passing through the diffusion film on the glass lamp tube [sic]."  ECF No. 1-3 ('540 Patent) at 18-42-46.  Super Lighting does not plead which component is the alleged "diffusion film."  ECF No. 1 ¶ 60.  Nor is any component shown to be diffusing light in the provided photograph.  *Id*.

Super Lighting asserts claim 1 of the '003 Patent against product number 12.5 LED T8 UNIV 5000K 48" (300705) ("**the '003 Accused Product**").  ECF No. 1 ¶ 68.  Super Lighting's infringement allegations against the '003 Accused Product parrot the claim language of claim 1 and include non-annotated photographs without explanation.  ECF No. 1 ¶¶ 68-70.  One

limitation of claim 1 is "a power supply in one or both of the end caps." ECF No 1-4 ('003 Patent) at 120:18.  Super lighting does not plead which component is the alleged "end cap" or the "power supply." ECF No. 1 ¶ 69.  Further, the photograph provided shows an end portion of the tube that is removed, and a series of electronics.  *Id.*  To the extent these are the alleged end cap and power supply respectively, based on the image provided, the power supply could not fit within the end cap as required by the claim.  *Id.*

### C.     Super Lighting's Legally Deficient Claim for Indirect Infringement

In its Complaint, Super Lighting pleads that Elliott indirectly infringes each of the patents-in-suit.  ECF No. 1 ¶¶ 32-33, 42 ('125 Patent), 44-45, 52 ('078 Patent), 54-55, 63 ('540 Patent), 65-66, 72 ('003 Patent).  Specifically, Super Lighting pleads as follows:

> 32.     Defendants have infringed and continue to infringe one or more claims of the '125 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  CH Lighting and Ruising have actively induced infringement without authority in violation of 35 U.S.C. § 271(b).  Defendants continue to induce infringement without authority in violation of 35 U.S.C. § 271(b).

ECF No. 1 ¶ 32; *see also id.* ¶ 44, 54, 65.

The first sentence of paragraph 32 is an allegation of direct infringement under 35 U.S.C. § 271(a).  ECF No. 1 ¶ 32.  The second sentence of paragraph 32 is an allegation of past induced infringement.  *Id.*  Importantly, only CH Lighting and Ruising are accused of past induced infringement—not Elliott.  *Id.*  ("CH Lighting and Ruising have actively induced…").  The third and final sentence of paragraph 32 is an allegation of continued induced infringement by "Defendants."  *Id.*  Because the term "Defendants" includes CH Lighting, Ruising, and Elliott (Complaint preamble, referring to all three defendants as "collectively 'Defendants'"), Elliott is

accused of continued induced infringement, indicated by the switch of "CH Lighting and Ruising" in the second sentence to "Defendants" in the third sentence. *Id.* Thus, Super Lighting's induced infringement allegations against Elliott are limited to only "continu[ing] to induce infringement" under 35 U.S.C. § 271(b) for each of the patents-in-suit. *Id.*[1]

Super Lighting's pleadings for each patent-in-suit are formulaic and virtually identical regarding Elliott's alleged "continu[ing] to induce infringement":

First, Super Lighting pleads in connection with each of the four asserted patents that "Defendants have and continue to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim [x] of the [y] Patent at least by making, using, offering to sell, importing, and/or selling at least the [product]." ECF No. 1 ¶¶ 33, 45, 55, 66. This is not a factual allegation; it is a recitation of the statutory language for direct infringement.

Next, Super Lighting alleges facts regarding CH Lighting, distributors, and end users, not Elliott. *Id.*

Then Super Lighting alleges, "Elliott sells the [product] in this district and, to the extent that it continues to do so after being served with this Complaint, does so with the knowledge that the use of the [product] infringes and with the intent for its customers to use the [product] in an infringing manner." *Id.* This is not a factual allegation; it is a recitation of the legal standard for inducing infringement.

Finally, Super Lighting alleges "Defendants' direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs." ECF No. 1 ¶¶ 42, 52, 63, 72. This is a statement about damages, and not contain factual statements about inducing

---

[1] In communications prior to the filing of this motion, Plaintiffs' counsel indicated that their allegations of induced infringement were not directed at Elliott. However, this assertion is contradicted by the literal language of the Complaint.

infringement.

Super Lighting does not plead that Elliott had knowledge of the patents-in-suit prior to the Complaint.  And none of the pleadings reference or support any pre-Complaint inducing infringement conduct by Elliott.  Instead, Super Lighting's post-Complaint pleadings narrowly encompass the speculative and hypothetical, statement, "***to the extent that*** [Elliott] continues [to sell the Accused Products]."  ECF No. 1 ¶¶ 33, 45, 55, 66.  Finally, Super Lighting does not plead any facts to support its allegation that any speculative sale by Elliott would be "with the intent for its customers to use the [product] in an infringing manner."  *Id.*

## III.    **ARGUMENTS**

### A.    **Legal Standard**

To survive a motion to dismiss, a plaintiff must plead enough facts "to state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A complaint must establish more than a "sheer possibility" that the claims are true, and the Court need not accept as true legal conclusions couched as factual allegation.  *Id*.  To state a claim for patent infringement, a complaint must include at least "a short written description of how the accused instrumentalities meet the [claim] limitation[s]."  *Gabriel de la Vega v. Google LLC*, Case No. W-19-CV-00617-ADA, ECF No. 36, at 13 (W.D. Tex. Feb. 7, 2020).

"Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish standing to sue."  *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).  Article III of the Constitution gives the federal courts jurisdiction over only cases and controversies.  *Id.* at 154-155.  "To establish an Art. III case or controversy, a

litigant first must demonstrate that he has suffered an injury in fact…and that the alleged harm must be actual or imminent, not conjectural or hypothetical." *Id.* at 155 (internal quotation marks omitted).  "'[A]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Inter. USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore*, 495 U.S. at 158).  "Standing implicates the court's jurisdiction and must be addressed before determining whether the plaintiff has adequately stated claims against defendants." *Sierra Club v. Energy Future Holdings Corp.*, 921 F.Supp.2d 674, 679 (W.D. Tex., Feb 6, 2013).

**B.      Super Lighting's Direct Infringement Claims Should Be Dismissed**

The failure of an accused product to meet a single claim limitation negates infringement of that claim.  *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).  To survive a motion to dismiss, therefore, a plaintiff must plausibly plead facts showing that a defendant's products meet each and every limitation of at least one claim.  *Stragent, LLC v. BMW of North America, LLC*, Case No. 6:16-cv-4460RWS-NKM, 2017 WL 2821697, at *5-*6 (E.D. Tex. Mar. 3, 2017) (dismissing complaint that failed to plead facts supporting the allegation that each claim limitation was met).  Allegations that contain only the claim language and non-annotated photographs are conclusory and insufficient to survive a motion to dismiss.  *See de la Vega*, No. W-19-CV-00617-ADA, ECF No. 36 at 12 (dismissing direct infringement claim where "Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that Google (and/or a third-party) performs the 'coupling' step."); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement claims where only recitation of the patent claim on an element-by-element basis and non-annotated screenshots for each claim limitation were pled).

Super Lighting's pleadings fall short of the direct infringement pleading standard.  For virtually every limitation of each exemplary claim of the patents-in-suit, Super Lighting pleads

only that each accused product meets the claim limitation, followed by an unannotated and unexplained photograph of the accused product.  ECF No. 1 ¶¶ 35-39, 47-49, 57-60, 68-70.  For example, the entirety of Super Lighting's pleading regarding elements [c], [d], and [e] of claim 29 of the '125 Patent are reproduced below:

36.     A power supply is disposed in at least one of the end caps, while an LED light strip is disposed inside the lamp tube, on an inner circumferential surface of the lamp tube.



37.     The LED light strip of the KT-LED7T8-24GC-840-DX2 comprises both a mounting region and a connecting region, both of which are electrically connected to the plurality of LED light sources and the power supply.  A plurality of LED light sources are mounted on the mounting region:



ECF No. 1 ¶¶ 36-37.

This pleading is meant to allege that the '125 Accused Product meets the claim limitations "[c] a power supply disposed in one or both of the end caps; [d] a light strip disposed inside the lamp tube, the light strip comprising a mounting region and a connecting region; [e] a plurality of LED light sources mounted on the mounting region and the connecting region being electrically connected to the plurality of LED light sources and the power supply."  ECF No. 1-1 ('125 Patent) at 101:63-102:11.  Comparing the pleading to the claim language shows that they are virtually identical with respect to the claim language, and fail to identify any component that meets any of the claim limitations, such as "power supply" "end caps" or "LED light strip," whether the "power supply" is "disposed in one or both of the end caps," and whether the LED light strip comprises both a "mounting region" and a "connecting region."  ECF No. 1 ¶¶ 36-37.

Super Lighting's pleadings are no different than those at issue in the *Gabriel de la Vega* case, where the plaintiff presented only the limitation of the claim and three screenshots of the accused products, without any further explanation.  *de la Vega*, Case No. 19-cv-00617-ADA, ECF No. 36 at 11-12.  This Court held that such pleadings do not state a claim to relief that is plausible on its face because they do not "identify [the claim limitations] in the context of the accused instrumentality and/or describe[] how each operates."  *Id*. at 12-13.  The Court should dismiss Super Lighting's direct infringement claims for the same reason.[2]

Similar deficiencies are present for virtually every limitation of each exemplary claim of

---

[2] Elliott is aware of this Court's previous decision in *Parity Networks, LLC, v. Cisco Systems, Inc.*, CIVIL NO. 6:19-CV-00207-ADA, ECF No. 23 (W.D. Tex. July 26, 2019) at 3.  In that case, the Complaint included both an in-depth technical analysis of the portions of the accused products accused of infringement, and at least some tying of that functionality of those products with the exemplary claim.  *Parity Networks, LLC, v. Cisco Systems, Inc.*, CIVIL NO. 6:19-CV-00207-ADA, ECF No. 14 ¶¶ 15-32, 37-38.  Here, the Complaint does not contain any explanation at all of the accused products beyond non-annotated photographs, like in this Court's *Gabriel de la Vega* opinion.  No. W-19-CV-00617-ADA, ECF No. 36 at 12.

the four patents-in-suit.  By way of example only, the conclusory pleading for one claim

limitation for each exemplary claim of the other three patents-in-suit is reproduced below.

**'078 Patent**

> 49.    For example, the 12.5W LED T8 DW 4000K (3000680) has end caps, at the ends
> of the tube.  The end caps have a lateral wall that is coaxial with the tube, and an end wall that is
> substantially perpendicular to an axial direction of the lateral wall.  The circuit board is disposed
> inside an end cap, and the heat dissipating element extends between the end wall and is disposed
> in the end cap opening.
>
> -13-
>
>
> 

ECF No. 1 ¶ 49.

Relevant claim language: "the first heat-dissipating element extends between the first

circuit board and the end wall of the first end cap, and further wherein a portion of the first heat-

dissipating element is mounted on the first circuit board and another portion of the heat

dissipating element is disposed in the opening of the end wall of the first end cap."  ECF No 1-2

('078 Patent) at 123:18-25.

Super Lighting's allegations regarding this claim limitation are especially sparse.  While the claim requires an "opening of the end wall of the first end cap," Super Lighting does not even include a photograph of the end of the light tube, let alone identify the relevant limitations in the accused product.  ECF No. 1 ¶ 49.[3]  The claim limitation further requires a "portion of the heat dissipating element is disposed in the opening of the end wall."  ECF No. 1 ¶ 49; ECF No 1-2 ('078 Patent) at 123:18-25.  Yet again, Super Lighting does not show or identify anything corresponding to this claim limitation.[4]

---

[3] The '003 patent, discussed below, has a similar limitation, "at least one opening penetrating through the end wall."  ECF No. 1 ¶ 68; ECF No. 1-4 ('003 Patent) at 120:14.  For that limitation of the '003 patent, Super Lighting at least includes a photograph of the end of the light tube (a product not accused of infringing the '125 Patent), reproduced below.  ECF No. 1 ¶ 68.



[4] It is doubtful that Super Lighting could amend its complaint to remedy this deficiency.  Much like the design of the '003 Accused Product shown in note 2, *supra,* the '125 Accused Product simply lacks the required "portion of the heat dissipating element [] disposed in the opening of the end wall of the first end cap," under even the most fanciful construction of this limitation.

**'540 Patent**

> 60.    For example, the L13T8BY5041K has a diffusion film that is disposed on the glass tube to diffuse light emitted from the LEDs.
>
> 

ECF No. 1 ¶ 60.  Relevant claim language: "a diffusion film disposed on the glass lamp tube so that light emitted from the LED light sources passing through the inner surface of the glass lamp tube and then passing through the diffusion film on the glass lamp tube [sic]."  ECF No. 1-3 ('540 Patent) at 18:42-46.  Here too, Super Lighting fails to identify any portions of this limitation including, at least, the diffusion film.

**'003 Patent**

> 69.    A power supply is disposed in at least one end cap, while an LED light strip is disposed in the tube.  The LED light strip contains a plurality of LED light sources electrically connected to the power supply via the LED light strip.
>
>  

ECF No. 1 ¶ 69.  Relevant claim language: "a power supply in one or both of the end caps." ECF No 1-4 ('003 Patent) at 120:18.  Super Lighting once again fails to identify the end cap, the power supply, and whether it alleges that the power supply is in any end cap, let alone "one or both."

Super Lighting's direct infringement pleadings amount to conclusory statements that the claim limitation is met, accompanied by non-annotated, unexplained photographs, which is insufficient under *Iqbal/ Twombly* to lay out a cause of action for direct infringement. *Chapterhouse*, 2018 WL 6981828, at *2 (dismissing complaint because the "Court disagrees with Plaintiff that the screenshots themselves constitute the requisite factual allegations. While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *De La Vega*, Case No. 19-cv-00612-ADA, ECF No. 36 at 12 (dismissing direct infringement claims in part because "Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that Google (and/or a third-party) performs the 'coupling' step.").  Therefore, Super Lighting's direct infringement claims should be dismissed.

### C.    Super Lighting's Claims for Inducing Infringement Should Be Dismissed

To state a claim for induced infringement, a plaintiff must allege facts showing that the defendant specifically **intended** a third party to infringe the plaintiff's patent and **knew** that the third party's acts constituted infringement.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent."  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).  Knowledge of infringement alone, however, is not enough.

"[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *Id.* at 1306.

### 1.    Super Lighting Lacks Standing for its Inducing Infringement Claim

Super Lighting's allegations of induced infringement are based wholly on speculation. Super Lighting does not plead that Elliott has engaged in past induced infringement, or that Elliott will or is reasonably likely to engage in future induced infringement.  Instead, Super Lighting's sole allegation is limited to speculation about future conduct; namely that "Elliott sells the [product] in this district and, ***to the extent that it continues to do so*** after being served with this Complaint…."  ECF No. 1 ¶¶ 33, 45, 55, 66.  Therefore, Super Lighting's inducing infringement allegations with respect to Elliott are nothing more than hypothetical in nature and should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). *Clapper*, 568 U.S. at 409; *c.f. ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) ("Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement.").

### 2.    Super Lighting Fails to Plead that Elliott Knew of the Asserted Patents

The Complaint also fails to plead that Elliott had knowledge of the patents-in-suit Indeed, the section of Super Lighting's complaint that discusses "Defendants' knowledge of the asserted patents" does not mention Elliott a single time.  ECF No. 1 ¶¶ 22-30. Super Lighting's only allegation regarding Elliott's induced infringement of the patents is apparently based on Elliott having some knowledge, after the filing of the Complaint, that the identified products infringe.  ECF No. 1 ¶¶ 33, 45, 55, 66 ("to the extent that [Elliott] continues to [infringe] after being served with this Complaint, [it] does so with the knowledge that the use of the [product]

15

infringes.").  Without any allegation of knowledge of the patents, Super Lighting's induced

infringement claims against Elliott must be dismissed.  *Commil USA, LLC v. Cisco Sys., Inc.*,

135 S. Ct. 1920, 1926,  (2015) ("liability for inducing infringement attaches only if the defendant

knew of the patent and that the induced acts constitute patent infringement") (internal quotation

marks omitted); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir.

1998) ("A crucial element of induced infringement is that the inducer must have actual or

constructive knowledge of the patent."); *Aguirre v. Powerchute Sports, LLC*, Case No. SA-10-

CV-0702-XR, ECF No. 40 at 8-9 (W.D. Tex., Jun. 17, 2011) ("Aguirre's claims for indirect

infringement fall short for the same reason: knowledge [of the patent] is still required and

Aguirre did not allege that Octagon acted with knowledge.").  Moreover, because Super

Lighting's inducing infringement allegations are based solely on post-Complaint conduct, its

induced infringement allegation is insufficient as a matter of law and should be dismissed.  *Bush*

*Seismic Techs. LLC v. Am. Gem Soc'y*, Case No. 2:14-cv-1809-JRG, 2016 WL 9115381, at *3

(E.D. Tex., Apr. 13, 2016) ("Since Bush's willfulness and induced infringement claims, which

were included in the original complaint, are grounded exclusively in Global's post-filing

conduct, these claims must be dismissed.").

### 3.  Super Lighting Fails to Sufficiently Plead that Elliott Intended to Induce Infringement

The Complaint does not contain any factual support that Elliott intends to induce

infringement of its customers or any other third party.  *See* ECF No. 1 ¶¶ 33, 45, 55, 66.  Super

Lighting's only allegation regarding Elliott's intent is where it pleads that any future induced

infringement would be "with the intent for its customers to use the [product] in an infringing

manner."  *Id*.  Such a pleading is insufficient as it "did not include facts that would allow a court

to reasonably infer that [Elliott] had the specific intent to induce infringement."  *Addiction and*

16

*Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed.Appx.934, 938 (Fed. Cir. 2015); *see also Tierra Intellectual Borinquen, Inc. v. ASUS Computer Intl., Inc.*, 2:13-CV-38-JRG, 2014 WL 894805, at *5 (E.D. Tex. Mar. 4, 2014) ("The cases cited above establish unambiguously that OfficeMax would not be liable if it merely knew that the ASUS TF700 were capable of infringing TIB's patents and sold the product anyway.").

Indeed, the allegations in *Carpenter* were more expansive, albeit still conclusory, stating that defendants "acted with specific intent to urge, instruct, encourage" infringement by "causing, urging, aiding, or instructing others to perform one or more methods of the '411 patent, and acts which infringe one or more claims of the '411 patent" and that Defendants acted "with specific intent to induce third parties to infringe the '411 patent." *Id.* at 935-936.  The Federal Circuit characterized such allegations as "simply recit[ing] the legal conclusion that Defendants acted with specific intent."  *Id.* at 938; *see also Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) ("In other words, generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim.); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) ("USEI's allegations that Yamaha "supplies" infringing systems and components and provides "instructions" to its customers who allegedly infringe do not create a reasonable inference of inducement.").  Here, Super Lighting's Complaint does not even address the legal standard for intent, it simply pleads intent with no elaboration whatsoever.  ECF No. 1 ¶¶ 33, 45, 55, 66.  Accordingly, Super Lighting's inducing infringement claims should be dismissed.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Elliott respectfully requests that the Court dismiss the Complaint

with respect to Elliott in its entirety.

Dated: February 24, 2020

/s/ Kevin Kudlac
Kevin Kudlac
Texas State Bar No. 00790089
Jennifer Tatum Lee
Texas State Bar No. 24046950
Cabrach J. Connor
Texas State Bar No. 24036390
**CONNOR KUDLAC LEE, PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone: 512-777-1254
Facsimile: 512-656-5743
kevin@connorkudlaclee.com
jennifer@connorkudlaclee.com
cab@connorkudlaclee.com

David C. Radulescu, Ph.D.
(*pro hac vice pending*)
Etai Lahav
(*pro hac vice pending*)
**RADULESCU LLP**
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: 646-502-5950
Facsimile: 646-502-5959
david@radip.com
etai@radip.com

*Counsel for Defendant*
*Elliott Electric Supply Inc.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered

electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record

on this 24th day of February 2020.

/s/ Kevin Kudlac
Kevin Kudlac