**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE, CO., LTD., OBERT, INC., <br> *Plaintiffs* <br><br> -v- <br><br> CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY, INC., SHAOXING RUISING LIGHTING CO., LTD., <br> *Defendants* | §§§§§§§§§§§§§ | W-20-CV-00018-ADA |

## ORDER REGARDING SERVICE-RELATED DISCOVERY

Came on for consideration this date are the discovery issues raised by the Parties in the above styled case. The parties dispute over whether Plaintiff should be permitted to obtain certain discovery concerning the relationship between the Defendant Elliott Electric Supply, Inc., ("Elliot") which has been served, and the two other Chinese Defendants, which have not. Plaintiff's request for limited discovery includes discovery into the source of funds for the lawyers who are representing Elliott.

The Court orders the following:

First, the Court **DENIES** Plaintiffs the right to propound interrogatories at this time.

Second, the Court **ORDERS** Defendant Elliott to collect all documents, including but not limited to, contracts, emails, and texts that would be responsive to the requests for production that Plaintiff sent to Elliott. To the extent that the documents are correspondence only between Elliott and the law firms that have appeared on its behalf in this court, and that no third party has seen, including but not limited to the other Defendants in this litigation, Elliott need not produce those

documents to the Plaintiffs but is ordered to preserve those documents. No privilege log need be created.

To the extent that there is any correspondence including mail, texting, and email, directly between Elliott and either of the Chinese Defendants where no legal counsel is copied, this correspondence must be produced to the counsel for Plaintiffs.

To the extent that there is any correspondence, including but not limited to mail, texting, and email, between Elliott and either of the two Chinese Defendants where counsel is the author or a recipient and Elliot or either of the two Chinese Defendants takes the position that the correspondence is privileged, these must be identified on a privilege log, and the log must be provided to the counsel for Plaintiffs.  Copies of the correspondence must be produced to the Court for an *in camera* review.

To the extent that there is any correspondence, including but not limited to mail, texting, and email, between Elliott and either of the two Chinese Defendants where counsel is the author or a recipient and Elliot or either of the two Chinese Defendants takes the position that the correspondence is not privileged, these must be produced to the counsel for Plaintiffs.

The Court **ORDERS** the Parties to meet and confer within 48 hours of the entry of this Order to determine a date by which the Defendants can comply with this Order. If the Parties cannot resolve this by agreement, then either Party may contact the Court and the Court will set a telephonic hearing to resolve any dispute.

Finally, the Court **GRANTS** Plaintiff leave to send Elliott a notice to take a Rule 30(b)(6) deposition on up to five topics.  Elliott must affirmatively represent to the counsel for Plaintiff whether or not there is a corporate representative who has information that would be responsive to each of the topics.  If Elliott does not have any corporate knowledge with respect to any one or

more of the five topics, it must affirmatively represent that to counsel for Plaintiff with respect to each individual topic. If Elliott does have information that would be responsive to one or more of the topics, then it must proffer a corporate representative on each of those topics. Counsel for Plaintiff is entitled to ask the corporate witness to answer questions with the qualification that the witness does not have to disclose any information that it learned exclusively from attorney-client communications. Counsel for the Plaintiff may inquire as to who was involved in the communication to determine if in fact the attorney client privilege exists and if Elliot is maintaining that the privilege exists even if the source of the information was from one of the Chinese Defendants.

Other than as provided immediately above, if the corporate witness makes an affirmative representation to any question that the corporation does not have any information that is responsive and/or that is not protected by the attorney client communication then Counsel for Plaintiff is instructed to proceed to a different question.

The deposition will last no longer than four hours and may be taken by video.

**SIGNED** and **ENTERED** this 27th day of April 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE