IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | § § § § | |
| | § | **Case No. 6:20-cv-00018-ADA** |
| Plaintiff/Counter-Defendants, | § § | |
| | § | **[FILED UNDER SEAL]** |
| v. | § § | |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., | § § § § § | |
| Defendants/Counter-Plaintiffs. | | |

**DEFENDANTS' MOTION TO STRIKE FINAL INFRINGEMENT CONTENTIONS**

**REDACTED - PUBLIC VERSION**

**TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   LEGAL FRAMEWORK ................................................................................................... 4

III.  ARGUMENT ..................................................................................................................... 5

      A.    Plaintiffs' Year-Long Delay in Adding Third-Party Products is Inexcusable ........ 5

      B.    Plaintiffs' Infringement Contentions as to the GE and ESL Products are
           Unduly Prejudicial to Defendants ........................................................................... 6

      C.    Striking the Infringement Contentions as to the GE and ESL Products is Not
           Fatal to Plaintiffs' Case ............................................................................................ 9

      D.    No Continuance is Necessary .................................................................................. 9

IV.  CONCLUSION .................................................................................................................. 9

Defendants CH Lighting Technology Co., Ltd., Shaoxing Ruising Lighting Co., Ltd., and Elliott Electric Supply Inc. request that the Court strike the Final Infringement Contentions ("FICs") served by Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc. against LED tubes sold by third parties ESL and GE. Plaintiffs did not accuse these tubes in their preliminary infringement contentions ("PICs") of infringement, never supplemented those PICs to include them, and provided no notice to Defendants that these third-party tubes were ever part of this case until the day final contentions were due.

Until February 2021, Plaintiffs have litigated this case solely against products manufactured by CH. The Original Complaint identified four accused products all made by CH, and when Plaintiffs amended the complaint by adding four asserted patents, they did not change or amend the accused products that were identified. The PICs served in March 2020 once again only accused CH-made products of infringement. In an April 23, 2020 letter to the Court, Plaintiffs' counsel confirmed that CH was the manufacturer of the accused products they were going after. In their October 29, 2020 Initial Disclosures, Plaintiffs gave no indication that information relating to other manufacturers may be relevant. However, on February 9, 2021, the day the FICs were due, Plaintiffs substantially expanded the scope of this case by asserting, for the first time, that numerous products sold by ESL and GE, not manufactured by CH, infringe seven of the eight asserted patents. Plaintiffs' amendment is not based on any new information learned through discovery, but solely on their reverse engineering of products their counsel purchased from Elliott. Notably, those products have been on sale since at least ███████ ███ before the filing of the Original Complaint. Plaintiffs could have included them in the Original Complaint, the Amended Complaint, or the Preliminary Infringement Contentions, but chose not to do so. Plaintiffs' inexcusable year-long delay in adding the ESL and GE products to

1

the case has unduly prejudiced Defendants' ability to defend themselves, because Defendants have yet to receive, among other things, the requisite technical information and documentation regarding the structure, function, operation, design and development of these non-CH products. The prejudice is further compounded by Plaintiffs' advancement of new theories of infringement specific to the GE and ESL products.

## I.     FACTUAL BACKGROUND

Plaintiffs initiated this Action against CH and Elliott on January 10, 2020, accusing them of infringing four U.S. patents (U.S. Patent Nos. 10,295,125, 10,342,078, 10,352,540, and 10,426,003). D.I. No. 1 ("Original Complaint"). Only four accused products were identified in the Original Complaint: the Keystone-branded KT-LED7T8-24GC-840-DX2, the Ushio-branded 12.5W LED T8 UNIV 5000K 48" (3000705) and 12.5W LED T8 DW 4000K (3000680), and the TCP-branded L13T8BY5041K. *Id.* ¶¶ 33, 45, 55, 66. All four products are manufactured by CH and sold to CH's direct customers (Keystone, TCP, and Ushio). Elliott is a family-owned redistributor of electronic products based in Texas and has no direct supply relationship with CH, but instead purchases certain lighting products from suppliers like Keystone, TCP, and Ushio for resale. Out of the four products accused in the Original Complaint, Elliott only sells the Keystone-branded KT-LED7T8-24GC-840-DX2 product in its regular course of business. D.I. No. 36 ¶¶ 284, 289, 295. The other three originally-accused products were obtained by Plaintiffs' agents, including relatives of litigation counsel, placing "special" orders from Elliott between November 2019 to January 2020. *Id.*; Flores Decl. ¶¶ 4-5.

Plaintiffs amended their complaint on March 16, 2020, asserting four additional patents (U.S. Patent No. 9,939,140, 10,378,700, 10,448,479, and 10,560,989). D.I. No. 21 ("Amended Complaint"). Despite this expansion in terms of number of patents, the scope of the accused

products stayed the same, i.e., consisting of the four CH-manufactured products respectively supplied by CH to Keystone, Ushio, and TCP. *Id.* ¶¶ 38, 51, 62, 74.

On March 19, 2020, Plaintiffs served PICs, including claim charts for the eight asserted patents against the same four accused CH-made products. The PICs' cover document identified various additional products beyond the four charted products, including additional products manufactured by CH that are supplied to Keystone, Ushio, and TCP, as well as certain products identified using CH's internal series numbers. Ex. 44 at 3. Nevertheless, even under the expanded scope, all products identified in the PICs are manufactured by CH.

In a letter dated April 23, 2020, Plaintiffs' counsel confirmed that the targets of this Action were products manufactured by CH. D.I. No. 34 at 1 ("…the two foreign defendants in this lawsuit, **who manufacture the products accused of infringement (CH Lighting and its affiliate Ruising)**") (emphasis added). On October 29, 2020, Plaintiffs served Initial Disclosures which identified, among other things, various third parties that Plaintiffs believed to have discoverable information regarding the parties' claims in this Action. Ex. 45 at 3-6. Conspicuous by its absence from Plaintiffs' Initial Disclosures is any indication that GE, ESL, or any of GE's or ESL's employees would have discoverable information relevant to this case. *Id.* This, too, indicated that this Action involves accused products made by CH only.

On February 9, 2021, Plaintiffs served FICs, which widely expanded the scope of accused products by alleging, **for the first time in this case**, that numerous products not manufactured by CH infringe. Specifically, the FICs added numerous MaxLite-branded products, a very small subset of which are not manufactured by CH, as well as products sold by

GE and ESL, none of which are manufactured by CH.[1] According to Elliott's sales record, Plaintiffs' counsel waited to purchase sample ESL and GE products from Elliott until November 2020. Flores Decl. ¶ 6. Evidence cited in the FICs against the GE and ESL products is based solely on Plaintiffs' reverse engineering of the products their counsel obtained, and not on any technical discovery produced by Defendants in this case. *See generally e.g.*, Exs. 4, 5, 8, 9, 17, 18.[2] Although newly added, Elliott has been selling these third-party products long before the filing of the Original Complaint, in fact, as early as ▇▇▇▇▇▇▇ Flores Decl. ¶¶ 7-8.

On April 1, 2021, Defendants notified Plaintiffs of this forthcoming Motion. The parties met and conferred on April 6, and Plaintiffs expressed opposition to this Motion.

## II.   LEGAL FRAMEWORK

The Court's Order Governing Proceedings provides that plaintiffs may amend infringement contentions without leave, until the deadline of FICs, if "counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues" D.I. No. 19 n.4.

Generally, in deciding whether to strike infringement contentions, courts consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-CV-

---

[1] For clarity, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ CH was not the manufacturer of the GE products identified in the FICs.
[2] Indeed, neither CH nor Elliott has the relevant technical information regarding products not made by CH, as explained further below.

4

371, 2016 WL 1244974, at *1 (E.D. Tex. Mar. 30, 2016) (citations omitted). None of the factors weigh in Plaintiffs' favor.

### III.    ARGUMENT

#### A.    Plaintiffs' Year-Long Delay in Adding Third-Party Products is Inexcusable

No legitimate excuse exists for Super Lighting's belated expansion of the scope of the case by adding the newly accused products more than one year into this case. None of the Original Complaint, Amended Complaint, or the PICs included any product not manufactured by CH. Meanwhile, Elliott has been selling the newly-accused ESL products since at least ▓▓▓ and the newly-accused GE products since ▓▓▓▓▓▓ well before the filing of the Original Complaint. Flores Decl. ¶¶ 7-8.

Plaintiffs have no excuse for their delay. The late and sudden addition of the third-party products was not prompted by any new information from Defendants that would justify an amendment without leave under the Order Governing Proceedings. Indeed, the GE and ESL products are manufactured by third parties, and Defendants have no technical or development information regarding those products to produce in discovery. The only information relied upon in the FICs regarding the GE and ESL products was from Plaintiffs' own reverse-engineering of the products their counsel purchased from Elliott in late 2020. *Id.* ¶ 6. Plaintiffs could have purchased the GE and ESL products in ▓▓▓▓▓▓ and finished their reverse engineering long before filing the Original Complaint. *Id.* ¶¶ 7-8. Yet, when Super Lighting's agents and litigation counsel purchased the accused CH-manufactured products in 2019 from Elliott, they completely ignored the GE and ESL products. *Id.* ¶¶ 4-6. Plaintiffs not only failed to include the GE and ESL products in the Original Complaint, but again failed to do so when amending the complaint in March 2020. Plaintiffs' utter neglect of the GE and ESL products continued through the service of PICs. Ex. 44. Their April 23, 2020 letter to the Court confirmed that four months into

5

the case, they were only targeting products manufactured by CH. D.I. No. 34 at 1. This is again confirmed six months later by Plaintiffs' Initial Disclosures, which did not identify GE or ESL as potentially having any discoverable information. Ex. 45. Plaintiffs' counsel waited until November 2020 to purchase the GE and ESL products from Elliott, and thereafter waited until the deadline of Final Infringement Contentions to inform Defendants that those products are being accused of infringement in this case, more than a year after the filing of the Original Complaint. Plaintiffs have no excuse for the repeated and extensive delay.

### B. Plaintiffs' Infringement Contentions as to the GE and ESL Products are Unduly Prejudicial to Defendants

Plaintiffs' late expansion of the case is unduly prejudicial to Defendants as they lack the necessary information regarding the ESL and GE products that would allow them to efficiently defend themselves. Elliott is a redistributor of electronic products and does not have technical information regarding the ESL and GE products beyond basic product specifications from the publicly available product datasheets. Flores Decl. ¶ 2. CH does not have the necessary design or manufacturing information regarding products it does not manufacture. As result of Plaintiffs' late expansion, Defendants are forced to develop non-infringement defenses from scratch in a three-month window before expert discovery opens. Had Plaintiffs added the GE and ESL products to the case earlier, Defendants may have had enough time to obtain the necessary design information from the relevant third parties.

Defendants have not been able to acquire the necessary design information from the relevant third parties. Plaintiffs served subpoena on GE and ESL in March 2021, a month after adding the GE and ESL products in the FICs, but neither third party has produced anything in response, likely due to the impermissibly broad scope of discovery sought by the subpoenas. Ex. 46. ESL has filed a Motion to Quash Subpoenas in the District of Utah. Ex. 47 (*Jiaxing Super*

6

*Lighting Elec. Appliance Co., Ltd. v. CH Lighting Technology Co. Ltd.*, 2:21-mc-00195 (D. Utah), D.I. No. 2). To Defendants' knowledge, neither third party has produced any documents in this case. To the extent Plaintiffs have had discussions with either ESL or GE regarding the subpoenas, Defendants were excluded from those discussions. Additionally, it is possible that ESL and GE, similar to Keystone, Ushio, and TCP, are mere resellers of LED tube products manufactured by other companies and therefore do not possess the necessary design information themselves. Further, many accused functionalities are related to the design of integrated circuits (IC) in the accused products, which are typically made by specialized chip manufacturers. Obtaining technical information regarding the ICs would require going to additional third parties beyond the LED tube manufacturers. Plaintiffs' late addition of the ESL and GE products has precluded Defendants from having sufficient time to even evaluate from which third parties to request relevant technical information.

With about two months left in fact discovery, the only information regarding the ESL and GE products available to Defendants' is from Plaintiffs' alleged reverse engineering as shown in the FICs. But the FICs are insufficient to allow Defendants to develop proper defenses for several reasons. **First**, the circuit schematics shown in the FICs are fuzzy and illegible. For example, in the claim chart for the '140 patent against the ESL product, Plaintiffs purported to show the internal schematics of an IC, but no label on any component in the schematic is legible even when the image is enlarged. *See e.g.*, Ex. 4 at 6. Nor do the FICs provide any identifiable information of the IC, including the model number or the manufacturer. Defendants are thus unable to locate any useable technical information regarding this leakage current IC. Therefore, Defendants' only option is to invest in the costly and time-consuming process of reverse engineering each relevant component in all 14 accused GE and ESL products in order to develop

non-infringement defenses. If the reverse engineering of one allegedly representative GE product and one allegedly representative ESL product took Plaintiffs three months (from November 2020 when the tubes were purchased to February 2021 when the FICs were served), Defendants would not be able to complete reverse engineering of all 14 accused ESL and GE products by trial if Defendants are to proceed at the same speed.

*Second*, the undue prejudice to Defendants may have lessened if Plaintiffs simply applied existing infringement theories for the CH-manufactured products from the PICs to the ESL and GE products. That is not the case. Instead, Plaintiffs have advanced new infringement theories with respect to the newly-added third-party products. As discussed before, many of Plaintiffs' infringement allegations center on the design and operation of an IC in the accused LED tube lamp. According to the FICs, the ESL and GE products use different ICs that are connected via different surrounding circuitry than in the CH-manufactured products. Specifically, the accused CH-manufactured products use an 8-pin IC with prefix "DIO," while the ESL product uses an unidentifiable 5-pin IC and the GE product uses a 7-pin IC with prefix "LT." *Compare* Ex. 2 at 3 & Fig. 1 *with* Ex. 4 at 3 & Fig. 1 *and* Ex. 5 at 2 & Fig. 1. The different prefixes indicate that these ICs were all made by different manufacturers, and Plaintiffs have identified no basis to allege that they are substantially identical for purposes of the alleged infringement. It is, in fact, apparent from Plaintiffs' purported test results that the CH-manufactured products and the third-party products operate distinctly and produce vastly different shapes of waveforms. *See* Appx. A (comparison of Ex. 2, Figs. 8, 10 with Ex. 5, Figs. 9, 11). The waveforms are important to (and heavily relied upon by) Plaintiffs' infringement allegations, as they are the only cited evidence in addition to illegible circuit schematics in demonstrating the accused products' purported circuit operations with respect to the asserted patents. Accordingly, Defendants' burden in defending

against Plaintiffs' infringement allegations against an ever-expanding list of accused products is compounded by Plaintiffs' advancement of new infringement theories stemming from the inclusion of third-party products.

***Third***, as explained in detail in Defendants' Proposed Amended Answer and Counterclaims, Plaintiffs' FICs are rife with misrepresentations regarding the testing of the accused CH products, casting doubt on the accuracy of the information presented for the GE and ESL products as well. *See* D.I. No. 72, Ex. A ¶¶ 370-394.

For these reasons, Plaintiffs' reverse engineering of the ESL and GE products, which is to date the only technical information available to Defendants regarding those products, is far insufficient to allow Defendants to fully, meaningfully, and efficiently develop non-infringement defenses. The undue prejudice to Defendants is substantial.

### C. Striking the Infringement Contentions as to the GE and ESL Products is Not Fatal to Plaintiffs' Case

As shown by the Original Complaint, Amended Complaint, Plaintiffs' April 23, 2020 letter, and Plaintiffs' Initial Disclosures, this case centers around Plaintiffs' infringement allegations against products made by CH. The only effect of granting this Motion is to prevent Plaintiffs from belatedly adding third-party products that were mere afterthoughts.

### D. No Continuance is Necessary

Plaintiffs will not be prejudiced by the granting of this Motion, and no continuance is necessary. To the contrary, the granting of this Motion will streamline discovery by eliminating outstanding third-party discovery issues with respect to GE and ESL.

### IV. CONCLUSION

Defendants respectfully request that the Court strike Plaintiffs' Final Infringement Contentions against all GE and ESL products.

Dated: April 16, 2021                                   Respectfully submitted,

*/s/ David C. Radulescu*
David C. Radulescu, Ph.D. (admitted *pro hac vice*)
Etai Lahav (admitted *pro hac vice*)
Jonathan Auerbach (admitted *pro hac vice*)
Michael Sadowitz (admitted *pro hac vice*)
Chunmeng Yang (admitted *pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: 646-502-5950
Facsimile: 646-502-5959
david@radip.com
etai@radip.com
jonathan@radip.com
mike@radip.com
chunmeng@radip.com

Kevin Kudlac
Texas State Bar No. 00790089
Jennifer Tatum Lee
Texas State Bar No. 24046950
Cabrach J. Connor
Texas State Bar No. 24036390
**CONNOR KUDLAC LEE, PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone: 512-777-1254
Facsimile: 512-656-5743
kevin@connorkudlaclee.com
jennifer@connorkudlaclee.com
cab@connorkudlaclee.com

*Counsel for Defendants*

**Appendix A:**
**Comparison of Final Infringement Contentions for CH-Manufactured Products and GE Products**



## CERTIFICATE OF CONFERENCE

I hereby certify that in accordance with Local Rule CV-7(i), I discussed this forthcoming motion with Plaintiffs' lead counsel in a meet and confer on April 6, 2021. Plaintiffs' lead counsel confirmed that Plaintiffs oppose this motion.

>  */s/ Jonathan Auerbach*
>  Jonathan Auerbach

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record on this 16th day of April 2021.

>  */s/ David C. Radulescu*
>  David C. Radulescu, Ph.D.