# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., § § § | |
| § | **Case No. 6:20-cv-00018-ADA** |
| Plaintiff/Counter-Defendants, § | |
| § | **HIGHLY CONFIDENTIAL –** |
| v. § | **ATTORNEYS' EYES ONLY** |
| § | |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., § § § § § | |
| Defendants/Counter-Plaintiffs. | |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND
## FINAL INVALIDITY CONTENTIONS

**REDACTED - PUBLIC VERSION**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ................................................................................................ 2

II. LEGAL FRAMEWORK ....................................................................................................... 5

III. ARGUMENT ......................................................................................................................... 6

    A. Defendants Diligently Moved to Amend After Plaintiffs' Belated Disclosures ................................................................................................................ 6

    B. Defendants' Amendments are Important to Resolve the Parties' Disputes ............. 9

    C. Plaintiffs Cannot Claim Prejudice Over Invalidity Grounds of Which They Were Aware ................................................................................................................ 9

    D. A Continuance is Available But Unnecessary ........................................................ 10

IV. CONCLUSION .................................................................................................................... 10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Coopervision, Inc. v. CIBA Vision Corp.*,
  480 F.Supp.2d 884 (E.D. Tex. 2007) ...................................................................................... 8

*InfoGation Corp. v. ZTE Corporation*,
  No.16-cv-01901-H-JLB, 2017 WL 11420583 (S.D. Cal. June 7, 2017) .................................... 8

*Motio, Inc. v. Avnet, Inc.*,
  No. 4:12-CV-647, 2015 WL 5952530 (E.D. Tex. Oct. 13, 2015) ........................................ 9, 10

*MV3 Partners LLC v. Roku, Inc.*,
  No. 6:18-CV-00308-ADA (W.D. Tex. Mar. 23, 2020), ECF 146 ............................................. 5

*S&W Enters., LLC. v. SouthTrust Bank of Alabama, NA*,
  315 F.3d 533 (5th Cir. 2003) ..................................................................................................... 6

*Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*,
  No. 2:07-CV-262 (TJW), 2010 WL 7853420 (E.D. Tex. Apr. 1, 2010) .................................. 10

*Uniloc 2017 LLC v. Google LLC*,
  No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318 (E.D. Tex. Dec. 2, 2019) .......................... 9

**Statutes**

35 USC § 101 ................................................................................................................................ 4, 9

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ............................................................................................................... 5, 6

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

The present suit is the fruit of Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc.'s (collectively "Super Lighting") multi-year campaign to reverse-engineer competitors' products, fraudulently patent competitors' technology, and then assert the ill-gotten patents against other lighting companies including competitors and customers. Defendants CH Lighting Technology Co., Ltd., Shaoxing Ruising Lighting Co., Ltd. (collectively, "CH"), and Elliott Electric Supply Inc. ("Elliott") have, through enormous effort and diligence, identified substantial direct evidence of Plaintiffs' illegitimate activities, including: (A) invalidating prior art copied by Plaintiffs and incorporated in their patent applications; and (B) documents showing that Plaintiffs were not the actual inventors of the subject matter claimed in their asserted patents. Defendants respectfully request leave to amend their Final Invalidity Contentions to assert invalidity grounds revealed by these documents and to address new priority claims first presented by Plaintiffs ten months too late.

Extensive review of Plaintiffs' untimely (and still ongoing) production of over one hundred and forty thousand pages of mostly Chinese-language documents and untimely priority and invention-related disclosures has revealed Plaintiffs' pattern of patenting other companies' prior art technology as their own inventions, while concealing the true sources of the technology from the U.S. Patent Office. After Defendants' diligent analysis, Defendants promptly informed Plaintiffs that Defendants will update their invalidity contentions to: (A) demonstrate how the newly disclosed prior art invalidates the claims of certain asserted patents; (B) present invalidity positions in response to Plaintiffs' late and unsupported claims of earlier priority; and (C) challenge the asserted patents as invalid for failing to name the true inventors – the parties who created the prior art from which the asserted patents were derived.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

The deadline for Final Invalidity Contentions was February 9, 2021. However, the close of fact discovery is still two months away. No depositions have been taken in the case, and document production is ongoing. Defendants respectfully request that the Court grant Defendants leave to serve supplemental invalidity contentions attached as Ex. 1.[1]

## I.  FACTUAL BACKGROUND

Plaintiffs initiated this Action against Elliott and CH on January 10, 2020 by asserting four patents and then amended their complaint on March 16, 2020 to add four more patents. Dkt. No. 21. Plaintiffs served Preliminary Infringement Contentions ("PICs") on March 19, 2020 and produced only the file wrappers for the asserted patents and some related patent applications (Ex. A). On June 25, 2020 Defendants served their Preliminary Invalidity Contentions (Ex. B). After discovery opened, Defendants served discovery requests relating to prior art and the conception and reduction to practice of Plaintiffs' purported inventions. (Ex. C at 8; Ex. D at 9). Notwithstanding both Defendants' discovery requests and the Order Governing Proceedings, Plaintiffs withheld relevant documents and information. On February 9, 2021 Defendants served their Final Invalidity Contentions, based on the information available at the time (Ex. E). Defendants recognized that additional information known only to Plaintiffs could impact their invalidity positions. Accordingly, Defendants put Plaintiffs on notice that they "reserve[d] the right to further supplement or amend their invalidity contentions as they obtain and have the

---

[1] The proposed Amended Final Invalidity Contentions include: a new Cover Pleading, **new** Exhibits A-16 (Lumixess), B-6 (Howard), B-7 (Panasonic), B-8 (Cree), B-9 (Philips), C-7 (Guang), C-8 (Howard), D-6 (Keystone), D-7 (CH1148/Maxlite/Espen), D-8 (Panasonic), D-9 (Howard), E-7 (Sunpark), F-8 (Howard), G-12 (Philips), H-7 (Philips), H-8 (Sunpark), H-9 (Howard) and **Supplemental** Exhibits A-14 (Pulse Generator), A-15 (Detection Determining), E-1 (Duan), E-2 (Miyamichi I), E-3 (Miyamichi II), E-4 (Hsia I), E-5 (Hsia II), and E-6 (Davenport), G-11 (Sunpark) and I (Rectifying Circuit References) (Exs. 1-28).

opportunity to assess and analyze any new information relevant to invalidity in the course of the remaining discovery." (Ex. E at 2). Particularly, Defendants understood that any new priority claims asserted by Plaintiffs in their Final Infringement Contentions ("FICs") (and any associated documents) could require revision of Defendants' invalidity positions. *Id.*

Defendants were particularly careful to provide Plaintiffs this notice because on December 24, 2020, Plaintiffs had begun rolling production of their own technical documents, including conception and reduction-to-practice documents **that should have been produced in March 2020**. Plaintiffs' December 24, 2020 production included over 140,000 pages of documents, most of which are written in Chinese. (Dkt. No. 77-2). Over the following months Plaintiffs continued to produce thousands of pages of additional documents related to their purported conception and reduction to practice of the asserted patents. For example, on March 8, 2021, Plaintiffs produced a notebook allegedly belonging to Aiming Xiong, a named inventor on four of the asserted patents. (Ex. G). Plaintiffs have represented that their production of conception and reduction to practice documents, and file histories for priority applications is *still ongoing*. (Ex. J).

On February 9, 2021, Plaintiffs served Final Infringement Contentions alleging new and earlier invention dates and priority claims for five of the eight asserted patents (Ex. F). In many instances, Plaintiffs' identification of new priority applications included completely different named inventors from those named in Plaintiffs' original priority applications. In at least three patents, Plaintiffs now assert priority to applications dated approximately 16 to 20 months earlier than they previously contended. These new assertions substantially changed Plaintiffs' priority claims. For the first time, Plaintiffs identified certain documents in their extensive Chinese-

language production as being relevant to their initial design and development efforts for the asserted patents. (Ex. F at 10).

These new priority assertions required extensive analysis by Defendants. After weeks of sorting through tens of thousands of pages of documents and translating and analyzing production of highly technical Chinese-language documents, Defendants pieced together evidence showing that Super Lighting had a practice of reverse engineering other companies' prior art LED tube products and presenting those designs as its own inventions in patent applications. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Plaintiffs' untimely disclosures and productions have forced Defendants to seek leave to supplement their invalidity contentions for at least four reasons. **First**, these documents revealed new prior art grounds, known to Plaintiffs through its own product development, but only recently disclosed to Defendants.[2]

**Second**, this prior art proves that the named inventors did not invent much of the claimed subject matter, but instead copied it from competitors and business partners, rendering the claims invalid under 35 USC § 101. As described in detail in Counts 9-17 of the Amended Answer to the Complaint, Defendants seek leave to add defenses based on Plaintiffs' copying-and-patenting

---

[2]  *See generally,* Dkt. No. 72-2, Ex. A, Defendants' Amended Answer; Dkt. No. 77-2.

practice. *See* Dkt. No. 72-2, Ex. A, Defendants' Amended Answer to First Amended Complaint and Counterclaim at Counts 9-17].

**Third**, Plaintiffs last-minute priority claims required identification of additional prior art that pre-dates those newly asserted priority claims. For example, for claim 1 of U.S. Patent 10,295,125 (the "'125 patent") Plaintiffs switched their priority date from June 26, 2015 to September 28, 2014 (i.e., nine months earlier), which if supported, antedates all five of Defendants' prior art references for that claim. Accordingly, Defendants have supplemented their contentions to rely on prior art commercial tubes from Cree, Philips and Howard, which were previously not relied upon for some patents because Defendants had numerous other prior art.

**Fourth**, as there is expected to be a limitation on the total number of prior art combinations that Defendants will be allowed to take to trial, Plaintiffs' changing priority dates changed the potential universe of available prior art. Thus, even for the few patents for which Plaintiffs' priority claims did not change, Defendants were prejudiced because they were not afforded an opportunity to select common prior art that can be applied to those patents as well as the patents with changed priority claims. Accordingly, even for the patents where Plaintiffs' priority claims did not change, Defendants have supplemented their contentions to rely on prior art that can both be applied to those patents and the patents with new priority claims.

On March 5, 2021, Defendants notified Plaintiffs that Defendants sought to amend their answer and counterclaims adding these invalidity defenses as well as formally amend their invalidity contentions. (Ex. I).

**II.    LEGAL FRAMEWORK**

A party may amend its contentions if good cause exists and the Court consents. See Fed. R. Civ. P. 16(b)(4); *see MV3 Partners LLC v. Roku, Inc*., No. 6:18-CV-00308-ADA (W.D. Tex.

5

Mar. 23, 2020), ECF 146.  In the Fifth Circuit, district courts use a four factor test to determine whether there is good cause to modify the scheduling order under Fed. R. Civ. P. 16(b)(4). *See S&W Enters., LLC. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (reciting the good-cause factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice").

### III.    ARGUMENT

#### A.    Defendants Diligently Moved to Amend After Plaintiffs' Belated Disclosures

The prior art and invalidity positions Defendants raise by their proposed amendment were investigated and assembled as a result of Plaintiffs' late productions and amended priority claims.  Although Plaintiffs served Preliminary Infringement Contentions in March 2020, they waited until December to begin producing core conception and reduction-to-practice documents. Plaintiffs continued these productions through early March.  It was with these belated productions and their subsequent identification of documents with their February 9, 2021 Final Infringement Contentions, that Plaintiffs disclosed the additional prior art Defendants seek to add – namely, the prior art tubes that Plaintiffs reverse engineered, copied, and patented.

Plaintiffs' ongoing rolling productions included over 140,000 pages of documents. Defendants' review and analysis of Plaintiffs' productions is particularly time consuming because the documents are technical in nature and almost all in Chinese. At the outset, in order to narrow the voluminous productions to what is actually relevant, the keyword searching and initial review must be performed in both Chinese and English. Then, the Chinese documents identified as potentially relevant must be translated by someone with not only knowledge of the language but also a firm grasp of the technology due to the numerous technical terms and the technical nature of the documents, in order for them to be adequately analyzed by counsel.  Once

the relevant documents were identified, the subsequent analysis was itself extensive, as the prior art needed to be compared against each of the eight asserted patents in order to determine their relevance and to develop the required invalidity disclosures.

As an example of the diligent and time-consuming analysis, Defendants identified and connected three documents that Plaintiffs produced on December 24, 2020 that concern the subject matter of the asserted '479 patent. ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███ *See,* Ex. K Dkt. No. 72-2, Ex. A, Amended Pleading at ¶249 (comparing Fig. 22I of the '479 patent and ███████████████████████████████). Defendants seek to amend their invalidity contentions to allege that the '479 patent as invalid for failing to list the true inventors – ███████████████████████████████ ███████.

A document located in Plaintiffs' document production demonstrates Super Lighting's ███████████████████████████████████████ ███████████████████████. ███████████████████████

7

███████████████████████████████████████████████████

███████████████████████████████████████████ The ████ product anticipates or renders obvious the claims of at least two of the asserted patents and demonstrates that the named inventors of those two patents were not the true inventors. Ex. 5 ( B-6 ('125 patent)), Ex. 10 (C-8 ('078 patent)), Ex. 22 (F-8 ('003 patent)) and Ex. 27 (H-9 ('989 patent)).

Finally, Defendants were further obligated to supplement their contentions to identify additional prior art in light of the new priority claims that Plaintiffs made for the first time in their February 2021 Final Infringement Contentions. These new claims necessitated the identification of additional prior art as Plaintiffs' new and untimely claims (if successfully proven) antedated various prior art references relied upon by Defendants. *See InfoGation Corp. v. ZTE Corporation*, No.16-cv-01901-H-JLB, 2017 WL 11420583 at *3 (S.D. Cal. June 7, 2017) (granting "Defendants' request to amend their invalidity contentions in light of the new asserted priority date").

Having failed to make their disclosures in a timely manner, Plaintiffs can hardly cry foul when Defendants must revise their own disclosures in response, as the district court noted in *Coopervision*:

> In complex litigation, each party relies heavily on the production of the opposing party to help guide future research. A party that fails to disclose information in a timely manner has little room to complain that the opposing party is tardy.

*Coopervision, Inc. v. CIBA Vision Corp*., 480 F.Supp.2d 884, 889 (E.D. Tex. 2007).

Defendants notified Plaintiffs of their forthcoming amendment to Defendants' invalidity contentions within a month of receiving their Final Infringement Contentions. (Ex. I) Defendants have acted diligently to sort through the newly disclosed information relevant to all eight asserted patents that Plaintiffs have had for six years.

8

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

### B.   Defendants' Amendments are Important to Resolve the Parties' Disputes

"Prior art references potentially rendering a patent invalid are important." *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019).  Indeed, Courts have frequently granted permission to amend "far after the deadline for the service of invalidity contentions" where the "reference appears to be exceedingly relevant." See e.g., *Motio, Inc. v. Avnet, Inc*., No. 4:12-CV-647, 2015 WL 5952530, at *3-4 (E.D. Tex. Oct. 13, 2015). The prior art addressed in the Defendants amended Final Invalidity Contentions demonstrates the invalidity of Plaintiffs' asserted patents and thus bears on essential issues in this case.  Similarly, the invalidity of the claims under 35 USC § 101 for failing to name the correct inventors, is a crucial issue in this case. If successful, the asserted patents will be held invalid and will dispose of Plaintiffs' infringement claims.

### C.   Plaintiffs Cannot Claim Prejudice Over Invalidity Grounds of Which They Were Aware

The factual bases of Defendants' new invalidity positions are Super Lighting's own conception, reduction-to-practice and reverse engineering documents dating back to the 2014-16 timeframe.  Plaintiffs have been aware of the prior art in question for years, having based their patent applications on the very same prior art (without disclosure to the U.S. Patent Office).

Fact discovery does not close until the end of May and expert discovery has not yet begun. The parties have yet to take any depositions.  Defendants' additional invalidity positions will not substantively expand the scope of discovery because information relating to these invalidity positions is already within the scope of discovery served on November 24, 2020, in addition to the Court's Order Governing Proceedings (Dkt.. No. 19) requiring the production of all conception and reduction-to-practice documents.  Defendants expect to take discovery relating to the specific knowledge and state of mind of the few named inventors remaining at

Super Lighting and some related third-party discovery regarding the sale of the prior art products. The additional discovery burden will be minimal.

Plaintiffs' experts will have a full opportunity to review the prior art and Defendants' other invalidity claims when preparing their rebuttal reports. Plaintiffs have more than six months until trial, which will give them adequate time to prepare their responses to Defendants' invalidity positions. *See Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262 (TJW), 2010 WL 7853420 at *1 (E.D. Tex. Apr. 1, 2010) (finding that "Plaintiffs have sufficient notice of Defendants' invalidity positions" and allowing defendants to add prior art six month before jury selection). Plaintiffs cannot reasonably argue that Defendants' amendment is unduly prejudicial given Plaintiffs' late production of critical documents, changing priority claims, and Plaintiffs' knowledge of all the relevant prior art.

### D.     A Continuance is Available But Unnecessary

Defendants do not expect that discovery will require substantial additional time. In any event, trial is more than six months away, and a short continuance would cure any alleged prejudice. *See Motio,* 2015 WL 5952530, at *4 (E.D. Tex. Oct. 12, 2015) (granting leave to amend and noting that any "prejudice due to timing" can be resolved "should Plaintiff seek relief in the form of requests for necessary extensions of certain pre-trial expert deadlines").

### IV.    CONCLUSION

Leave to amend Defendants' Final Invalidity Contentions is appropriate given the facts and precedent set forth above. Defendants respectfully request that the Court grant to serve the proposed Supplemental Invalidity Contentions attached as Exhibit 1 to this motion.

Dated: April 16, 2021                                       Respectfully submitted,

                                                            */s/ David C. Radulescu*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

        David C. Radulescu, Ph.D. (admitted *pro hac vice*)
        Etai Lahav (admitted *pro hac vice*)
        Jonathan Auerbach (admitted *pro hac vice*)
        Michael Sadowitz (admitted *pro hac vice*)
        Chunmeng Yang (admitted *pro hac vice*)
        **RADULESCU LLP**
        5 Penn Plaza, 19th Floor
        New York, NY 10001
        Telephone: 646-502-5950
        Facsimile: 646-502-5959
        david@radip.com
        etai@radip.com
        jonathan@radip.com
        mike@radip.com
        chunmeng@radip.com

        Kevin Kudlac (Bar No. 00790089)
        Jennifer Tatum Lee (Bar No. 24046950)
        Cabrach J. Connor (Bar No. 24036390)
        **CONNOR KUDLAC LEE, PLLC**
        609 Castle Ridge Road, Suite 450
        Austin, TX 78746
        Telephone: 512-777-1254
        Facsimile: 512-656-5743
        kevin@connorkudlaclee.com
        jennifer@connorkudlaclee.com
        cab@connorkudlaclee.com

        *Counsel for Defendants*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## CERTIFICATE OF CONFERENCE

I hereby certify that in accordance with Local Rule CV-7(i), I discussed this forthcoming motion with Plaintiffs during a meet and confer on March 10, 2021. Plaintiffs confirmed that Plaintiffs oppose this motion.

*/s/ David C. Radulescu*
David C. Radulescu, Ph.D.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record on this 16th day of April 2021.

*/s/ David C. Radulescu*
David C. Radulescu, Ph.D.
