# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., § § § § Plaintiff/Counter-Defendants, § § v. § § CH LIGHTING TECHNOLOGY CO., § LTD., ELLIOTT ELECTRIC SUPPLY § INC. AND SHAOXING RUISING § LIGHTING CO., LTD., § § Defendants/Counter-Plaintiffs. | **Case No. 6:20-cv-00018-ADA** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS**

Defendants' amendments to their invalidity contentions are: (A) the result of diligent efforts in response to Plaintiffs' late disclosures; (B) will cause Plaintiffs no undue prejudice; (C) are relevant to core issues in the case; and (D) will not require a continuance. For these reasons, Defendants' Motion (Dkt. 83)("Mot") should be granted.  Plaintiffs do not and cannot deny the following in their Opposition (Dkt. 92)("Opp"):

- Plaintiffs had an obligation to fully and accurately identify their priority date claims in their March 2020 Preliminary Infringement Contentions and instead did not disclose those claims until February 9, 2021;
- Plaintiffs had an obligation fully produce and identify their documents related to conception and reduction to practice in March 2020 with their contentions but did not begin producing those documents until December 2020 or identify them until February 9, 2021.
- Plaintiffs have no justification (other than strategic advantage) for delaying for a year their identification of priority claims and invention documents; and
- There are no claim construction issues arising out of Defendants' new contentions and the timing of these contentions does not affect Plaintiffs experts' ability to respond.

Plaintiffs attempt to create a controversy by quibbling over the details of Defendants' proposed invalidity contentions, but the core facts justify allowance of this motion.

### A. Defendants Diligently Responded to Plaintiffs' Untimely Disclosures

Plaintiffs make several meritless attacks on Defendants' diligence, none of which hold up to minimal scrutiny. As an initial matter, Plaintiffs do not dispute that they delayed disclosure of their priority claims and identification of their key invention documents for nearly a year. And Plaintiffs make no claim that they were justified in such delay. Plaintiffs allege that Defendants

did not show diligence because they failed to identify Plaintiffs' withheld prior art through their own searching. Opp. at 6-7.  However, there have been numerous manufacturers of LED tube lights over the years and even if seven-year-old tubes could be tracked down, the internal design and operation of these products is not public facing.  Defendants could not obtain samples of every LED tube sold seven years ago and reverse engineer those tubes to determine their internal design and operation.[1]  Absent the first-hand knowledge in Plaintiffs' possession about the workings of such tubes, Defendants had no way of knowing how these products operated. This is why Plaintiffs had an obligation to disclose these tubes to the Patent Office during prosecution (which they did not) and disclose them with their original conception and reduction to practice documents (which they did not).  Plaintiffs also ignore that the information underlying Defendants' inventorship-based invalidity challenges was *solely* in Plaintiffs possession.

      Plaintiffs also suggest that Defendants' counsel should have relied on confidential documents in another case for purposes of analysis in this case,  but doing so would have run afoul of protective order restrictions in the other case. Opp. at 7; Dkt. 79 at 2.   Plaintiffs also argue that Defendants should have somehow been more diligent in sorting through tens of thousands of pages of Chinese technical documents first produced at the end of the year.  As set forth in Defendants' Motion, reviewing, identifying and translating these highly technical prior art materials is an enormously time intensive task, which could have started last spring if Plaintiffs had complied with the Court's disclosure deadlines. Mot. at 3-4, 6-7.

---

[1] *Innovative Display*, cited by Plaintiffs involved publicly available prior art applications, not prior art systems for which the operational details were intentionally withheld by the Plaintiff. *Innovative Display Technologies LLC v. Acer Inc.*, No. 2:13–cv–00522, 2014 WL 2796555 at *1 ( E.D. Tex. June 19, 2014)

2

Plaintiffs argue Defendants took too long after Plaintiffs' contentions to complete their analysis then chart and serve their invalidity contentions. Opp. at 6-7. However, this is an *eight* patent case. The original schedule allowed for eight weeks between the disclosure of priority claims with preliminary infringement contentions and the disclosure of invalidity contentions. (Dkt. 19 at 1-2). If a party withholds their priority claims for nearly a year, as Plaintiffs did, then it takes a significant time to identify prior art and prepare additional invalidity arguments.

Plaintiffs cite to Defendants' brief to imply that Defendants intentionally did not chart certain prior art because Defendants had "other" prior art. Opp. at 6 citing Mot. at 5. First, Defendants could not have relied on any of the new art whose operation they learned of through Plaintiffs' untimely disclosures. Mot. at 4, Note 2. Second, Defendants presented the best prior art based on the ***priority dates that Plaintiffs had disclosed in March 2020***, believing that Plaintiffs had disclosed their priority claims. Plaintiffs' new, year-late, priority claims, if supported, antedate much of the prior art in Defendants' previous invalidity contentions. *See* Mot. at 5. After Plaintiffs revised their priority claims at the last minute, Defendants had to select new prior art that invalidated the asserted patents under the new priority claims.

Finally, Plaintiffs note that they have not changed their priority claims for certain patents. However, Defendants expect that they will be required to narrow their references to a certain fixed number of references across all patents. *See* Mot. at 5. Selection of that prior art requires that Defendants be able to select references applicable to all patents. Once Plaintiffs changed their priority claims, many references were no longer applicable and required that Defendants to identify prior art that antedated Plaintiffs' claimed priority dates across all patents. *Id.*

### B.     Plaintiffs' Mischaracterize the Prior Art in Identifying it as Cumulative

Plaintiffs, without citation or support, argue that the prior art in question must be cumulative and thus unimportant. Opp at 8. Plaintiffs arguments fail for at least three reasons.

3

**First**, Plaintiffs fail to address Defendants claims of incorrect inventorship under 35 USC §101. There is no dispute that these claims are new and will be dispositive of the patent disputes. **Second**, Plaintiffs incorrectly imply that these references must be cumulative because Defendants allegedly did not apply the references in their Final Invalidity Contentions. However, many of these prior art arguments were unknown to Defendants at the time of their contentions. It was only after extensive analysis and review of Plaintiffs belated production that Defendants became aware of how this prior art invalidated the asserted patents. **Third**, to the extent that Defendants did not apply certain prior art during in their Final Invalidity Contentions, this was because they had *sufficient art that predated Plaintiffs' previous priority dates.* When Plaintiffs changed their prior art claims a year too late, Defendants were forced to reevaluate and identify art that preceded the new priority dates.  *See* Mot. at 5.  The new references cannot be cumulative of other references that are not prior art under Plaintiffs' new and untimely priority claims.

### C. Plaintiffs Identify No Prejudice

Plaintiffs do not identify any prejudice that arises from this motion.  Plaintiffs argue that they will be prejudiced because Defendants' will present new invalidity arguments. Opp. At 9. This is not undue prejudice.  This motion is governed by the rules for amendment of the scheduling order.  *See S&W Enters., LLC. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536* (5th Cir. 2003) (quoting factors for amendment of scheduling order).  Prejudice must arise from the *change to the schedule* (the deadline for invalidity contentions) not merely the inherent disadvantage that comes from Defendants offering arguments that are harmful to Plaintiffs' case. The "prejudice" identified by Plaintiff would have occurred if these grounds had been presented in February and the "prejudice" has nothing to do with the proposed revised timing for Defendants' invalidity contentions.

4

Plaintiffs pointedly **do not allege** that Defendants' new invalidity arguments create claim construction issues that needed to be addressed earlier. Plaintiffs **do not allege** that there will be insufficient time for necessary discovery. Plaintiffs **do not allege** that the later disclosure of the prior art references will affect their experts' ability to respond to Defendants' invalidity arguments in July. They merely argue that the existence of additional invalidity arguments is harmful to their case. Plaintiffs notably **do not deny** that they were already aware of the new prior art from their own reverse engineering efforts. *See* Mot. at 9.

Even the purported "prejudice" offered by Plaintiffs' is entirely incorrect. Plaintiffs contrive a fictional number of grounds to which they will have to respond. The numbers offered by Plaintiffs are based on hypothetical mixing and matching of every potential reference, rather than the specific grounds disclosed by Defendants. Additionally, the parties will narrow the number of asserted claims and references well ahead of expert reports. Contrary to Plaintiffs' assertions, Defendants have engaged repeatedly with Plaintiffs over the course of the past two weeks and expect a compromise to be reached before expert reports are served. The only question is whether Defendants will be permitted to rely on references that are based upon Plaintiffs new priority date disclosures and prior art or the incomplete disclosures that Plaintiffs served last year.

### D.     Conclusion[2]

For the reasons set forth herein and Defendants Motion, the Motion should be granted.

---

[2] Plaintiffs effectively concede that the current expert discovery schedule will allow for them to respond to new contentions and that there is more than enough time before trial for a continuance if needed. Opp at 10.

5

Dated: April 30, 2021                                  Respectfully submitted,

*/s/ David C. Radulescu*
David C. Radulescu, Ph.D. (admitted *pro hac vice*)
Etai Lahav (admitted *pro hac vice*)
Jonathan Auerbach (admitted *pro hac vice*)
Michael Sadowitz (admitted *pro hac vice*)
Chunmeng Yang (admitted *pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: 646-502-5950
Facsimile: 646-502-5959
david@radip.com
etai@radip.com
jonathan@radip.com
mike@radip.com
chunmeng@radip.com

Kevin Kudlac (Bar No. 00790089)
Jennifer Tatum Lee (Bar No. 24046950)
Cabrach J. Connor (Bar No. 24036390)
**CONNOR KUDLAC LEE, PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone: 512-777-1254
Facsimile: 512-656-5743
kevin@connorkudlaclee.com
jennifer@connorkudlaclee.com
cab@connorkudlaclee.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record on this 30th day of April, 2021.

                                             */s/ David C. Radulescu*
                                             David C. Radulescu, Ph.D.