# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | § § § § | |
| Plaintiffs, | § § | CASE NO. 6:20-cv-00018-ADA |
| vs. | § § | JURY TRIAL DEMANDED |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., | § § § § § § | [FILED UNDER SEAL] |
| Defendants. | § § | |

**PLAINTIFFS JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD., AND OBERT, INC.'S OPPOSITION TO DEFENDANTS' MOTION <u>FOR LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS</u>**

**REDACTED - PUBLIC VERSION**

-i-

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 3

III. LEGAL FRAMEWORK ....................................................................................................... 5

IV. ARGUMENT ........................................................................................................................ 6

    A. The Court Should Deny Leave to Amend Because Defendants Cannot Meet Their Threshold Diligence Requirement ........................................................ 6

    B. The Prior Art Systems Defendants Proposed to Add Are Cumulative .................. 8

    C. Super Lighting Will Suffer Undue Prejudice from the Proposed Amendment ............................................................................................................ 8

    D. The Court Should Deny Defendants' Request for Continuance .......................... 10

V. CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**CASES**

*0912139 B.C. Ltd. v. Rampion USA Inc.*,
   No. C18-1464JLR, 2019 WL 3082290 (W.D. Wash. July 15, 2019)......................................10

*Coopervision, Inc. v. CIBA Vision Corp.*,
   480 F. Supp. 2d 884 (E.D. Tex. 2007)...................................................................................7

*InfoGation Corp. v. ZTE Corp.*,
   No.16-cv-01901-H-JLB, 2017 WL 11420583 (S.D. Cal. June 7, 2017) ..................................7

*Innovative Display Techs. LLC v. Acer Inc.*,
   No. 2:13-CV-00522-JRG, 2014 WL 2796555 (E.D. Tex. June 19, 2014) ...........................6, 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006)..............................................................................................6

*Performance Aftermarket Parts Grp., Ltd. v. TI Grp. Auto. Sys., Inc.*,
   No. CIV A H-05-4251, 2007 WL 836904 (S.D. Tex. Mar. 15, 2007) .....................................5

*S & W Enters., LLC v. Southtrust Bank of Ala., NA*,
   315 F.3d 533 (5th Cir. 2003) .................................................................................................5

*Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*,
   No. 2:07-CV-262, 2010 WL 7853420 (E.D. Tex. Apr. 1, 2010)............................................10

*Uniloc 2017 LLC v. Google LLC*,
   No. 218-CV-00503-JRG-RSP, 2020 WL 709557 (E.D. Tex. Feb. 10, 2020) ................. passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(b)(4)................................................................................................................5

I.      INTRODUCTION

On March 25, 2021, over two months after the deadline to amend pleadings, Defendants filed a motion to amend their answers and counterclaims, alleging baselessly that Plaintiffs (hereinafter, "Super Lighting") reverse engineered certain prior-art commercial LED tubes and withheld disclosure of these purportedly "material" prior art systems to the patent office.  In its opposition, Super Lighting pointed out a major flaw in Defendants' motion: Defendants did not even assert most of these products as prior art in their invalidity contentions.  Prior art cannot be "but-for" material if they do not teach the key elements such that Defendants do not select them for their invalidity contentions.  Now, in an effort to save their flawed motion to amend, Defendants file another belated motion to amend their invalidity contentions, relying on the same underlying documents referenced in their motion to amend answers and counterclaims.

*Defendants were not diligent in seeking this amendment*.  Defendants fail to provide any explanation why, with reasonable diligence, they could not have included these commercial tubes in their final invalidity contentions.  Super Lighting produced the documents pertaining to these commercial tubes on or before December 24, 2020.  Defendants' counsel (Radulescu LLP) had access to these documents even earlier, as they were produced on November 16, 2020 by Super Lighting to Radulescu LLP in another case in which that firm was representing CH's interest.  CH's counsel further used those documents in a January 2021 deposition of a Super Lighting employee and inventor.  Defendants were aware of these prior art references and had ample time to chart these products in their final invalidity contentions due on February 9, 2021.  Yet Defendants waited another month after exchange of final contentions and notified Super Lighting on March 5, 2021 of their intention to amend the invalidity contentions.  During the meet and confer on March 10, Super Lighting's counsel opposed the proposed amendment.  Since then, Defendants had been silent on their proposed amendment.  On March 25, Defendants

filed their motion for leave to amend their answers and counterclaims but chose not to file the motion to amend invalidity contentions, although the two motions are based on the same Super Lighting documents. Another three weeks passed, and Defendants waited until April 16, a month before the fact discovery cutoff, to seek leave to amend their invalidity contentions. ***Defendants waited a total of four months before seeking amendment***. Such repeated delays fail to meet the minimum diligence threshold and warrant denial of Defendants' motion.

Moreover, Plaintiffs' change in priority claims does not justify Defendants' belated motion. First, the priority claims for the '140, '540, and '700 patents remain the same, so there is no basis for Defendants to amend the invalidity contentions on these three patents. Moreover, had Defendants been diligent and had these prior art products been genuinely material, Defendants would have included them in their invalidity contentions on February 9, 2021, before the priority claims were changed. Furthermore, since Super Lighting moved the priority claims earlier, any diligent prior search would have captured the relevant new timeframe anyway.

Not only did Defendants fail to show their diligence in seeking amendment, the proposed additional prior art is not important. "When a proposed reference's disclosures are substantively cumulative of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers little or no . . . probative value and is unlikely to be important." *Uniloc 2017 LLC v. Google LLC*, No. 218-CV-00503-JRG-RSP, 2020 WL 709557, at *3 (E.D. Tex. Feb. 10, 2020). Defendants' February 9 final contentions already contained 63 prior art references and 10000+ obviousness combinations, and the supplemental invalidity contentions did not identify any new information that is distinct and non-cumulative from the already identified prior art. Defendants effectively admitted that they did not "rely on

prior art commercial tubes from Cree, Philips and ▉▉▉▉ . . . because **Defendants had numerous other prior art**." (Mot. at 5 (emphasis added).)

For all of the foregoing reasons, Defendants' motion should be denied.

## II.     FACTUAL BACKGROUND

The Court is already familiar with CH's willful infringement of Super Lighting's patents and CH's affirmative efforts at delay and to avoid service, wasting Super Lighting legal fees to prepare a motion for alternative service. *See* Dkt. 76 at 3-4. Once discovery started, CH's egregious behavior continued. As noted in Super Lighting's opposition to Defendants' motion to amend answers and counterclaims, CH had only produced an objectively low 6,000 pages of documents for an 8-patent case as of February 2021. *Id*. at 4. It was not until March 10, 2021—after forcing Super Lighting to waste fees writing numerous letters and E-Mails—that Defendants finally started producing substantive documents. *Id*. at 4, 13.

Super Lighting on the other hand has timely produced documents in this case. Despite Defendants' repeated accusations of Super Lighting's "late productions," (Mot. at 6), Defendants do not and cannot dispute that the documents pertaining to the commercial tubes had been produced by Super Lighting on or before December 24, 2020, thirty days after CH served its requests for production. *See* Dkt. 77-3. In other words, Super Lighting produced these documents on the ***very first day they were due***. Furthermore, Radulescu LLP had been aware of these documents even earlier, as they were produced on November 16, 2020 by Super Lighting in another case in which Radulescu LLP was representing CH's interest. *Id*. CH's counsel used those documents in a January 2021 deposition of a Super Lighting employee and inventor (who is also an inventor of several patents in this case). *See id*., Dkt. 76-5 (A. Xiong January 2020 Dep. Tr.). Put simply, Defendants received these documents ***four months ago*** and waited until close to the fact discovery deadline to file this motion to amend.

Defendants also grossly mischaracterized Super Lighting's production after December 2020 as containing "thousands of pages of . . . conception and reduction to practice" documents (Mot. at 3). This is not true. Super Lighting produced approximately 6739 pages of documents on March 24, 2021, approximately 6735 pages of which are Super Lighting's prior production in another case Defendants specifically requested Super Lighting reproduce in this case. Bombach Decl. ¶ 2. Defendants incorrectly characterized the competitive analysis and reverse engineering documents in the March 24 production as "conception and reduction to practice" documents.[1]

The parties exchanged their final contentions on February 9, 2021. In its final infringement contentions, Super Lighting moved up the priority dates for five of the eight asserted patents to earlier dates. *See* Dkt. 87-15 at pp. 8-10. The priority dates for certain claims in the '125, '078, and '989 patents were changed to 16-20 months earlier. *Id*. The priority dates for '003 and '479 patents were changed to 2-9 months earlier. *Id*. The priority dates for the '140, '540, and '700 patents remained the same. *Id*.

Defendants' final invalidity contentions asserted 63 prior art references and 10,000+ combinations. *See* Dkt. 87-14. For the '140 patent alone, Defendants asserted 30 prior art references and **then went on to identify 7,000+ obviousness combinations**. *See id.* at pp. 5-8, 18-25. In their proposed supplemental contentions, Defendants add at least six more references and 2500+ obviousness combinations to their already voluminous contentions. *See* Dkt. 86-2.

On March 5, 2021, Defendants' counsel sent Plaintiffs' counsel a letter, indicating Defendants' intention to amend their final invalidity contentions. Dkt. 76-6. During the March 10 meet and confer, Super Lighting's counsel opposed the proposed amendment. Bombach

---

[1] Defendants' focus on "conception and reduction to practice" documents—when relating to the patents' priority dates—is misplaced because the asserted patents are post-AIA patents.

Decl. ¶ 3. Super Lighting's counsel subsequently asked Defendants' counsel to identify the prior art Defendants intended to add, but Defendants' counsel never responded. *Id*. Then it was silence—Defendants said not a single word about their proposed amendment. *Id*. On March 25, Defendants filed their motion for leave to amend answers and counterclaims (Dkt. 72) but, for reasons known only to Defendants, chose not to file the motion to amend their invalidity contentions. This dilatory tactic was unreasonable given ***the two motions are based on the same Super Lighting documents***. Defendants waited until April 16, a mere month before the fact discovery cutoff, and over two months after the exchange of the final contentions, to seek leave to amend their invalidity contentions.

### III. LEGAL FRAMEWORK

A party may amend its invalidity contentions only if the court finds there is good cause. Fed. R. Civ. P. 16(b)(4). "The Federal Circuit has held that 'good cause' for purposes of amendments to invalidity and infringement contentions 'requires a showing of diligence.'" *Performance Aftermarket Parts Grp., Ltd. v. TI Grp. Auto. Sys., Inc.*, No. CIV A H-05-4251, 2007 WL 836904, at *1 (S.D. Tex. Mar. 15, 2007) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).) "The party seeking leave to amend has the burden to establish diligence." *Performance Aftermarket*, 2007 WL 836904, at *1. In deciding whether to permit amendments to the pleadings after the deadline, district courts consider four factors: (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 546 (5th Cir. 2003).

IV.     **ARGUMENT**

   A.   **The Court Should Deny Leave to Amend Because Defendants Cannot Meet Their Threshold Diligence Requirement.**

A "good cause" analysis as part of a motion to amend must include a determination of the movant's diligence. *See O2 Micro*, 467 F.3d at 1366. "In the context of untimely amendments to invalidity contentions, . . . the amending party [must] show it was diligent both in discovering and in disclosing the prior art references." *Uniloc*, 2020 WL 709557, at *2.

Here, Defendants fail to point to any evidence or provide any explanation concerning their diligence in seeking amendment. First, the purported prior art commercial tubes (e.g., from Cree, Philips, ▮▮▮▮▮) were publicly disclosed and offered for sale. Defendants fail to explain why, with reasonable diligence, they could not have discovered and charted such commercial tubes prior to the deadline. *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014).

Second, despite Defendants' repeated accusations of Super Lighting's "late productions," (Mot. at 6), all the "new" system prior art Defendants seek to add had been produced by Super Lighting on or before December 24, 2020. *See* Dkt. 77-3. Defendants counsel (Radulescu LLP) has had access to all of the alleged system prior art since November 16, 2020 from another case against Super Lighting and—in January 2021—used them in a deposition of a Super Lighting employee and inventor from this case. *Id.*; *see also* Dkt. 76-5 (▮▮▮▮ January 2020 Dep. Tr.). Defendants were undisputedly aware of these commercial tubes and had adequate opportunity to add them to their final invalidity contentions but chose not to do so, presumably because "Defendants had ***numerous*** other prior art." (Mot. at 5 (emphasis added).)

Third, the change in priority claims does not justify Defendants' belated amendment. As an initial matter, the priority claims for the '140, '540, and '700 patents remain the same (Dkt.

-6-

87-15 at pp. 8-10), so there is no basis for Defendants to amend the invalidity contentions of these three patents. Also, since Super Lighting moved the priority claims to earlier dates, any diligent prior search would have captured the relevant new timeframe (see diagram below).[2]



Having intentionally chosen not to chart the known art by the February 9, 2021 deadline, Defendants' undue delay continued. On March 5, Defendants expressed their intention to amend their final invalidity contentions, and Super Lighting's counsel promptly notified Defendants' counsel on March 10 that Super Lighting opposed. Bombach Decl. ¶ 3. Since then, Defendants said and did nothing regarding their proposed amendment. *Id*. On March 25, instead of filing their motion to amend their invalidity contentions, Defendants instead chose to file a motion for leave to amend their answers and counterclaims, based on the very same Super Lighting documents they base their current motion on. Dkt. 72. Defendants waited until April 16, a month before the fact discovery cutoff and over two months after exchange of final contentions, to seek leave to amend their invalidity contentions. Having sat on the relevant documents for

---

[2] Defendants cited two easily distinguishable cases in support of their position that a plaintiff's change of priority claim would automatically justify the defendant's amendment to the invalidity contentions. *See* Mot. at 8, citing *InfoGation Corp. v. ZTE Corp.*, No.16-cv-01901-H-JLB, 2017 WL 11420583 at *3 (S.D. Cal. June 7, 2017) and *Coopervision, Inc. v. CIBA Vision Corp.*, 480 F. Supp. 2d 884, 889 (E.D. Tex. 2007). Unlike the situation in the *InfoGation* decision with "five months still remaining before the close of fact discovery," *InfoGation*, 2017 WL 11420583 at *3, Defendants delayed several times over and seek to amend one month before the close of fact discovery. Such prolonged delay warrants denial of Defendants' motion. The *Coopervision* decision is also distinguishable, because there, the court permitted plaintiff to amend their infringement contentions due to defendant's late disclosure of technical documents. 480 F. Supp. 2d at 888-89. Here, in contrast, Super Lighting timely produced the prior art materials four months before Defendants seek to amend.

*four months before seeking leave to amend*, Defendants' undue delay (several times over) warrants denial of their motion.

### B. The Prior Art Systems Defendants Proposed to Add Are Cumulative

In evaluating the "importance" of a proposed amendment to invalidity contentions, courts consider "the uniqueness of [movant's] substantive disclosures relative to other, previously-disclosed prior art." *See Uniloc*, 2020 WL 709557, at *3. "When a proposed reference's disclosures are substantively cumulative of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers little or no . . . probative value and is unlikely to be important." *See id*. at *3.

In their February 9, 2021 final invalidity contentions, Defendants relied on 63 prior art references and over 10,000 obviousness combinations. **Over 10,000!** Defendants did not identify any new information in its supplemental contentions that is distinct from their already identified prior art. Defendants effectively admitted that they did not previously "rely on prior art commercial tubes from Cree, Philips and ▇▇▇ . . because **Defendants had numerous other prior art**." (Mot. at 5 (emphasis added).) The Court should deny the motion because Defendants have not carried their burden of showing their proposed references are important.[3]

### C. Super Lighting Will Suffer Undue Prejudice from the Proposed Amendment

Defendants sought leave to amend (1) four months after receiving the documents containing the commercial tubes; (2) two months after submitting their final invalidity

---

[3] Defendants seem to suggest that they should be permitted to amend because the "reference appears to be exceedingly relevant." Mot. at 9, quoting *Motio, Inc. v. Avnet, Inc.*, No. 4:12-CV-647, 2015 WL 5952530, at *3-4 (E.D. Tex. Oct. 13, 2015). This argument misses the point because a moving defendant must always first meet the diligence threshold requirement. *See id*. at * 3 (finding that the movant's "behavior is suggestive of diligence" and supporting a showing of good cause). Here, in contrast, Defendants' repeated, months-long delay is by no means suggestive of diligence.

contentions; and (3) one month before the close of fact discovery. Amendments to invalidity contentions after parties have disclosed and argued for their claim constructions positions are prejudicial. *See Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014) ("Although the Court does not base its claim construction on invalidity contentions, the parties' claim construction positions as a practical matter would be influenced by the scope and combination of the specific prior arts disclosed in invalidity contentions.").

Besides the prejudice from Defendants' undue delay in seeking amendment, Defendants' proposed amendment further increases the complexity of the invalidity issues that Super Lighting must respond to. Defendants' proposed supplemental contentions have at least ***69 prior art references and over 12,500 obviousness combinations***. *See* Dkt. 86-2. This type of charting effectively hides Defendants' invalidity theories within endless permutations of prior art combinations, and is highly prejudicial to Super Lighting.

Defendants might argue that 69 prior art references and 12,500+ obviousness combinations are reasonable because of the number of patents and claims asserted. Defendants position is *de facto* ridiculous, especially where Defendants' invalidity report is due in five weeks. Dkt. 29. Defendants cannot legitimately maintain these numbers or anything close to them during expert discovery. Moreover, Defendants have repeatedly refused any reduction in the number of claims in this case. Super Lighting has repeatedly proposed to Defendants a reduction in asserted claims in exchange for a reduction of prior art references and prior art grounds (including limits on the number of § 103 obviousness combinations). Bombach Decl. Ex. 1. But Defendants' counsel refused to meaningfully engage. *Id*. Accordingly, Defendants' proposed supplemental invalidity contentions will further complicate the already voluminous

invalidity contentions and will be highly prejudicial. *See, e.g.*, *0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *5 (W.D. Wash. July 15, 2019) (granting plaintiff's motion to strike defendant's invalidity contentions because, *inter alia*, the "buckets" of references would support virtually endless permutations of prior art combinations).[4]

### D. The Court Should Deny Defendants' Request for Continuance

While Defendants claim they do not want or need any sort of continuance, their actions speak otherwise. CH deliberately avoided service, delayed in producing documents until March 2021, filed a fact-intensive yet baseless motion to amend answers and counterclaims over two months after the deadline to amend pleadings, and has refused to make its witnesses available for deposition. Defendants do not and cannot dispute that they received the documents pertaining to the commercial tubes at issue ***four months ago***, and relied on these documents ***three months ago*** in Super Lighting's deposition in another case. Yet Defendants waited until one month before fact discovery to file this belated motion. Concurrently with its filing of this motion, Defendants filed a baseless motion to strike supplemental infringement contentions ***two months*** after those infringement contentions were served. Defendants are doing everything in their power to try to delay trial in this case. Such systematic, intentional delay tactics warrant denial of any continuance and denial of this motion.

## V. CONCLUSION

For the foregoing reasons, Super Lighting respectfully requests that the Court deny Defendants' Motion to Amend Invalidity Contentions in its entirety.

---

[4] The *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262, 2010 WL 7853420 at *1 (E.D. Tex. Apr. 1, 2010) decision is distinguishable. (*See* Mot. at 10.) There, the court granted defendant's motion to add a single reference to its invalidity contentions and the existing contentions "include an in-depth narrative description of how each claim is anticipated by each reference." *Id*. Here, in contrast, Defendants seek to add numerous prior art references to its already complex invalidity contentions with countless obviousness combinations.

Dated: April 23, 2021

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein
MBernstein@perkinscoie.com
California Bar No. 199240
Evan S. Day (*Pro Hac Vice*)
EDay@perkinscoie.com
Miguel J. Bombach (*Pro Hac Vice*)
MBombach@perkinscoie.com
Ruchika Verma (*Pro Hac Vice*)
RVerma@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Chao (Wendy) Wang
WWang@perkinscoie.com (*Pro Hac Vice*)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

Skyler M. Howton, Texas Bar No. 24077907
SHowton@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 259-4951
Facsimile: (214) 965-7752

**ATTORNEYS FOR JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 23, 2021, a true and correct copy of the foregoing documents have been served to all counsel of record for Defendants via Electronic Mail.

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein
