IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., <br><br> Plaintiff/Counter-Defendants, <br><br> v. <br><br> CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., <br><br> Defendants/Counter-Plaintiffs. | § § § § § § § § § § § § § § § <br><br> Case No. 6:20-cv-00018-ADA <br><br> **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
<u>FINAL INFRINGEMENT CONTENTIONS</u>**

**REDACTED - PUBLIC VERSION**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Over a year after filing this Action, on the day final infringement contentions ("FICs") were due, Plaintiffs gratuitously and significantly expanded the scope of the case by accusing of infringement numerous GE and ESL products not manufactured by Defendants based on newly-introduced infringement theories. Plaintiffs could have accused those products of infringement from case inception had they been diligent: Elliott has been selling the GE and ESL products since at least ███ 2019, and all information relied upon in the FICs against those products was available to Plaintiffs since at least a year before Plaintiffs filed this Action. Plaintiffs blame everyone but themselves, as the opposition ("Opp.") is fraught with red herrings and lacks any actual explanation for their year-long delay.

I.  **PLAINTIFFS DO NOT DENY THEIR SEVERE LACK OF DILIGENCE AND YEAR-LONG DELAY**

Plaintiffs provide no justification for their lack of diligence in adding the GE and ESL products to this case: they do not deny that they could have purchased and analyzed the now-accused GE and ESL products from Elliott in 2019, prior to filing this Action; nor do they deny that the FICs against GE and ESL products are based solely on Plaintiffs' own reverse engineering of products their attorneys purchased from Elliott, rather than information obtained from Defendants during discovery. *See* Opp. at 6-7.

The Court's Order Governing Procedures ("OGP") provides that amendment to contentions without leave is allowed only if "counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material." D.I. No. 19 at 7 n.4. Plaintiffs' counsel never certified and cannot certify to that effect, because all information relied upon in the FICs against the GE and ESL products was available to Plaintiffs long before the service of preliminary infringement contentions ("PICs").

1

Plaintiffs argue that their attorneys' belated purchase of the GE and ESL products in November 2020 constitutes "material identified after [PICs]." Opp. at 7. That argument makes no sense, as it would allow plaintiffs to unilaterally expand the scope of a case at the last second by simply waiting to obtain certain accused products or to conduct infringement analysis until the case has matured. The Court's OGP cannot be interpreted to encourage delaying tactics. In fact, the OGP provides, "[a]ny amendment to add patent claims requires leave of court so that the Court can address any scheduling issues," suggesting that amendments expanding the scope of discovery and potentially causing scheduling issues, like Plaintiffs' belated addition of GE and ESL products under new infringement theories, should require leave of the Court. D.I. No. 19 at 7 n.4.

Even accepting Plaintiffs' argument that their purchase of the GE and ESL products almost a year into this Action constitutes new "material identified," their actual amendments were not "seasonably" made as required, but were instead made three months after Plaintiffs had obtained the products. Plaintiffs attempt to rely on their **discovery requests** served November 24, 2020 as notice to Defendants that the GE and ESL products were being accused of infringement. Opp. at 2. Plaintiffs are mistaken. "**Proper infringement contentions** provide notice of the accusing party's specific theories of infringement," not discovery requests. *Pisony v. Commando Constructions, Inc.*, No. 6:17-CV-00055-ADA, 2020 WL 6586253, at *2 (W.D. Tex. Nov. 10, 2020) (emphasis added). The PICs, both the original and amended complaints, and Plaintiffs' initial disclosures all confirm that this case is about CH-manufactured products. Under no authority can Plaintiffs use discovery requests alone to define their case. The discovery requests in fact reflect Plaintiffs' lack of diligence in amending contentions, as they confirm that Plaintiffs were aware of the GE and ESL products as of November 2020, but failed to amend infringement contentions to add those products until February 9, 2021, the day FICs were due.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Instead of addressing their own year-long delay in expanding the scope of accused products, Plaintiffs point fingers at the timing of Defendants' motion to strike in response to such expansion. The timing of when challenges to proposed amendments are made is not among the factors courts consider in assessing whether the amendments should be allowed, and is irrelevant to Plaintiffs' (lack of) diligence here. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 546 (5th Cir. 2003). The case Plaintiffs cite, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13CV213, 2015 WL 1848524, at *2 (E.D. Tex. Jan. 23, 2015), is inapposite. Before the court in *Rembrandt* was a motion to strike defendants' **expert report** on the basis that the expert opinion disclosed in the report related to allegedly improper invalidity contentions which the plaintiff **never moved to strike**. *Id.* at *1-*2. All the plaintiff did in *Rembrandt* was wait two months to serve "objections" to the contentions before waiting another three weeks to bring those "objections" to the court's attention not in a motion to strike those contentions, but in a motion to strike the expert report. In other words, the plaintiff in *Rembrandt* completely neglected to formally challenge the contentions at issue. This case is different, as Defendants are moving to strike the very contentions that are improper, before expert discovery even begins.

Defendants diligently moved to strike as soon as it became evident that Defendants would not be able to get the requisite technical information from either Plaintiffs or the third parties. The FICs were served February 9, 2021. On February 26, 2021, seeing that the FICs only contained illegible circuit schematics, Defendants requested that Plaintiffs produce clearer photos and native schematics cited in the FICs. Opp. Ex. 15 at 3-4. Although Plaintiffs' counsel responded two weeks later **promising** to produce the requested pictures the following week (*id.* at 1-2), the pictures were not actually produced until **April 5, 2021** (including the document

attached as Exhibit 16 to Plaintiffs' opposition), and the source files for the schematics were not produced until **April 23, 2021**, the day of Plaintiffs' Opposition. Radulescu Decl. ¶¶ 2-7; *see also* D.I. 77-2 (Plaintiffs' production chart filed April 1, 2021 does not include JSLE-CH-0196903, BATES number of Opposition Exhibit 16). Additionally, although Plaintiffs served subpoenas on GE and ESL in March 2021 with the return date of document production set for March 26, 2021, neither party had produced any technical documents by that date (or as of date of this Reply). Mot. Ex. 46 (D.I. No. 84-46); Radulescu Decl. ¶ 8. Defendants diligently moved to strike the FICs as to the GE and ESL products shortly after the noticed return date. There is no two-month delay as Plaintiffs allege.[1]

## II.    DEFENDANTS ARE UNDULY PREJUDICED BY PLAINTIFFS' LACK OF DILIGENCE

Facts relating to the issue of prejudice are simple. Had Plaintiffs been diligent and included the GE and ESL products in their PICs in March 2020, Defendants would have had 16 months to seek design information of those products and to prepare non-infringement defenses before serving non-infringement expert reports. D.I. 29 at 4. As result of Plaintiffs' delay, Defendants only have 4 months to do the same. *Id.* This significant reduction of time to prepare defenses is unduly prejudicial on its face.

Plaintiffs' argument that their reverse engineering of the GE and ESL products is sufficient to allow Defendants to develop non-infringement defenses is disingenuous. Opp. at 8-9. That Plaintiffs are now forcing Defendants to wholeheartedly accept their reverse engineering

---

[1] Plaintiffs also attempt to equate their belated addition of GE and ESL products with Defendants' amended invalidity contentions. Opp. at 3-4. An actual comparison of the cited portions of Defendants' preliminary and amended invalidity contentions confirms that Defendants' added prior art devices were discovered from Plaintiffs' documents produced during discovery. *Compare* Opp. Ex. 4 at 13-14 *with* Opp. Ex. 5 at 14-15 (adding ▮▮▮▮ discovered from JSLE-CH-0181551 and ▮▮▮▮ discovered from JSLE-CH-0181017).

and testing of the products, without evaluating whether the reverse engineering is accurate to begin with, speaks volumes about the undue prejudice Defendants face. For the CH-manufactured products, Defendants can defend against the infringement allegations in three different ways: (1) by identifying inaccuracies in Plaintiffs' reverse engineered product designs, (2) by arguing Plaintiffs' reverse engineered product designs do not meet the claim limitations as a matter of law, or (3) by showing that a product from Plaintiffs' claim chart is not representative of other CH-manufactured products identified in the FICs due to differences in actual design or operation. For the ESL and GE products, however, Defendants' ability to defend against the infringement contentions is confined to (2) alone.[2] The prejudice is further compounded by Plaintiffs' introduction of new infringement theories specific to the GE and ESL products, which Plaintiffs do not deny. *See generally* Opp.[3]

Lastly, Plaintiffs' supposed conservation of judicial economy does not outweigh any of the four factors courts consider in deciding motions to strike contentions, and is directly contradicted by Plaintiffs' own litigation conduct. Plaintiffs have already divided their infringement allegations against CH-manufactured products into multiple parallel proceedings. *See Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. MaxLite, Inc.*, 2:19-cv-04047 (C.D. Cal.). Plaintiffs cannot force Defendants to defend against their ever-expanding infringement allegations and new infringement theories in each action on account of judicial economy alone.

In conclusion, Plaintiffs' FICs against the GE and ESL products should be stricken.

---

[2] Although Plaintiffs allege in the Opposition that the two charted ESL and GE products are representative of all other accused ESL and GE products, the FICs disclose no support for the alleged representativeness. *See* D.I. 84-4 at 1.

[3] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Opp. at 9-10. This argument does not account for the overall circuitry surrounding the chip, or that chips with the same numerical designation may be made by different manufactures, may come in various versions, and may have different designs. More importantly, the argument has no bearing on the accused ESL products.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated: April 30, 2021

Respectfully submitted,

*/s/ David C. Radulescu*
David C. Radulescu, Ph.D. (admitted *pro hac vice*)
Etai Lahav (admitted *pro hac vice*)
Jonathan Auerbach (admitted *pro hac vice*)
Michael Sadowitz (admitted *pro hac vice*)
Chunmeng Yang (admitted *pro hac vice*)
**RADULESCU LLP**
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: 646-502-5950
Facsimile: 646-502-5959
david@radip.com
etai@radip.com
jonathan@radip.com
mike@radip.com
chunmeng@radip.com

Kevin Kudlac
Texas State Bar No. 00790089
Jennifer Tatum Lee
Texas State Bar No. 24046950
Cabrach J. Connor
Texas State Bar No. 24036390
**CONNOR KUDLAC LEE, PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone: 512-777-1254
Facsimile: 512-656-5743
kevin@connorkudlaclee.com
jennifer@connorkudlaclee.com
cab@connorkudlaclee.com

*Counsel for Defendant*
*Elliott Electric Supply Inc.*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record on this 30th day of April 2021.

                                                      */s/ David C. Radulescu*
                                                      David C. Radulescu, Ph.D.