*FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | § § § § | |
| Plaintiffs, | § § | CASE NO. 6:20-cv-00018-ADA |
| vs. | § § | JURY TRIAL DEMANDED |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD., | § § § § § | <u>PUBLIC VERSION</u> |
| Defendants. | § § | |

## PLAINTIFFS' JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO.'S AND OBERT INC.'S, <u>MOTIONS *IN LIMINE* (NOS. 1-19)</u>

*FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER*

## TABLE OF CONTENTS

I.     **EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS PRODUCED LATE (THIS WEEK)** ................................................................ 1

II.    **EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS FROM NONPARTY, CHINESE CHIP MANUFACTURER LUMIXESS** ........................... 1

III.   **EXCLUDE ANY REFERENCES TO ANY LEGAL ACTION CONCERNING** ████████████████████████████ ████████ .................................................................... 4

IV.   **EXCLUDE ANY TESTIMONY CONCERNING ANY ISSUES RELATED TO DEFENDANTS' NOW DROPPED INEQUITABLE CONDUCT AND UNCLEAN HANDS ALLEGATIONS** ............................................................. 4

V.    **EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY) OR ARGUMENTS REGARDING ALLEGED NON-INFRINGING ALTERNATIVES** ...................................... 5

VI.   **EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY), OR ARGUMENTS THAT ARE INCONSISTENT WITH OR REJECTED IN THE COURT'S CLAIM CONSTRUCTIONS** ................................................................................ 7

VII.  **EXCLUDE AFFIRMATIVE DEPOSITION DESIGNATIONS OF** ████████ ████ **FROM THE UNRELATED** ████████ **CASE ON DIFFERENT PATENTS** ........................................................................................... 8

VIII. **EXCLUDE INFORMATION RELATING TO PLAINTIFFS' POLITICAL AFFILIATIONS, PLAINTIFFS' NATIONALITIES, AND COVID-19** ................... 9

IX.   **EXCLUDE REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS REGARDING** ████████████████ .................................................. 11

X.    **EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY CONCERNING COMPARISONS OF ACCUSED PRODUCTS OR THEIR COMPONENTS WITH EITHER PRIOR ART OR SUPER LIGHTING'S PRODUCTS/COMPONENTS** ................................................................. 11

XI.   **EXCLUDE INFORMATION REGARDING CH LIGHTING'S OWNERSHIP OF PATENTS** ..................................................................... 14

XII.  **EXCLUDE INFORMATION REGARDING CERTAIN INVENTORS NOT TESTIFYING AND NO LONGER WORKING FOR SUPER LIGHTING** .......... 15

XIII. ████████████████████████████████████████ .......... 15

XIV. **EXCLUDE ANY SUGGESTION THAT SUPER LIGHTING'S REDUCTION OF THE ASSERTED PATENTS OR PATENT CLAIMS TO STREAMLINE THIS LITIGATION AMOUNTS TO A CONCESSION OF NON-INFRINGEMENT OR INVALIDITY** ................................................. 16

**XV.     EXCLUDE ANY REFERENCE TO DECLARATIONS PROVIDED BY DEFENDANTS' WITNESSES OR ANY THIRD PARTY** ...................................... 17

**XVI.    EXCLUDE ANY REFERENCE TO ANY EXPERT'S PRIOR WORK WITH SUPER LIGHTING'S LAWYERS OR RETENTION BY PERKINS COIE LLP** .............................................................................................................. 17

**XVII.   EXCLUDE ANY DISPARAGING REMARKS REGARDING THE USPTO AND EXAMINERS** ................................................................................................ 18

**XVIII.  EXCLUDE IMPROPER INEQUITABLE CONDUCT ARGUMENTS (COUCHED AS INVENTORSHIP ALLEGATIONS) FROM THE JURY** ........... 18

**XIX.    EXCLUDE RELIANCE OR MENTION OF ANY THIRD-PARTY OPINIONS ON UNASSERTED PATENTS** .............................................................. 19

**XX.     CONCLUSION** ........................................................................................................ 20

*FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER*

# TABLE OF AUTHORITIES

**CASES**

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*,
  607 F.3d 817 (Fed. Cir. 2010)...............................................19

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11−CV−01846−LHK, 2018 WL 2010621 (N.D. Cal. Apr. 30, 2018) .........................20

*AU New Haven, LLC v. YKK Corp.*,
  2019 WL 1254763 (S.D.N.Y. 2019).........................................3

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
  49 F.3d 1575 (Fed. Cir. 1995).........................................12, 13

*Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*,
  No. 13-cv-01798, 2015 WL 2168840 (D. Md. May 7, 2015).................................15

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-01112-JRG, 2015 WL 11089489 (E.D. Tex. Aug. 24, 2015)............................4

*Dentsply Sirona Inc. v. Edge Endo, LLC*,
  No. 1:17CV1041-JFB-SCY, 2020 WL 6392764 (D.N.M. Nov. 2, 2020)...............................10

*Droplets, Inc. v. Overstock.com, Inc.*,
  No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014)......................18

*Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*,
  No. 1:05-CV-01411-OWW-GSA, 2011 WL 13242962 (E.D. Cal. Jan. 26,
  2011) .......................................................................16

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*,
  No. 2:15-CV-1202-WCB, 2017 WL 959592 (E.D. Tex. Mar.13, 2017)............................5, 19

*EVM Sys., LLC v. Rex Med.*,
  L.P., No. 6:13-CV-184, 2015 WL 11089476 (E.D. Tex. June 10, 2015)..........................4, 18

*EZ Dock, Inc. v. Schafer Sys.*,
  No. CIV.98-2364(RHK/AJB), 2003 WL 1610781 (D. Minn. Mar. 8, 2003) ..........................7

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
  705 F.3d 518 (5th Cir. 2013) .................................................3

*Fiskars, Inc. v. Hunt Mfg. Co.*,
  221 F.3d 1318 (Fed. Cir. 2000)...............................................14

*Gen. Electro Music Corp. v. Samick Music Corp.*,
    19 F.3d 1405 (Fed. Cir. 1994) ...................................................................................19

*Glaros v. H.H. Robertson Co.*,
    797 F.2d 1564 (Fed. Cir. 1986) ..................................................................................15

*Godo Kaisha IP1 Bridge 1 v. Broadcom Ltd.*,
    No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) ...........6

*In re Omeprazole Patent Litig.*,
    536 F.3d 1361 (Fed. Cir. 2008) ..................................................................................12

*Intell. Ventures II LLC v. FedEx Corp.*,
    No. 2:16-CV-00989-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) ..........12, 13, 14, 16

*Jinro Am. Inc. v. Secure Investments, Inc.*,
    266 F.3d 993 (9th Cir. 2001) .....................................................................................10

*Malibu Boats, LLC v. Skier's Choice, Inc.*,
    No. 3:18-CV-00015, 2021 WL 1852085 (E.D. Tenn. May 6, 2021) ........................15

*Mars, Inc. v. TruRX LLC*,
    No. 6:13-CV-526-RWS-KNM, 2016 WL 4055675 (E.D. Tex. Apr. 29, 2016) .........4

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013) .........................................................................................3

*Maxell, Ltd. v. Apple Inc.*,
    No. 5:19-CV-00036-RWS, 2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ..............16

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-CV-5341 YGR, 2014 WL 971765 (N.D. Cal. Mar. 5, 2014) .........................8

*Metaswitch Networks Ltd. v. Genband US LLC*,
    No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ............18

*Music Choice v. Stingray Digital Grp. Inc.*,
    No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) .........7

*MV3 Partners LLC v. Roku*
    No. 6:18-cv-00308- ADA, ECF No. 332, slip op. at 3 (W.D. Tex. Sep. 29,
    2020) ............................................................................................................................5

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie
    GmbH*, No. 6:16-CV-00445-RWS ...............................................................................6

*Packet Intel. LLC v. NetScout Sys., Inc.*,
    No. 2:16-CV-147-JRG, 2017 WL 11631146 (E.D. Tex. Sept. 29, 2017) ..........1, 13

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
   No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)..................13, 16

*Peterson v. Willie*,
   81 F.3d 1033 (11th Cir. 1996) ...............................................................................17

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005)..............................................................................8

*Realtime Data LLC v. EchoStar Corp.*,
   No. 6:17-CV-00084-JDL, 2018 WL 6266300 (E.D. Tex. Nov. 15, 2018).............................6

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
   2017 WL 1319553 (E.D. Tex. 2017) .........................................................................3

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
   279 F.3d 1357 (Fed. Cir. 2020)..........................................................................12, 13

*Transclean Corp. v. Bridgewood Servs.*,
   290 F.3d 1364 (Fed. Cir. 2002)..............................................................................7

*United States v. Pipkins*,
   528 F.2d 559 (5th Cir.), *cert. denied*, 426 U.S. 952 (1976)...........................................17

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
   992 F.3d 1366 (Fed. Cir. 2021)...........................................................................3, 17

*Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*,
   522 F.3d 1348 (Fed. Cir. 2008) ............................................................................13

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*,
   19 F.3d 1418 (Fed. Cir. 1994) ..............................................................................14

*Zhizheng Wang v. Hull*,
   No. C18-1220RSL, 2020 WL 4734930 (W.D. Wash. June 22, 2020) .....................................8

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
   No. 2:14-CV-203-JRG-RSP, 2015 WL 8274055 (E.D. Tex. Dec. 8, 2015)...............................8

*Zimmer Surgical, Inc. v. Stryker Corp.*,
   365 F. Supp. 3d 466 (D. Del. 2019).........................................................................20

## STATUTES

35 U.S.C. § 271.......................................................................................................14

35 U.S.C. § 282.......................................................................................................18

## OTHER AUTHORITIES

Fed. R. Civ. P. 32(a)(1)(C) ..................................................................................9

Fed. R. Civ. P. 32(a)(2) ......................................................................................9

Fed. R. Civ. P. 32(a)(3), (8), and (4)...................................................................9

Fed. R. Civ. P. 32(a)(5)-(7)................................................................................9

Fed. R. Civ. P. 37 ..............................................................................................5

Fed.R.Civ.P. 37(c)(1)........................................................................................6

Fed. R. Evid. 401, 402 ...........................................................................4, 9, 11, 16

Fed. R. Evid. 401, 402, 403 ...............................................................................18

Fed. R. Evid. 402 ..............................................................................................11

Fed R. Evid. 402-03 ....................................................................................15, 16

Fed. R. Evid. 403, 801, and 901.........................................................................20

Fed. R. Evid. 801 ..............................................................................................17

Fed. R. Evid. 801 and 901....................................................................................2

Fed. R. Evid. 803(6)............................................................................................2

Fed. R. Evid. 803(6)(B) ..................................................................................2, 17

Fed. R. Evid. 803(6)(D) ......................................................................................3

Fed R. Evid. 807 ...............................................................................................17

*FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER*

Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd., and Obert, Inc. (hereinafter "Super Lighting") move *in limine* to preclude the introduction of certain arguments, evidence, and/or testimony at trial, from CH Lighting Co., Ltd., Shaoxing Ruising Lighting Co., Ltd., (collectively "CH") and Elliott Electric Supply Inc. (collectively "Defendants") as discussed below.

## I.   EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS PRODUCED LATE (THIS WEEK)

Defendants should be excluded from using any late document produced earlier this week, and more specifically, on August 31.  These documents, purportedly from third party Maxlite, are unquestionably late given fact discovery has been closed since June 7, expert discovery has been closed since August 8, and  trial in this case is next month.  These almost three-month late productions should be excluded.  *See, e.g., Implicit, LLC v. NetScout Sys.*, Inc., No. 2:18-CV-00053-JRG, 2019 WL 6873030, at *3 (E.D. Tex. Nov. 21, 2019) (excluding the late production of source code).  Moreover, third party Maxlite produced documents and was deposed in this case on June 1, 2021, all subject to subpoena, and any relevant document from this third party should have been produced before that deposition.  Defendants' counsel in this case, Holland & Knight, defended Maxlite in that deposition, and this firm also represents Maxlite in currently pending litigation with Super Lighting in the Central District of California, further supporting the position that there is no excuse for these late produced documents.  Finally, the late documents produced earlier this week are prior art related products from other companies.  Defendants should be precluded from sneaking in documents months after the close of fact discovery, and neither their fact witnesses nor experts should be allowed to testify on the documents.

## II.   EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS FROM NONPARTY, CHINESE CHIP MANUFACTURER LUMIXESS

Defendants' attorneys, witnesses, and experts should be precluded from using—for any

purpose—non-party Lumixess documents that were purportedly provided by Lumixess to Defendants' counsel, and which were produced with a Lumixess Bates number.

These Lumixess documents have not been, and cannot be, authenticated; they are also hearsay.  Lumixess is in China and is CH's integrated circuit supplier for the chip accused of infringement ████████  The Lumixess production consists of eight pages of random screenshots and legal opinion excerpts that Defendants use to describe the operation of the ████  (Ex. 1,[1] LUMX-0000001-08).  No witness can testify as to what these documents are—no sponsoring witness has been presented, nor is any Lumixess witnesses coming to trial.  (Ex. 2, Defendants' Witness List).  Instead, Defendants present the Lumixess production as hearsay to describe the truth of the matter asserted, *i.e.*, the operation of the ████.  These documents should be excluded under Fed. R. Evid. 801 and 901.

The Lumixess documents are further not admissible business records under Fed. R. Evid. 803(6).  They were not kept in the course of regularly conducted business activity—they were prepared for the purposes of this litigation.  *See* Fed. R. Evid. 803(6)(B) (stating that business records must be kept in ordinary course of business).  Each of the eight pages are combinations of random screenshots, and they all appear to be attorney-work product.  Tellingly, the first and fourth page bear the label "Lumixess confidential information, prepared for Holland&Knight only!" (Ex. 1 at LUMX-0000001, 04), and the eighth page is an excerpt from a document that is labeled "Confidential and Attorney-Client Privileged."  (*Id.* at LUMX-0000008).  The jury should not see documents so marked,  especially since the name of Defendants' litigation counsel will give the documents added  entirely inappropriate weight as if sponsored by Holland & Knight.  Moreover, the documents on their face say they were prepared for Holland & Knight

---

[1] There exhibits are attached to the declaration of Miguel Bombach, filed concurrently herewith.

*only* making them even more prejudicial under FRE 403.  The five remaining pages that do not

bear those labels are pieced-together tests seemingly done as part of a non-infringement analysis.

(*Id.* at LUMX-0000002-03, 05-07).  These litigation-created documents reek of

untrustworthiness, and cannot fall within the hearsay exceptions.  *See* Fed. R. Evid. 803(6)(D)

(stating that business records must not indicate a lack of trustworthiness).  These documents are

created for the purposes of litigation and should be excluded.  *See, e.g., Wi-LAN Inc. v. Sharp*

*Elecs. Corp.*, 992 F.3d 1366, 1372 (Fed. Cir. 2021) (stating that documents created and prepared

for the purposes of the litigation do not fall under the business records exception while excluding

untrustworthy source code printouts).

Defendants further cannot sneak these dubious hearsay documents through their expert.

"Rule 703 does not make admissible otherwise inadmissible evidence."  *Wi-LAN*, 992 F.3d at

1375 (citing Weinstein's Federal Evidence § 703.05 n.12).  The documents bear hallmarks of

unreliability, and should properly be excluded as unauthenticated hearsay evidence.  *Id.* (stating

that an unauthenticated and untrustworthy source code printout cannot be backdoored in via an

expert via Fed. R. Evid. 703); *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, 2017 WL

1319553, at *9 (E.D. Tex. 2017) ("'An expert who parrots an out-of-court statement is not giving

expert testimony; he is a ventriloquist's dummy.'" (citations omitted)); *see Marvel Characters,*

*Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) ("'[A] party cannot call an expert simply as a

conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the

basis of his testimony.'"  (citations omitted)); *AU New Haven, LLC v. YKK Corp.*, 2019 WL

1254763, at *12 (S.D.N.Y. 2019) ("Although experts are free to rely on otherwise inadmissible

evidence, parties also cannot use experts as a Trojan Horse of hearsay."); *Factory Mut. Ins. Co.*

*v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (Rule 703 "'was never intended to allow

oblique evasions of the hearsay rule' or to 'allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion").

## III.   EXCLUDE ANY REFERENCES TO ANY LEGAL ACTION CONCERNING ███████████████████████████

Defendants should be precluded from referencing whether ████████████ ████████████████████████████. This has no bearing on the infringement claims at issue or any of Defendants' defenses. Fed. R. Evid. 401, 402. And, there is a great risk of unfair prejudice—████████████████████████ ██. ████████████████████ any reference to unrelated litigations ████████████ would result in unfair prejudice, confuse the issues, and/or mislead the jury. Fed. R. Evid. 403; *see EVM Sys., LLC v. Rex Med.*, L.P., No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding any reference to "unrelated legal proceedings involving EVM"); *Mars, Inc. v. TruRX LLC*, No. 6:13-CV-526-RWS-KNM, 2016 WL 4055675, at *2-3 (E.D. Tex. Apr. 29, 2016) (precluding any reference to "any pending or prior litigation other than this case involving either of the parties"); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *1 (E.D. Tex. Aug. 24, 2015) (precluding reference to any "litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party").

## IV.   EXCLUDE ANY TESTIMONY CONCERNING ANY ISSUES RELATED TO DEFENDANTS' NOW DROPPED INEQUITABLE CONDUCT AND UNCLEAN HANDS ALLEGATIONS

Defendants made over 150 pages of inequitable conduction allegations (*see generally* Dkt. 126) but just stipulated to dropping them. (Ex. 3, Bernstein Aug. 25, 2021 E-Mail). As a

result, Defendants should be precluded from presenting any testimony, argument, or insinuation

that any inventors, patent prosecutors, or anyone in any way involved with the invention and

prosecution process acted improperly, provided inaccurate or incomplete information to the

PTO, or attempted to or did deceive the PTO during prosecution by failing to disclose prior art or

otherwise signing false inventorship declarations.  Courts routinely refuse to allow evidence of

misconduct during patent prosecution when it has no relevance to any asserted claim or defense.

*See, e.g., MV3 Partners LLC v. Roku*, Inc., No. 6:18-cv-00308- ADA, ECF No. 332, slip op. at 3

(W.D. Tex. Sep. 29, 2020) (precluding party from using evidence related to the duty of candor or

equitable conduct); *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-

WCB, 2017 WL 959592, at *4 n.6 (E.D. Tex. Mar.13, 2017) ("[T]he Court will not allow Lilly

to argue misconduct or impropriety in the patent prosecution unrelated to any of the defenses that

Lilly has pleaded and asserted during the pretrial process").

## V.      EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY) OR ARGUMENTS REGARDING ALLEGED NON-INFRINGING ALTERNATIVES

Defendants introduced—for the first time—non-infringing alternatives in their rebuttal

reports despite stating during discovery that no such non-infringing alternatives exist.

Defendants' witnesses, experts, and attorneys should consequently be precluded from

referencing non-infringing alternatives for any purpose.

Defendants failed to disclose any non-infringing alternatives in discovery, and they

should be precluded from presenting any at trial.  *See* Fed. R. Civ. P. 37 ("If a party fails to

provide information or identify a witness as required by Rule 26(a) or (e), the party is not

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless").  On November 24, 2020,

Plaintiffs propounded an interrogatory asking Defendants to identify non-infringing alternatives.

(Ex. 4, CH's March 30, 2021 Interrogatory Responses at 15).  Defendants responded that the accused products themselves are non-infringing alternatives—they stated that "[i]t is CH's position that the accused products do not infringe any asserted patent in this case" and that the response would be supplemented if any additional information was discovered.  *Id*.  Defendants did not supplement this response by the close of fact discovery (June 7, 2021), but identified non-infringing alternatives for the first time in their rebuttal reports on July 19.  (Ex. 5, Dr. Lebby Rebuttal Report at ¶¶ 305-311; Ex. 6, Dr. Zane Rebuttal Report at ¶¶ 210-215).  Defendants cannot introduce non-infringing alternatives for the first time after the close of fact discovery (and in contradiction of their interrogatory responses).  *See, e.g., Godo Kaisha IP1 Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344, at *2 (E.D. Tex. Apr. 20, 2017) (granting motion to strike expert report stating that the production of non-infringing alternatives after fact discovery closed–where plaintiff "would be foreclosed from conducting discovery into non-infringing alternatives without leave of court"—would be "prejudicial" and "substantial"); *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No. 6:16-CV-00445-RWS, 2018 WL 4289342, at *5 (E.D. Tex. July 11, 2018) (granting motion to strike expert report stating that post-discovery non-infringing alternatives "would significantly prejudice Plaintiff"); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266300, at *6 (E.D. Tex. Nov. 15, 2018) ("[f]ailure to timely disclose properly requested information relating to non-infringing alternatives, may serve as grounds to exclude testimony at trial relating to the topic. Fed.R.Civ.P. 37(c)(1)").

Allowing Defendants to circumvent interrogatories via dubious rebuttal expert testimony would prejudice Plaintiffs.  Plaintiffs' experts—based on a reliance of Defendants' interrogatory responses—opined that Defendants presented no non-infringing alternatives.  Defendants'

rebuttal reports, however, provided hedge-your-bets arguments that the prior art constitutes non-infringing alternatives "[t]o the extent that such prior art is found not to invalidate the asserted claims."  (Ex. 5 at ¶ 305; Ex. 6 at ¶ 215; *see also* Ex. 5 at ¶ 307 (stating something other than the claimed "adhesive" could be used)).  This speculative opinion—which contradicts Defendants' own interrogatory responses—causes great harm to Plaintiffs and should be excluded.

## VI.   EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY), OR ARGUMENTS THAT ARE INCONSISTENT WITH OR REJECTED IN THE COURT'S CLAIM CONSTRUCTIONS

Defendants should not be permitted to present evidence or argument that is inconsistent with or rejected in the Court's claim constructions and, to the extent that the Court did not construe claim terms, evidence, or argument that is inconsistent with the plain and ordinary meaning of such terms to a person skilled in the art.

"[T]he court determines the scope and meaning of the patent claims asserted." *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002) (citations omitted).  The parties are not entitled to construe the Court's claim construction to argue that the inventors invented something other than what the trial court has construed the claims to mean or argue that the Court's claim construction "is open to interpretation" by the jury.  *EZ Dock, Inc. v. Schafer Sys.*, No. CIV.98-2364(RHK/AJB), 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003).  That is why courts, including this Court, routinely exclude evidence or argument to the jury to support an interpretation of a claim term that was rejected by the court and different than the meaning given to that term by the court.  *See, e.g., MV3 Partners*, No. 6:18-cv-00308 at 5 (granting motion precluding reference to "Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order").

"Claim terms that are not construed have their ordinary meaning."  *Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069, at *4 (E.D. Tex.

Nov. 19, 2019) (*quoting Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011- RSP, 2017 WL 5137401, at *17 (E.D. Tex. Nov. 4, 2017)).  "The ordinary meaning of a claim term is given after reading the entire patent and from the perspective of one of ordinary skill in the art at the time of the invention." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 971765, at *2 (N.D. Cal. Mar. 5, 2014); *see Phillips v. AWH Corp*., 415 F.3d 1303, 1312 (Fed. Cir. 2005).  Therefore, if the Court did not construe a term, the Court should preclude Defendants' witnesses from construing that claim term or from offering any interpretation other than the ordinary meaning from the perspective of a person of ordinary skill in the art at the time the inventions were made.  *See Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 8274055, at *2 (E.D. Tex. Dec. 8, 2015) (precluding expert from relying on intrinsic evidence while claiming that he was providing ordinary meaning, holding that this was claim construction).

## VII.   EXCLUDE AFFIRMATIVE DEPOSITION DESIGNATIONS OF ███████ ██████ FROM THE UNRELATED ████████ CASE ON DIFFERENT PATENTS

Defendants should be precluded from using deposition testimony from Super Lighting's witness ███████ from a separate case in this litigation for any reason.

███████ was "interviewed" in a case against █████ which involved separate parties and patents.  (████████████████████████████████████████████████ ███████████████████████████████████████████████████  This interview was transcribed.  (████████████████████).

███████ was interviewed while he was in China, which does not allow depositions. *See, e.g., Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020) ("taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests

to its Central Authority under the Hague Evidence Convention") (*citing* U.S. Dep't of State Bureau of Consular Affairs China Judicial Assistance Information (2019)).  The interview was not conducted pursuant to Rule 30, ██████ did not give testimony under oath, and was not properly sworn in as a witness.  This interview is inadmissible hearsay.

Even if the Court were to overlook that this interview is not a deposition that is admissible (it should not do so), there are other problems with this transcript.  ██████ was not provided as a corporate representative.  (████████████).  The Federal Rules allow Defendants to use personal depositions from other cases only for impeachment.  *See* Fed. R. Civ. P. 32(a)(1)(C) (stating that use is allowed by "Rule 32(a)(2) through (8)"); Fed. R. Civ. P. 32(a)(2).  Defendants cannot use this transcript for any other purpose—██████ was not a 30(b)(6) witness in the ████ case (██████████), the ████ case involved different parties (██████), and ██████ will be a live witness in the instant case (Ex. 9, Plaintiffs' Witness List, at 1).  None of Fed. R. Civ. P. 32(a)(3), (8), and (4), respectively, apply.  None of the other provisions proscribe any applicable use.  *See, e.g.,* Fed. R. Civ. P. 32(a)(5)-(7).  Consequently, Defendants should be precluded from using ██████ interview from ██ ████████ for any purposes other than impeachment.

## VIII.  EXCLUDE INFORMATION RELATING TO PLAINTIFFS' POLITICAL AFFILIATIONS, PLAINTIFFS' NATIONALITIES, AND COVID-19

The nationality and political affiliations of Super Lighting and its personnel are untethered to the claims and defenses raised in this case and should be excluded as irrelevant.  Fed. R. Evid. 401, 402.  Likewise, Defendants should be precluded from raising any facts, arguments, or information related to any witness' vaccination status, quarantine compliance, or similar COVID-19 concerns, including any reasons they are testifying remotely.  Each of these topics is divisive and, more importantly, has no bearing on any fact at issue in this case.

References to Super Lighting being a Chinese company are similarly irrelevant other than to Super Lighting's status as an importer of TLEDs.  This evidence should therefore be excluded from trial.  Relatedly, Defendants should not be permitted to introduce anything suggesting that Obert is not a legitimate U.S. company. ███████████████

████████████████████████████████

████████████████████████████████

██████████████████████████

To the extent that any of this evidence is deemed relevant, it should be excluded under FRE 403 as outweighed by the substantial risk of prejudice to Super Lighting / Obert.  Fed. R. Evid. 403 (even relevant evidence may be inadmissible if its probative value is substantially outweighed by, among other things, unfair prejudice, confusing the issues, misleading the jury, or wasting time).  A Texas jury may become unduly biased against Super Lighting if presented with evidence or arguments about any of these ancillary issues, *e.g.*, through developing partiality against an individual based on their affiliation with a particular political party or movement, their nationality, or their COVID-19 vaccination status.  The probative value, if any, would be substantially outweighed by the prejudice caused to Plaintiffs.  *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 1:17CV1041-JFB-SCY, 2020 WL 6392764, at *3 (D.N.M. Nov. 2, 2020) ("evidence or arguments based upon racial or ethnic stereotypes necessarily rely upon bias, animus, and guilty by association and should be excluded under Rule 403"); *Jinro Am. Inc. v. Secure Investments, Inc*., 266 F.3d 993, 1007 (9th Cir. 2001) (testimony should have been excluded under FRE 403 where an expert generalized that most Korean businesses are corrupt/untrustworthy, inviting the jury to assume a Korean litigant fit that stereotype).  Time spent on any of these topics would further waste time, given their lack of bearing on any of the

claims or defenses at issue.  This evidence should therefore be excluded from trial.

## IX.   EXCLUDE REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS REGARDING ███████████████████████████████████

██████████

Defendants should be precluded from introducing evidence or argument referencing the

███████████████████████████████████.  Under FRE 401, evidence is relevant

only if "it has any tendency to make a fact more or less probable than it would be without the

evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Irrelevant evidence is inadmissible at trial.  Fed. R. Evid. 402.  Even relevant evidence may be

inadmissible if its probative value is substantially outweighed by, *inter alia*, unfair prejudice,

confusing the issues, misleading the jury, or wasting time.  Fed. R. Evid. 403.

██████████████████████████████████   ███████████

████████████████████████████████ is not relevant to this case as it has

no tendency to make any fact relating to willful infringement or the validity of the Asserted

Patents more or less probable.  Fed. R. Evid. 401.  Because ████████████████████████

████ has no bearing on any claim or defense in this case, it should be excluded.  Fed. R. Evid.

401, 402.  To the extent CH asserts that evidence concerning ████████████████████

███████████████████ is relevant, such references should nevertheless be

excluded under FRE 403 because any probative value CH might claim the evidence has is

substantially outweighed by the danger of unfair prejudice to Super Lighting.  Fed. R. Evid. 403.

As an example, introducing such evidence could bias the jury into inferring that ███████████

██████████████████████████████████████████ Such an

inference is false, misleading to the jury, and unduly prejudicial to Super Lighting and should

therefore be excluded.

## X.   EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY CONCERNING

**COMPARISONS OF ACCUSED PRODUCTS OR THEIR COMPONENTS WITH EITHER PRIOR ART OR SUPER LIGHTING'S PRODUCTS/COMPONENTS**

Any attempt by Defendants to confuse and mislead the jury with legally irrelevant arguments that Defendants should not be held liable for infringement—or that Super Lighting's patents are invalid—because the accused products practice the prior art is legally improper, and the Court should preclude such evidence and argument.

For infringement, "the only proper comparison [to be made at trial] is between the accused products and the elements of the Asserted Claims." *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00989-JRG, 2018 WL 10638138, at *3 (E.D. Tex. Apr. 26, 2018) (granting plaintiff's motion in limine excluding (a) comparisons of the accused products "to any commercial embodiments or prototypes of the asserted patents" and (b) any "compar[ison]… of the accused instrumentalities to any purported prior art device, patent, or system") (emphasis added). An accused infringer may not argue it does not infringe or should not be liable because it purportedly practices the prior art—"'practicing the prior art' is not a defense to infringement." *In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008) (citations omitted); *see also Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365-69 (Fed. Cir. 2020) (stating that practicing the prior art is not a defense to infringement); *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995) ("[q]uestions of obviousness in light of the prior art go to validity of the claims, not to whether an accused device infringes").

It is further improper to present any argument or insinuation that practicing the prior art is a defense to validity—this conflates non-infringement and invalidity, and causes substantial jury confusion on these important, and distinct, issues. *Tate Access*, 279 F.3d at 1367 ("[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing

evidence by asserting a 'practicing prior art' defense to literal infringement under the less

stringent preponderance of the evidence standard"). "[A]nticipation cannot be proven by merely

establishing that one 'practices the prior art.'" *Zenith Electronics Corp. v. PDI Commc'n Sys.,

Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (foreclosing "practicing the prior art" as an invalidity

argument); *see also Parthenon Unified Memory Architecture LLC v. Apple Inc*., No. 2:15-CV-

621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (holding that Defendant

"may not compare an accused product to the prior art [f]or purposes of establishing non-

infringement or invalidity").

Courts have routinely granted motions in limine precluding this kind of improper

comparison between accused products and prior art.  *See, e.g., Parthenon*, 2016 WL 7743510, at

*2 (stating that Defendant "may not compare an accused product to the prior art for purposes of

establishing non-infringement or invalidity"); *Packet Intel. LLC v. NetScout Sys., Inc.,* No. 2:16-

CV-147-JRG, 2017 WL 11631146, at *1 (E.D. Tex. Sept. 29, 2017) (granting motion in limine

to preclude arguments that suggest that practicing the prior art is a defense).  This is because the

determination of infringement by the jury is based on the comparison of the accused device with

the claims of the asserted patent, not the prior art.  *Tate Access*, 279 F.3d at 1366 ("[t]hus, our

decision in Baxter directly forecloses [Defendant]'s 'practicing the prior art' argument…The

discussion in Baxter cited above makes clear that literal infringement is determined by

construing the claims and comparing them to the accused device, not by comparing the accused

device to the prior art."); *see also Baxter*, 49 F.3d at 1583 ("There is no requirement that the

accused device be nonobvious in light of the prior art, or otherwise be itself patentable.  Literal

infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in,

the accused device"); *Intell. Ventures II*, 2018 WL 10638138, at *3.

Finally, an accused infringer may not argue it does not infringe or should not be liable because the accused products are similar to the embodying products.  "[I]t is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent."  *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994); *Intell. Ventures II*, 2018 WL 10638138, at *3 (granting plaintiff's motion comparing accused products to commercial embodiments of the asserted patents).

Accordingly, any evidence, argument, or testimony from Defendants or its witnesses (including any expert witnesses) comparing the accused devices to either the prior art or Super Lighting's products is highly likely to confuse and mislead the jury and should be excluded under Rule 402, 403, and the applicable authority.

## XI.  EXCLUDE INFORMATION REGARDING CH LIGHTING'S OWNERSHIP OF PATENTS

Defendants should be precluded from introducing at trial evidence, testimony, or argument relating to any U.S., Chinese, or other patents or patent applications owned by Defendants.  This case is about Super Lighting's patent infringement claims against Defendants, not about Defendants' patents.

Defendants do not have any patent infringement claims against Super Lighting, so the validity or enforceability of their patents or applications are not relevant.  A patent gives the patentee the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States, 35 U.S.C. § 271, but a patent does not give the patentee the right to practice its patented invention.  *See, e.g.*, *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1324 (Fed. Cir. 2000) (holding that it "is well established that separate patentability does not avoid [infringement under] equivalency as a matter of law").  Defendants' patent ownership is

unrelated to this question, and would be prejudicial and inject juror confusion. *See, e.g., Glaros v. H.H. Robertson Co.,* 797 F.2d 1564, 1572–73 (Fed. Cir. 1986) (allowing evidence regarding a "patent on the accused product … would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues"); *Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:18-CV-00015, 2021 WL 1852085, at *1 (E.D. Tenn. May 6, 2021) (precluding "Defendant will not be allowed to introduce testimony regarding its own patents [] for any purpose" stating that its "probative value is substantially outweighed by the potential for confusion and waste of time").

If Defendants introduce evidence relating to them owning patents at trial, the jury will be confused and may erroneously conclude that Defendants have the right to practice what is covered by the pending or issued claims of their patents.  The jury may also erroneously believe that Defendants' infringement should be forgiven since they also have patents.  Such irrelevant yet highly prejudicial evidence would distract the jury from considering the merits of this case.

## XII.   EXCLUDE INFORMATION REGARDING CERTAIN INVENTORS NOT TESTIFYING AND NO LONGER WORKING FOR SUPER LIGHTING

Defendants should be precluded from commenting on the absence of any of the Patents-in-Suit's nonparty inventors at trial.  The fact that a named inventor is not testifying and/or no longer working for Super Lighting has no probative value to the claims or defenses in this case, is confusing to the jury, and will be highly prejudicial.  The Court should therefore preclude such commentary at trial. *See* Fed R. Evid. 402-03; *Changzhou Kaidi Elec. Co. v. Okin Am., Inc*., No. 13-cv-01798, 2015 WL 2168840, at *2 (D. Md. May 7, 2015).

## XIII. ███████████████████████████████████████

Defendants should be precluded from introducing at trial evidence, testimony, or argument relating to Super Lighting's ████████████████████████████

████████████████████████████████████████

████. Such commentary is based on the wild allegations of Jack Jiang from CH and is otherwise not relevant to any issue in this case and would have no purpose other than to sidetrack the trial, confuse the jury, and invite an unfair negative emotional jury response toward Super Lighting. *See* Fed R. Evid. 402-03; *Parthenon*, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016) (precluding evidence relating to Apple's tax liabilities); *Maxell, Ltd. v. Apple Inc*., No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *9 (E.D. Tex. Feb. 26, 2021) (precluding evidence relating to Apple's operations abroad and its corporate tax structure, stating plaintiff could only reference that a product is produced by a foreign supplier).

## XIV. EXCLUDE ANY SUGGESTION THAT SUPER LIGHTING'S REDUCTION OF THE ASSERTED PATENTS OR PATENT CLAIMS TO STREAMLINE THIS LITIGATION AMOUNTS TO A CONCESSION OF NON-INFRINGEMENT OR INVALIDITY

Defendants should be precluded from putting forth any reference, evidence, suggestion, testimony, or elicitation of any testimony that implies Super Lighting's reduction of the asserted patents or patent claims has any bearing on the validity of those patents or claims or on whether or not those patents or claims are infringed. The fact that Super Lighting may elect to streamline the issues and evidence to be presented to the jury has no impact on whether CH infringes any remaining claim and is therefore irrelevant. Fed. R. Evid. 401, 402; *see also Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, No. 1:05-CV-01411-OWW-GSA, 2011 WL 13242962, at *2 (E.D. Cal. Jan. 26, 2011) (granting plaintiffs' MIL to exclude evidence and argument regarding previously asserted patent claims); *Intellectual Ventures II*, 2018 WL 10638138, at *1 (stating "Defendants may not mention, suggest, or argue that the [] [p]atent was previously asserted"). Moreover, the patents that are no longer in the case are obviously entirely irrelevant to any issue in the case. This case just concerns the '140, '540, and '125 patents.

## XV.   EXCLUDE ANY REFERENCE TO DECLARATIONS PROVIDED BY DEFENDANTS' WITNESSES OR ANY THIRD PARTY

Defendants should be precluded from introducing any declarations from their own witnesses or any third parties.  These out-of-court written statements offered to prove the truth of the matter asserted and constitute hearsay.  Fed. R. Evid. 801.

These declarations fail to satisfy the hearsay exceptions in the Federal Rules of Evidence.  They are not business records.  *Wi-LAN Inc*, 992 F.3d at 1372 ("The declarations thus do not constitute a 'record [that] was kept in the course of a regularly conducted activity of a business.'  Fed. R. Evid. 803(6)(B).  Instead, the declarations were created and prepared for the purposes of litigation, placing them outside the scope of the exception.").  Nor do the declarations meet the "residual exception" under FRE 807 because Defendants can obtain trial testimony from the witnesses that have provided declarations.  The Court should thus preclude any reference to declarations provided by Defendants' witnesses or any third party.

## XVI.   EXCLUDE ANY REFERENCE TO ANY EXPERT'S PRIOR WORK WITH SUPER LIGHTING'S LAWYERS OR RETENTION BY PERKINS COIE LLP

Defendants should be precluded from referencing the prior retention of either party's experts by Super Lighting's counsel or by Perkins Coie LLP in prior unrelated matters.  Super Lighting does not seek to preclude Defendants from using these experts' prior testimonies at trial, but Defendants should be precluded from commenting that Super Lighting's counsel or Perkins Coie LLP had worked with certain experts before.  Such commentary is not relevant to any claims or defenses in this case, is confusing to the jury, and will be highly prejudicial.  Fed. R. Evid. 402-403.  *See United States v. Pipkins*, 528 F.2d 559, 561-62 (5th Cir.), *cert. denied*, 426 U.S. 952 (1976) (recognizing impropriety of commentary on an expert's previous employment by the opposing party stating that party may "not comment upon the fact of [expert's] previous employment by defense counsel"); *Peterson v. Willie*, 81 F.3d 1033, 1037-38

(11th Cir. 1996) (finding that the district court erred in permitting counsel to elicit the fact that

the expert had been previously retained by opposing party stating "the unfair prejudice [] from

disclosing this fact usually outweighs any probative value").

## XVII.  EXCLUDE ANY DISPARAGING REMARKS REGARDING THE USPTO AND EXAMINERS

Defendants should be precluded from making any disparaging remarks about the USPTO

or its examiners, including that examiners are overworked or that the USPTO is prone to error.

The USPTO's examination process and resources are not relevant to the allegations at issue in

this matter, and permitting disparaging comments risks unfair prejudice, confusion of the issues,

and/or misleading the jury. Fed. R. Evid. 401, 402, 403.  Such allegations invite the jury to

speculate inappropriately that the patents should not be presumed to be invalid.  35 U.S.C. § 282

(stating that patents are presumed valid).  Motions in limine on this issue are regularly granted.

*See e.g.*, *MV3 Partners*, No. 6:18-cv-00308 at 4 (granting motion precluding "Disparaging

Comments Regarding the Patent Office and its Examiners") (Albright, J.); *Metaswitch Networks*

*Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *1 (E.D. Tex.

Mar. 1, 2016); *Droplets, Inc. v. Overstock.com, Inc*., No. 2:11-CV-401-JRG-RSP, 2014 WL

11515642, at *1 (E.D. Tex. Dec. 10, 2014); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184,

2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015).

## XVIII. EXCLUDE IMPROPER INEQUITABLE CONDUCT ARGUMENTS (COUCHED AS INVENTORSHIP ALLEGATIONS) FROM THE JURY

Defendants should be excluded from arguing—or otherwise insinuating in any form—

that Super Lighting's inventors had defrauded the USPTO by improperly naming themselves

(and not others) as inventors.  Defendants have made numerous anticipatory/obviousness

defenses based on alleged prior art products, but also made numerous allegations that Super

Lighting did not name those companies that made those products as inventors.  (Ex. 11,

Dr. Lebby Invalidity Rpt., at ¶¶ 1206-1210; Ex. 12. Dr. Zane Invalidity Rpt., at ¶¶ 983-986).

This improper inventorship argument goes towards whether Super Lighting's inventors had

defrauded the USPTO by submitting false declarations naming themselves as inventors.  It also

goes to "intent" to defraud.  But this is all entirely irrelevant to any issue in this case now that

Defendants have dropped their inequitable conduct and unclean hands defenses.  (Ex. 3

(stipulating to dropping inequitable conduct)).  That decision was a tactical one made by

Defendants, and was one made as part of a much larger agreement between the parties.

Defendants should not be able to back-door inequitable conduct arguments in front of the jury

under any circumstances, much less where they agreed to drop the defense.

To the extent that these arguments are not excluded from trial, they should nonetheless be

excluded from the jury.  The jury's task is to determine whether those alleged prior art products

render the claims anticipated or obvious.  Insinuating—or outright stating—that inventor fraud

had also been committed by not naming the right inventors is highly prejudicial, will confuse the

issues, and mislead the jury.  It will also highly prejudice Super Lighting.  The question of

whether the inventors improperly named themselves as inventors in sworn declarations to the

USPTO should not be left for the jury.  *Erfindergemeinschaft*, 2017 WL 959592, at *4 n.6

(excluding the reference of misconduct before the USPTO); *Gen. Electro Music Corp. v. Samick

Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("disputed issues of fact underlying the issue

of inequitable conduct are not jury questions"); *see also Advanced Magnetic Closures, Inc. v.

Rome Fastener Corp.*, 607 F.3d 817, 828 (Fed. Cir. 2010) (stating that "named inventors [who]

deliberately conceal a true inventor's involvement, the applicants have committed inequitable

conduct and the patent is unenforceable").

## XIX.   EXCLUDE RELIANCE OR MENTION OF ANY THIRD-PARTY OPINIONS ON

**UNASSERTED PATENTS**

Defendants' attorneys, witnesses, and experts should be precluded from using—for any purpose—third-party opinions relating to the non-infringement of non-asserted patents.

These documents are unauthenticated and constitute hearsay—they are non-infringement opinions from third-party Lumixess (the Chinese manufacturer of the accused ▮▮▮▮▮ chip) relating to non-asserted patents.  (Ex. 13, CHLIGHTING-SL_0059112; Ex. 14, CHLIGHTING-SL_0059156; Ex. 15, CHLIGHTING-SL_0059174).  No sponsoring witness has been presented, nor are any Lumixess witnesses coming to trial.  Further, allowing opinions based on unasserted patents would be highly prejudicial as it would have a high likelihood to cause unfair prejudice, confuse the issues, and/or mislead the jury as they may believe that Defendants had obtained legal opinion of non-infringement on the asserted patents.  Fed. R. Evid. 403; *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11−CV−01846−LHK, 2018 WL 2010621, at *4 (N.D. Cal. Apr. 30, 2018) (excluding evidence regarding unasserted patent); *see also Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 500 (D. Del. 2019) (excluding expert opinion on unrelated patents as being unhelpful to the trier of fact).  These documents should be excluded under Fed. R. Evid. 403, 801, and 901.

Finally, Defendants should be precluded from using these documents due to Defendants' prior representations in this case.  The parties stipulated that: "Defendants [will] not rely or testify on opinions; plaintiffs will not raise these opinions unless Defendants open the door to this at trial."  (Ex. 3).  And, Defendants represented that they will not rely on any opinion of counsel defense.  (Ex. 16, R. Hill June 7, 2021 E-Mail).

**XX.    CONCLUSION**

For the foregoing reasons, Super Lighting respectfully requests that the Court grant its Motions in Limine.

Dated: September 2, 2021

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein
MBernstein@perkinscoie.com
California Bar No. 199240
Evan S. Day (*Pro Hac Vice*)
EDay@perkinscoie.com
Miguel J. Bombach (*Pro Hac Vice*)
MBombach@perkinscoie.com
Ruchika Verma (*Pro Hac Vice*)
RVerma@perkinscoie.com
Abigail A. Gardner
California Bar No. 334598
AGardner@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Chao (Wendy) Wang
WWang@perkinscoie.com (*Pro Hac Vice*)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

**ATTORNEYS FOR JIAXING SUPER
LIGHTING ELECTRIC APPLIANCE CO.,
LTD. AND OBERT, INC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered

electronically via E-Mail, to all counsel of record on September 2, 2021.

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein