**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC.,** | § § § § | |
| **Plaintiffs,** | § § | **CASE NO. 6:20-cv-00018-ADA** |
| **vs.** | § § | **JURY TRIAL DEMANDED** |
| **CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD.,** | § § § § § § | |
| **Defendants.** | § § | |

**PROPOSED JOINT FINAL PRETRIAL ORDER**

Pursuant to the Court's Agreed Scheduling Order (Dkt. 29), and consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc. ("Super Lighting" or "Plaintiffs") and Defendants CH Lighting Technology Co., Ltd. ("CH Lighting"), Shaoxing Ruising Lighting Co., Ltd. ("Ruising"), and Elliott Electric Supply Inc. ("Elliott") (collectively "Defendants"), submit this Joint Final Pretrial Order in advance of the Pretrial Conference.

## I.   APPEARANCE OF COUNSEL

| Attorneys for Plaintiffs | Attorneys for Defendants |
|---|---|
| Matthew C. Bernstein | Robert S. Hill |
| MBernstein@perkinscoie.com | Texas Bar No. 24050764 |
| California Bar No. 199240 | Email: robert.hill@hklaw.com |
| Joseph P. Reid | Sara Schretenthaler Staha |
| jreid@perkinscoie.com | Texas Bar No. 24088368 |
| California Bar No. 211082 | Email: sara.staha@hklaw.com |
| Evan S. Day (*Pro Hac Vice*) | David C. Schulte |
| EDay@perkinscoie.com | Texas Bar No. 24037456 |
| Miguel J. Bombach (*Pro Hac Vice*) | Email: david.schulte@hklaw.com |
| MBombach@perkinscoie.com | Morgan Kleoppel |
| Ruchika Verma (*Pro Hac Vice*) | Texas Bar No. 24116625 |

RVerma@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Chao (Wendy) Wang (*Pro Hac Vice*)
WWang@perkinscoie.com
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

Email: morgan.kleoppel@hklaw.com
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Telephone: (214) 964-9500
Facsimile: (214) 964-9501

Allison M. Lucier (*Pro Hac Vice*)
Massachusetts Bar No. 569193
Email: allison.lucier@hklaw.com
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Stacey H. Wang *(Pro Hac Vice)*
California Bar No. 245195
Email: stacey.wang@hklaw.com
William E. Sterling (*Pro Hac Vice*
forethcoming)
California Bar No. 332585
Email: william.sterling@hklaw.com
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 896-2400

Leonie Huang (*Pro Hac Vice*)
New York Bar No. 5128442
Email: leonie.huang@hklaw.com
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3398
Facsimile: (212) 385-9010

Xin Jin (*Pro Hac Vice*)
New York Bar No. 5376462
Email: Sophie.Jin@hklaw.com
800 17th Street N.W. Suite 1100
Washington, District of Columbia 20006
Telephone: (202) 469-5179

II.     **JOINT STATEMENT OF THE CASE**

This is a civil action relating to the alleged infringement and invalidity of three patents assigned to Super Lighting:  U.S. Patent Nos. 9,939,140 B2 ("the '140 Patent"), 10,295,125 B2 ("the '125 Patent"), and 10,352,540 B2 ("the '540 Patent") (collectively the "Asserted Patents"). Super Lighting alleges that Defendants' LED tube lamps infringe claims 1, 4, 5, 24, 28, and 31 of the '140 Patent, claim 1 of the '125 Patent, and claims 13 and 14 of the '540 Patent (collectively the "Asserted Claims").  The parties have stipulated that all existing versions of all accused products infringe claim 1 of the '125 Patent and claims 13 and 14 of the '540 Patent. The parties have further stipulated that all products accused of infringing claims 1, 4, 5, 24, 28, and 31 of the '140 Patent infringe those claims, with the exception that Defendants contend products containing the LT2600 integrated circuit do not infringe any claim of the '140 Patent. Therefore, the only issue to be tried as to infringement is whether products having the LT2600 integrated circuits infringe claims 1, 4, 5, 24, 28, and 31 of the '140 Patent. Super Lighting also alleges that Defendants' infringement was willful, and Super Lighting seeks damages in the form of lost profits and reasonable royalties.

Defendants contend that the Asserted Claims of the '140 Patent, the '125 Patent, and the '540 Patent are invalid based upon anticipation and obviousness.  Defendants deny that any infringement was willful.  Defendants contend that Plaintiffs are not entitled to lost profits. Defendants contend that Super Lighting's damages theories related to reasonable royalty calculation are flawed.  Defendants further contend that Plaintiffs are not entitled to injunctive relief under any theory.  Further, Defendants contend that this case is exceptional under 35 U.S.C. § 285, and Defendants seek their fees and expenses thereunder and any other relief the Court deems appropriate.

The Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and

1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court also has jurisdiction over CH Lighting's counterclaims for declaratory judgment of non-infringement solely as to whether products having the LT2600 integrated circuits infringe the '140 Patent and invalidity because there is a justiciable controversy between the parties within the meaning of 28 U.S.C. §§ 2201 and 2202 and the counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction, personal jurisdiction, and venue are not in dispute.

## III.    CONTENTIONS OF THE PARTIES

### A.    Plaintiffs' Statement of Contentions

1.    Plaintiffs are the owner of all rights, title, and interest in the Asserted Patents, including the right to sue and recover damages for infringement of the Asserted Patents.

2.    The Asserted Claims are valid and enforceable.

3.    Defendants have directly infringed claims 1, 4, 5, 24, 28, and 31 of the '140 Patent, claim 1 of the '125 Patent, and claims 13 and 14 of the '540 Patent by making, using, selling, offering for sale/and or importing the Accused Products.

4.    The Accused Products are LED Tube Lamps manufactured, imported into the United States, offered for sale in the United States or sold in the United States by CH Lighting and or Ruising, and/or sold and offered for sale in the United States by Elliott. Super Lighting provided pre-suit notice of infringement of the Asserted Patents to Defendants CH Lighting and Ruising, and CH Lighting and Ruising were otherwise aware of each of the Asserted Patents before suit.

5.    Plaintiffs and Defendants CH Lighting and Ruising are direct competitors in the field of LED tube lamps within the United States.

6.      Plaintiffs manufacture and sell LED tube lamps which practice one or more claims of each of the '140 Patent, '125 Patent, and '540 Patent.

7.      Super Lighting contends that Defendants' infringement is and has been willful, including without limitation because Defendants continued to manufacture and sell infringing products after having notice of the Asserted Patents.

8.      Super Lighting has been damaged by Defendants' conduct and is entitled to damages adequate to compensate for Defendants' infringement, including lost profits, but in no event less than a reasonable royalty.  In particular, Super Lighting contends that it is entitled to a running royalty and lost profits for each of the Asserted Patents as described above.  Super Lighting also contends that it is entitled to pre-judgment interest from the date of infringement to the date of judgment pursuant to 35 U.S.C. § 284, post-judgment interest and costs pursuant to 35 U.S.C. § 284, and any supplemental damages as appropriate, including damages on any products sold or to be sold after the last date on which Defendants updated their sales data on the Accused Products.

9.      Defendants' infringement is and has been willful, entitling Super Lighting to enhanced damages pursuant to 35 U.S.C. § 284.

10.     Defendants' affirmative defenses and declaratory judgment counterclaims are without merit.

11.     Defendants are not entitled to any fees or costs, including attorneys' fees, expert's fees, or expenses incurred in this action.  Defendants are also not entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

**B.      Defendants' Statement of Contentions**

1.      Defendants deny that products containing the LT2600 integrated circuit infringe any Asserted Claim of the '140 Patent.

2.      Defendants contend that the Asserted Claims of the '140 Patent, the '125 Patent, and the '540 Patent are invalid.  Defendants contend that the Asserted Patents are invalid. Specifically, Defendants contend that the Asserted Claims of the '140 Patent, the '125 Patent, and the '540 Patent are invalid for being anticipated or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103.

3.      Defendants contend that, because products containing the LT2600 integrated circuit do not infringe any Asserted Claim of the '140 Patent, and because the Asserted Claims of the '140 Patent, the '125 Patent, and the '540 Patent are invalid, Defendants are not liable to Plaintiffs for any damages, including damages sought under 35 U.S.C. §§ 284 and 285.

4.      Defendants contend that, even if Defendants infringe any valid claim of the '140 Patent, the '125 Patent, and/or the '540 Patent, Plaintiffs are not entitled to lost profits and Plaintiffs' proposed royalty is excessive and unsupported.

5.      Defendants contend that, even if Defendants infringe any valid claim of the '140 Patent, the '125 Patent, and/or the '540 Patent, Plaintiffs are entitled to, at most, nominal reasonable royalty damages under 35 U.S.C. § 284 and no attorneys' fees under § 285.

6.      Defendants contend that, even if Defendants infringe any valid claim of the '140 Patent, the '125 Patent, and/or the '540 Patent, Defendants' infringement has not been willful, and Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284.   Defendants further contend that Super Lighting's purported pre-suit notice was flawed. Defendants are entitled to fees and costs, including attorneys' fees, expert's fees, and expenses incurred in this action.  Defendants are also entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

By providing these contentions, Defendants do not concede that all of these issues are appropriate for trial.  In particular, Defendants do not waive any of their pending or future filed motions, which, if granted, could render some or all of these issues moot.

## IV.   STIPULATED FACTS

The Parties agree to the following stipulated facts:

1.      The '140 Patent issued on April 10, 2018.

2.      The '540 Patent issued on July 16, 2019.

3.      The '125 Patent issued on May 21, 2019.

4.      Plaintiffs assert claims 1, 4, 5, 24, 28, and 31 of the '140 Patent, claim 1 of the '125 Patent, and claims 13 and 14 of the '540 Patent.

5.      Plaintiff Jiaxing Super Lighting Electric Appliance Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

6.      Plaintiff Jiaxing Super Lighting Electric Appliance Co., Ltd. is the owner by assignment of the '140 Patent, the '540 Patent, and the '125 Patent.

7.      Plaintiff Obert, Inc. is the U.S. affiliate of Super Lighting and is a corporation organized under California law, with a principal place of business at 1380 Charles Willard St., Carson CA 90746.

8.      Plaintiff Obert, Inc. is the exclusive licensee of the '140 Patent, the '540 Patent, and the '125 Patent.

9.      Defendant CH Lighting is a corporation organized and existing under the laws of the People's Republic of China; it has a principal place of business at Chenhui Guangbao Industrial Park, Xietang Town, Shangyu District, Shaoxing City, Zhejiang, China (中国浙江省绍兴市上虞区谢塘晨辉光宝工业园区).

10.     Defendant Ruising is a corporation organized and existing under the laws of the People's Republic of China; it has a principal place of business at No. 0706-1, Shimao Skyline Center, Di Dang New City, Yuecheng District, Shaoxing, Zhejiang, China (中国浙江省绍兴市越城区迪荡新城世茂天际中心0706 号-1).

11.     Defendants CH Lighting and Ruising have imported into and sold in the United States the following products:  CH1118 series, CH1128 series, CH1152 series, CH11152S series, CH1152-42W-FA8 series, CH1152AS series, CH1152SD series, CH1155C series, CH1156 series, CH1157 series, CH1157S series, CH1157AS series, CH1157SD series, CH1180 series, CH1198 series, CH1198D series, LV1118, LV1153DA, LV1155, LV1155NA, LV1156.  The products imported and sold in the United States by CH and Ruising include products within the foregoing series manufactured by CH Lighting and Ruising for sale under different brand names; for example, the "CH1152S series" includes the Keystone-branded KT-LED7T8-24GC-840-DX2.

12.     Defendant Elliott is a Texas corporation with its headquarters at 2526 N Stallings Drive, Nacogdoches, TX 75963-0610, and regular and established places of business at 3325 Clay Avenue, Waco, Texas, and at other locations in this District.

13.     Defendant Elliott has sold within the United States the following products: Keystone tube lamps manufactured by CH Lighting and Ruising (*e.g.,* KT-LED10.5T8-48G-835-DX2, KT-LED7T8-24GC-840-DX2, and length, wattage, and color temperature variations thereof), Maxlite tube lamps manufactured by CH Lighting and Ruising, ESL Vision GDT series, ESL Vision PBC series, GE Current BDT series (*e.g.,* LED14BDT8/G4/840).

14.     Plaintiffs filed their Complaint on January 10, 2020.

15.     Plaintiffs filed their First Amended Complaint on March 16, 2020.

16.     All existing versions of all products accused of infringing the '540 Patent infringe claims 13 and 14 of the '540 Patent, including the following products: CH1118 series, CH1128 series, CH1152 series, CH11152S series, CH1152-42W-FA8 series, CH1152AS series, CH1152SD series, CH1155C series, CH1156 series, CH1157 series, CH1157S series, CH1157AS series, CH1157SD series, CH1180 series, CH1198 series, CH1198D series, LV1118, LV1153DA, LV1155, LV1155NA, LV1156, ESL Vision GDT series, ESL Vision PBC series, GE Current BDT series (*e.g.,* LED14BDT8/G4/840).  The infringing products include products within the foregoing series manufactured by CH Lighting and Ruising for sale under different brand names; for example, the "CH1152S series" includes the Keystone-branded KT-LED7T8-24GC-840-DX2, others in that series, the Maxlite-branded L11.5T8DE440-CG4, and others in that series.

17.     All existing versions of all products accused of infringing the '125 Patent infringe claim 1 of the '125 Patent, including the following product series:  CH1118 series, CH1128 series, CH11152S series, CH1152-42W-FA8 series, CH1152AS series, CH1152SD series, CH1155C series, CH1156 series, CH1157S series, CH1157AS series, CH1157SD series, CH1180 series, CH1180AX series, CH1198 series, CH1198D series, LV1118, LV1153DA, LV1155, LV1155NA, LV1156, ESL Vision GDT series, ESL Vision PBC series, GE Current BDT series (*e.g.*, LED14BDT8/G4/840).  The infringing products include products within the foregoing series manufactured by CH Lighting and Ruising for sale under different brand names; for example, the "CH1152S series" includes the Keystone-branded KT-LED7T8-24GC-840-DX2, others in that series, the Maxlite-branded L11.5T8DE440-CG4, and others in that series.

18.     The following products accused of infringing the '140 Patent infringe claims 1, 4, 5, 24, 28, and 31 of the '140 Patent: CH11152S series, CH1152-42W-FA8 series, CH1152AS series, CH1157S series, CH1157AS series, CH1152SD series, CH1157SD series, CH1198D,

ESL Vision GDT series, ESL Vision PBC series, GE Current BDT series (*e.g.,* LED14BDT8/G4/840).  This excludes such products sold with the LT2600 integrated circuit, which remain disputed.  The infringing products include products within the foregoing series manufactured by CH Lighting and Ruising for sale under different brand names; for example, the "CH1152S series" includes the Keystone-branded KT-LED7T8-24GC-840-DX2, others in that series, the Maxlite-branded L11.5T8DE440-CG4, and others in that series.

## V.    DISPUTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated.  The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or rulings made at the pretrial conference in this action.  By providing this statement, the parties do not concede that all of these issues are appropriate for trial.  The parties also do not waive any of their pending motions.

- Infringement

1.    Whether accused products containing the LT2600 integrated circuit infringe claims 1, 4, 5, 24, 28, and 31 of the '140 Patent.

2.    Whether Defendants' infringement of the asserted claims of the '140 Patent, the '540 Patent, and/or the '125 Patent has been willful.

- Validity

3.    Whether the Asserted Claims of the '140 Patent, the '125 Patent, and/or the '540 Patent are invalid on the basis of anticipation (35 U.S.C. § 102) or obviousness (35 U.S.C. § 103).

4.    Whether the '125 Patent is entitled to a priority date earlier than September 25, 2015.

- Damages and remedies

5.  If Defendants are found to infringe the asserted claims of the '140 Patent, the '540 Patent, and/or the '125 Patent, the amount adequate to compensate Plaintiffs for that infringement, including past and ongoing infringement, further including whether damages should be calculated in the form of a reasonable royalty, lost profits, or both.

6.  The amount and manner of any pre-judgment and post-judgment interest.

7.  Whether a permanent injunction should be entered against Defendants to stop future infringement of the '140 Patent, the '540 Patent, and/or '125 Patent.

8.  Whether damages should be enhanced should the jury find one or more of the Defendants willfully infringed any of the Asserted Patents.

9.  Whether the Court should award Super Lighting its reasonable attorneys' fees if it is the prevailing party.

10.  Whether the Court should award Defendants their fees and costs, including reasonable attorneys' fees, expert's fees, and expenses if they are the prevailing party.

11.  Whether Defendants are entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

## VI.   EXHIBITS

The parties are continuing to meet and confer on updated exhibit lists to reduce the number of exhibits in view of the parties' recent stipulation to reduce the scope of the case (*i.e.*, by reducing the number of asserted patents, claims, and prior art references), as well as the recently concluded depositions, and will submit updated versions prior to the pretrial conference.

## VII.   WITNESSES

The parties are continuing to meet and confer on updated witness lists, and will submit updated versions prior to the pretrial conference.

## VIII.   DEPOSITION DESIGNATIONS

The parties are continuing to meet and confer regarding designations of additional

Defendant witnesses taken recently by court order and ending on September 9, and will submit

supplemental designations prior to the pretrial conference.

## IX.   STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties as discussed below and are

made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of

witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to

identify any objections remaining between the parties with regard to these disclosures:

### A.   Notification of live witnesses

No later than the pretrial conference, the parties will file with the Court and exchange

amended witness lists containing (a) an identification of each previously-listed witness expected

to be called live on direct examination during trial and (b) a good-faith narrowing of all other

previously-listed witnesses.

The parties shall notify the opposing parties by email of the identities and order in which

they plan to call live witnesses by 3 p.m. CT two calendar days prior to the date that the party

intends to call such witnesses (*e.g.,* by 3 p.m. CT on Monday for any witness who will be called

on Wednesday).  "Live witnesses" includes witnesses who are called to testify remotely via

videoconference due to COVID-19 safety or travel restrictions.

### B.   Demonstratives

Demonstratives are exhibits specifically created for the purpose of the trial and do not

include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the

enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, provided

that such testimony has either previously been played for the jury or is used for impeachment. The parties will exchange copies of all demonstratives and the identity of any non-preadmitted exhibit to be shown to the jury during opening statements no later than 2 p.m. CT the day before opening statements.  The parties shall exchange objections to these demonstratives and exhibits by 4 p.m. CT that evening.  The parties shall meet and confer regarding any objections by 6 p.m. CT that evening.

During trial, each party shall provide by email no later than 7 p.m. CT each day a copy of all demonstratives that it will present during the direct examination the following day at trial with each direct examination witness, and the receiving party shall provide objections to such demonstratives by 8:30 p.m. CT.  The parties shall meet and confer regarding any objections by 9:30 p.m. CT that evening.  However, the parties shall disclose exhibits to be used on the first day of trial, and shall object and meet and confer regarding objections to the same, according to the schedule set forth above for opening demonstratives.  The parties need not exchange demonstratives or exhibits for use in cross-examination.

Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.  Demonstratives for direct examination and opening statements as well as trial exhibits must be cleared of outstanding objections before being shown to the jury.  The parties must lay proper foundation for any underlying exhibit/testimony used within a demonstrative before its presentation in court.  Additionally, any transcripts of testimony, whether by video, electronic copy presented on-screen or hard copy on a document Elmo, must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination.  This excludes any testimony given during this trial.  On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion *in limine* or other exclusionary order, regardless of whether it was

previously designated by the parties.

### C.      Exhibits

The parties will exchange lists of proposed exhibits to be pre-admitted no later than 6 p.m. CT, two days prior to opening statements.  The parties will meet and confer regarding exhibits to be pre-admitted and shall prepare a joint list of pre-admitted exhibits to be entered into evidence prior to opening statements.

During trial, each party shall provide notice by email no later than 7 p.m. CT each day a good-faith identification of any exhibit (including physical exhibits) expected to be used during direct examination with each direct examination witness the following day at trial, and the receiving party shall provide objections to such exhibits by 8:30 p.m. CT that evening.  The parties shall meet and confer regarding any objections by 9:30 p.m. CT that evening.  However, the parties shall disclose exhibits to be used on the first day of trial, and shall object and meet and confer regarding objections to the same, according to the schedule set forth above for opening demonstratives.

Exhibits to be used on cross examination need not be identified in advance; however, the cross-examining party shall provide binders containing all exhibits to be used on cross-examination to the witness, to opposing counsel, and two copies for the Court prior to the beginning of the witness' cross-examination.

The parties will make available for inspection all non-documentary demonstratives, physical exhibits or physical prior art, for use during direct examination or opening (but not for cross-examination) by 7 p.m. CT three days before their intended use and thereafter on reasonable notice as agreed by the parties.  This paragraph does not preclude any requests to inspect physical exhibits identified on either party's witness list prior to the disclosure above.

The parties shall make good-faith efforts to resolve objections over the use of identified

witnesses, testimony, and demonstratives prior to the subsequent day trial day by participating in a meet and confer following the identification of and objection to witnesses, testimony, and demonstratives each day.

The parties may agree to modify the above procedures in writing, subject to any order or instruction from the Court.

### D. Deposition Testimony[1]

Each party presenting one or more witnesses by deposition shall identify those witnesses by email to the other party no later than 7 p.m. CT two days prior to the date that the party intends to use such testimony (*e.g.*, by 7 p.m. CT Monday for a witness whose deposition testimony will be presented on Wednesday). At this time, the disclosing party shall further identify all exhibits that will be shown to the jury during such deposition testimony and, out of the party's deposition designations previously submitted in accordance with the Order Governing Proceedings, those portions of the deposition it intends to present. The receiving party shall provide objections to such witnesses by 8:30 p.m. CT the same evening, and at the same time shall provide counter-designations to any deposition testimony. The disclosing party shall make objections and disclose counters to counter-designations by 9:10 p.m. CT the same evening. The parties shall meet and confer by 9:30 p.m. CT the same evening to attempt to resolve such objections. Any unresolved objections will be raised with the Court the next morning. If deposition testimony is to be played or read during trial, the party that seeks to play or read the deposition testimony must also provide the opposing party, by 9:00 p.m. CT the evening before the deposition testimony is to be played or read, a workable copy of the actual recording to be

---

[1] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

played, or a synthesized transcript of the testimony to be read, as the case may be, including all designations and counter-designations.  The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial.

Either party can eliminate any of their proposed designations before a clip is played.  Any deposition testimony may be used at trial for purposes of impeachment regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purposes.

Deposition designations and counter-designations will be counted against the designator's time.  Affirmative and counter-designations will be played in sequence.  No objections, preambles, or exchanges between counsel will be played or read as part of deposition testimony.

### E.      Additional Stipulations regarding trial evidence

The parties have agreed on the following stipulations regarding evidence and argument to be presented at trial:

- Defendants withdraw their inequitable conduct and unclean hands defenses, and will not present any evidence or argument relating to these defenses at trial;[2]

- Defendants will not rely on or introduce testimony, evidence or argument about opinions of counsel;

- The parties will not argue that the withdrawal of the five additional patents previously asserted in this case is an admission of liability or lack thereof.  Plaintiffs agree that they will not assert the withdrawn patents against CH Lighting and its customers to the extent that the customers are selling

---

[2] Defendants have every intent to fully comply with the existing stipulation.  Should Plaintiffs attempt to repudiate the agreement, Defendants reserve the right to re-raise such issues.

CH Lightingproducts in the future, while Defendants agree not to challenge the validity and enforceability of these five patents in the future.

## X.      PROPOSED JURY INSTRUCTIONS

The parties are continuing to meet and confer on proposed preliminary and final jury instructions and will submit joint and disputed preliminary and final instructions prior to the pretrial conference.

## XI.     LIST OF ANY PENDING MOTIONS

The following motions remain pending:

- ECF No. 142: Defendants' Motion to Exclude Certain Opinions and Testimony of Lauren Kindler

- ECF No. 159:  Defendants' Motions *in Limine*

- ECF No. 160: Plaintiffs' Motions *in Limine*

## XII.    PROPOSED *VOIR DIRE*

The parties are continuing to meet and confer on *voir dire* questions and a juror questionnaire, and will submit the same prior to the pretrial conference.

## XIII.   VERDICT FORM

The parties are continuing to meet and confer on the verdict form, and will submit the same prior to the pretrial conference.

## XIV.    DISPUTED MOTIONS *IN LIMINE*

Plaintiffs' Motions *in Limine* were filed at ECF No. 160, .  Defendants' Motions *in Limine* were filed at ECF No. 159.  The parties filed their oppositions to these motions on September 9, 2021.  The parties are continuing to meet and confer regarding agreements on several of these Motions *in Limine* and will advise the Court prior to the pretrial conference which motions have been agreed and which remain disputed.

**XV.    PROCEDURE FOR POTENTIAL COVID-19 WITNESS DISRUPTIONS**

The Parties agree that, in the event any witness who is scheduled and disclosed to appear live to testify, becomes unable to do so due to COVID-19 illness or travel restrictions (whether imposed by the United States or by the witness' country of origin) or otherwise, the witness may be called via live videoconference.  To the extent that any party intends to offer testimony in this fashion, it will notify opposing counsel as soon as it becomes aware of the issue and provide a revised order of witness appearance if necessary.

**XVI.   LENGTH OF TRIAL**

The parties agree that each party will designate a representative to keep track of the time used by each party and for administrative matters each trial day.  At every break, the representatives will coordinate to agree on the time allocations.  Time will be charged to the questioning party, and any time spent on objections will be deducted from the time of the party that loses the ruling on the objection.  Administrative time will be charged to each party equally. At the end of each trial day, the remaining time for each party will be read into the record.

The probable length of trial is five days, including jury selection.  The parties request that each side be allotted 12 hours for trial, exclusive of *voir dire*, opening statements, and closing arguments.

Dated:  September 9, 2021

By: _/s/ Matthew C. Bernstein_____
Matthew C. Bernstein
California State Bar No.199240
MBernstein@perkinscoie.com
Joseph P. Reid
California State Bar No. 211082
JReid@perkinscoie.com
Evan S. Day (*Pro Hac Vice*)
EDay@perkinscoie.com
Miguel J. Bombach (*Pro Hac Vice*)
MBombach@perkinscoie.com
Ruchika Verma (*Pro Hac Vice*)
RVerma@perkinscoie.com
Abigail A. Gardner
California Bar No. 334598
AGardner@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Chao (Wendy) Wang (*Pro Hac Vice*)
WWang@perkinscoie.com
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

*Attorneys for Plaintiffs JIAXING SUPER
LIGHTING ELECTRIC APPLIANCE CO.,
LTD. AND OBERT, INC.*

Respectfully submitted,

By: _/s/ Robert S. Hill_____
Robert S. Hill (Lead counsel)
Texas Bar No. 24050764
Email: robert.hill@hklaw.com
Sara Schretenthaler Staha
Texas Bar No. 24088368
Email: sara.staha@hklaw.com
David C. Schulte
Texas Bar No. 24037456
Email: david.schulte@hklaw.com
Morgan Kleoppel
Texas Bar No. 24116625
Email: morgan.kleoppel@hklaw.com
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Telephone: (214) 964-9500
Facsimile: (214) 964-9501

Allison M. Lucier (*Pro Hac Vice*)
Massachusetts Bar No. 569193
Email: allison.lucier@hklaw.com
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Stacey H. Wang *(Pro Hac Vice)*
California Bar No. 245195
Email: stacey.wang@hklaw.com
William E. Sterling (Pro Hac Vice
forethcoming)
California Bar No. 332585
Email: william.sterling@hklaw.com
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 896-2400

Leonie Huang (*Pro Hac Vice*)
New York Bar No. 5128442
Email: leonie.huang@hklaw.com
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3398
Facsimile: (212) 385-9010

Xin Jin (*Pro Hac Vice*)
New York Bar No. 5376462

Email: Sophie.Jin@hklaw.com
800 17th Street N.W. Suite 1100Washington,
District of Columbia 20006
Telephone: (202) 469-5179

*Attorneys for Defendants CH LIGHTING*
*TECHNOLOGY, CO., LTD., ELLIOTT*
*ELECTRIC SUPPLY INC., AND SHAOXING*
*RUISING LIGHTING CO., LTD.*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served via electronic mail, to all counsel of record on September 9, 2021.

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein
