# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., Plaintiff, | ) ) ) ) |
| v. | ) CASE NO.: 6:20-cv-00018-ADA ) |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC., AND SHAOXING RUISING LIGHTING CO., LTD., Defendants. | ) **JURY TRIAL DEMANDED** ) ) **PUBLIC VERSION** ) ) ) |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTIONS *IN LIMINE* (ECF NO. 160)

Defendants CH Lighting Technology Co., Ltd. and Shaoxing Ruising Lighting Co., Ltd. ("CH Lighting") and Elliott Electric Supply Inc. ("Elliott") hereby respond to Plaintiffs' Motions *in Limine* (ECF No. 160).

LIST OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| 1 | MaxLite's Responses and Objections to Plaintiffs' Subpoena *Duces Tecum* |
| 2 | Discovery Hearing Transcript dated August 25, 2021 |
| 3 | Super Lighting v. CH Lighting Discovery Issue Chart dated August 3, 2021 |

---

[1] Exhibits 1-3 are exhibits to the Declaration of Robert S. Hill filed herewith.

**<u>Plaintiffs' Motion in Limine 1:</u> EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS PRODUCED LATE (THIS WEEK)**

Plaintiffs' Motion *in Limine* No. 1 is premised on a misunderstanding. Defendants do not intend to rely on any documents that were produced in this litigation on August 31, 2021. Those documents were only produced as a consequence of Plaintiffs' discovery requests. Specifically, Plaintiffs previously issued a subpoena *duces tecum* to third-party MaxLite, Inc.[2] That subpoena requested that MaxLite produce "All Documents produced to or by You in any other litigation or investigation involving the Asserted Patents, Related Patents, or LED tube technology, to which You are a party, including the *Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. Maxlite, Inc.*, 2:19-cv-04047-PSG-MAA (C.D. Cal.) litigation."[3]

On August 31, 2021, MaxLite produced a number of documents in *Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. Maxlite, Inc.*, 2:19-cv-04047-PSG-MAA (C.D. Cal.), the case referenced in Plaintiffs' request. Those MaxLite documents were also produced in this case – by MaxLite, not Defendants – in compliance with Plaintiffs' subpoena. Defendants do not intend to rely on these MaxLite documents, as they were produced only in an effort to comply with the subpoena. To be clear, however, many of the MaxLite documents produced on August 31, 2021 are duplicative of earlier, timely-produced documents. Defendants reserve all rights to rely on timely-produced documents at trial, notwithstanding the fact that they may be duplicative of documents produced by MaxLite on August 31, 2021.

---

[2] *See* Ex. 1 (MaxLite's Responses and Objections to Plaintiffs' Subpoena *Duces Tecum*).

[3] *Id.* at 27.

**<u>Plaintiffs' Motion in Limine 2</u>:** EXCLUDE ANY RELIANCE ON THIRD-PARTY DOCUMENTS FROM NONPARTY, CHINESE CHIP MANUFACTURER ▓▓▓▓

  Rather than resolve the issue on the merits, Super Lighting once again seeks to preclude Defendants from relying on information necessary to rebut the flawed and inaccurate testing and analysis put forth by its expert regarding the ▓▓▓▓. Specifically, Super Lighting seeks to rehash the discovery dispute regarding the ▓▓▓▓ documents that the Court has already ruled on. In that dispute, Super Lighting requested from the Court—as they do now—that "Defendants and their experts be precluded from mentioning or using for any purpose documents from the ▓▓▓▓ production at trial or for any other reason."[4]

  At the hearing, the Court resolved this issued, permitting Super Lighting to supplement its expert report, and declining to preclude Defendants' reliance on these documents.[5]

  At trial, Defendants intend for its expert to rely on these documents to rebut the testimony of Super Lighting's expert regarding the structure and function of ▓▓▓▓ product. As discussed by Defendants in the discovery dispute, experts are not precluded from relying on documents that are not themselves admissible. *See* Fed. R. Evid. 703; *United States v. Gresham*, 118 F.3d 258, 266 (5th Cir. 1997) ("[I]t is axiomatic that expert opinions may be based on facts or data of a type reasonably relied upon by experts in a particular field, even if the sources are not admissible evidence.") (citing Fed. R. Evid. 703); *Greenwood Utils. Comm'n v. Miss. Power Co.*, 751 F.2d 1484, 1495 (5th Cir. 1985) ("[D]eference ought to be accorded to the expert's view that experts in his field reasonably rely on such sources of information."). Super Lighting has had the opportunity to question—and in fact, did question—Dr. Zane on these documents. Any purported

---

[4] *See* Ex. 3 Discovery Chart, submitted to the Court on Aug. 3, 2021.

[5] *See* Ex 2 Aug. 25, 2021 Tr. at 11:10-20; 18:23-19:8.

issues with the documents goes to weight that Super Lighting can address with the jury. *United States ex rel. Montcrieff v. Peripheral Vascular Assocs., P.A.*, 507 F. Supp. 3d 734, 755 (W.D. Tex. 2020) ("As a general rule, questions related to the bases and sources of an expert's opinions affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."); *Monsanto Co. v. David*, 516 F.3d 1009, 1015 (Fed. Cir. 2008) ("Likewise, numerous courts have held that reliance on scientific test results prepared by others may constitute the type of evidence that is reasonably relied upon by experts for purposes of Rule of Evidence 703.").

Super Lighting's motion *in limine* simply repeats the same flawed arguments that Super Lighting made at the hearing. For example, Super Lighting once again asserts, without support, that the documents are "untrustworthy," "dubious," and "pieced-together" seemingly because the documents state contain a watermark that states the documents are for Holland & Knight. Super Lighting points to nothing concrete to suggest that the documents themselves are untrustworthy. These are the same arguments that Super Lighting previously made that were rejected.[6] To the extent that Super Lighting is concerned that the Holland & Knight watermark will prejudice the jury, Defendants will request a copy from ████ that is not so stamped.

With respect to ████, as explained during the discovery hearing, this document is merely a clearer production of the page previously produced to Super Lighting at CHLIGHTING-SL_0059156 at 159. As such, ████ should not be excluded in any event.

---

[6] *See* Ex. 2 *e.g.*, Aug. 25, 2021 Tr. at 18:18-22 ████

**Plaintiffs' Motion in Limine 3: EXCLUDE ANY REFERENCES TO ANY LEGAL ACTION CONCERNING** ████████

      Defendants confirm that they will not reference that ████████████████ ████████

**Plaintiffs' Motion in Limine 4: EXCLUDE ANY TESTIMONY CONCERNING ANY ISSUES RELATED TO DEFENDANTS' NOW DROPPED INEQUITABLE CONDUCT AND UNCLEAN HANDS ALLEGATIONS**

      In accordance with the governing stipulation between the parties, and to the extent that the stipulation between the parties remains in place, Defendants will not assert or suggest that anyone involved in the invention attempted to deceive the PTO by failing to disclose prior art or otherwise signing false inventorship declarations.

**Plaintiffs' Motion in Limine 5: EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY) OR ARGUMENTS REGARDING ALLEGED NON-INFRINGING ALTERNATIVES**

      Plaintiffs' motion to exclude Defendants' evidence regarding non-infringing alternatives is a belated, procedurally improper attempt to avoid doing the work necessary to address Defendants' timely identified evidence. As Plaintiffs acknowledge, Defendants identified and addressed non-infringing alternatives "in their rebuttal reports on July 19."[7] At the time, Plaintiffs did not complain that this disclosure was untimely, nor did they offer or attempt to offer any responsive expert testimony, nor did they move to strike this disclosure, either by the August 9 motion deadline or thereafter.

---

[7] Mot. at 6.

Now, almost two months later, Plaintiffs seek to exclude *in limine* what they did not timely move to strike. But such motions are not timely simply because they are styled as motions *in limine*. *See Leggett & Platt, Inc. v. Yankee Candle Co.*, No. 4:06–CV–366–Y, 2008 WL 8792255, at *1 (N.D. Tex. Apr. 4, 2008) ("an untimely filed *Daubert* motion [is not] timely because it is styled as a motion in limine."). Indeed, all of Plaintiffs' cited authorities concern motions to strike. None of the cases cited by Plaintiffs suggests that motions *in limine* are an appropriate vehicle for the relief Plaintiffs seek. *See* Mot. at 6 (citing *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344, at *2 (E.D. Tex. Apr. 20, 2017); *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No. 6:16-CV-00445-RWS, 2018 WL 4289342, at *5 (E.D. Tex. July 11, 2018); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266300, at *6 (E.D. Tex. Nov. 15, 2018)).

Further, exclusion of Defendants' non-infringing alternative testimony is not warranted here. It is the patentee's burden to demonstrate the absence of acceptable, noninfringing substitutes. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017). Non-infringing alternatives are typically the subject of expert testimony. Thus, the proper time for Defendants to discuss non-infringing alternatives was during expert discovery. *See Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-CV-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015) (declining to exclude defendant's non-infringing alternatives and stating that "a party is not entitled to obtain early disclosure of expert opinions via interrogatory.").

The Eastern District of Texas's decision in *Droplets, Inc. v. Overstock.com, Inc.*, is instructive here. *See* No. 2:11-cv-401-JRG-RSP, 2015 WL 11120799, at *4–5 (E.D. Tex. Jan. 9, 2015). There, the plaintiff argued that the Court should strike evidence regarding non-infringing

alternatives that were not disclosed in response to an interrogatory, but that were disclosed in a rebuttal expert report. *Id.* at *4. The court declined to exclude testimony regarding non-infringing alternatives, finding that where there was "no evidence that Plaintiff sought relief . . . to amend its expert report in light of the[se] findings." *Id.* at *5. Likewise, Plaintiffs here neither sought to submit additional expert testimony on non-infringing alternatives nor any other timely remedy. Plaintiffs untimely attempt to exclude Defendants' testimony regarding non-infringing alternatives should be denied.

**Plaintiffs' Motion in Limine 6: EXCLUDE ANY REFERENCES, EVIDENCE, TESTIMONY (INCLUDING EXPERT TESTIMONY), OR ARGUMENTS THAT ARE INCONSISTENT WITH OR REJECTED IN THE COURT'S CLAIM CONSTRUCTIONS**

Defendants agree to this MIL provided it is reciprocal; namely, that the Court should exclude references; evidence; testimony (including expert testimony); or arguments by either Party that are inconsistent with the Court's claim constructions.

**Plaintiffs' Motion in Limine 7: EXCLUDE AFFIRMATIVE DEPOSITION DESIGNATIONS OF ███████ FROM THE UNRELATED ███████ CASE ON DIFFERENT PATENTS**

Defendants disagree that ███████ testimony in the ███████ case was not testimony under oath, and Defendants disagree that ███████ testimony is not usable in this case. Nevertheless, in the spirit of compromise, Defendants agree that they will not use ███████ testimony from the ███████ case for any purposes other than impeachment. Defendants reserve all rights with respect to using ███████ testimony from the ███████ case in the ███████ case.

**Plaintiffs' Motion in Limine 8:** **EXCLUDE INFORMATION RELATING TO PLAINTIFFS' POLITICAL AFFILIATIONS, PLAINTIFFS' NATIONALITIES, AND COVID-19**

Defendants agree to this MIL provided it is reciprocal; namely, that the Court should exclude references by either Party to a Party's or witness's political affiliation; nationality; or Covid-19 vaccination status, quarantine compliance, or offering remote testimony due to the pandemic.

**Plaintiffs' Motion in Limine 9:** **EXCLUDE REFERENCES, EVIDENCE, TESTIMONY, OR ARGUMENTS REGARDING** ▮▮▮▮▮▮▮▮▮▮

Defendants have no intention of raising at trial the fact that ▮▮▮▮▮▮▮▮▮▮. However, to the extent that Super Lighting asserts, implies, or suggests that Jack is behaving immorally, sneakily, or dishonestly because, for example, he has a vendetta against Super Lighting, Defendants should be able to explain why Jack may have ill feelings towards Super Lighting.

As discussed in Defendants' motions *in limine*, the only reason to discuss such issues is to leave the jury with the impression that Defendants are bad actors, and thereby improperly influence the answer to the unrelated question of patent infringement and invalidity. To the extent that Super Lighting is permitted to put forth such irrelevant and inflammatory evidence, Defendants should be permitted to offer rebuttal to such arguments, which include, *inter alia*, that ▮▮▮▮▮▮▮▮▮▮.

**<u>Plaintiffs' Motion in Limine 10</u>:** EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY CONCERNING COMPARISONS OF ACCUSED PRODUCTS OR THEIR COMPONENTS WITH EITHER PRIOR ART OR SUPER LIGHTING'S PRODUCTS/COMPONENTS

Defendants acknowledge that the proper infringement and invalidity analyses involve comparing the properly construed elements of the asserted claims to the accused products, and to the prior art, respectively.

Plaintiffs' motion goes too far, however, by seeking a wholesale exclusion of all comparisons between the accused products, the prior art, and Plaintiffs' own products. There are situations where such comparisons are appropriate. For instance, "that which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889). Thus, an invalidity theory may be premised on the plaintiff's infringement allegations, and a comparison between the accused products and the prior art may be necessary to establish this theory. *See, e.g.*, *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1335 (Fed. Cir. 2011) (reinstating a verdict of invalidity where an accused infringer asserted that its accused product was substantially the same as its prior art product, but also "mapped each element of the asserted claims" to the prior art product "in a manner that mirrored [the patentee's] infringement theory."). Such comparisons may also be appropriate, for example, to rebut allegations of copying or willful infringement. *See Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1025 (Fed. Cir. 2009) (proper to compare prior art and accused product "to rebut KCI's allegations of copying and willful infringement, to prove lack of intent to induce infringement, and to impeach KCI's expert's unsubstantiated distinctions between the gauze in the prior art and the gauze used with the Versatile."). As such, Plaintiffs' wholesale exclusion request goes too far.

**Plaintiffs' Motion in Limine 11: EXCLUDE INFORMATION REGARDING CH LIGHTING'S OWNERSHIP OF PATENTS**

Defendants have offered to Super Lighting that neither party should discuss any parties' patents other than the patents-in-suit in this litigation, including the remainder of Super Lighting's patent portfolio. At present, Super Lighting has not agreed to that arrangement.

Super Lighting asserts that Defendants should not be permitted to discuss their patent portfolio because this case is not about those patents, and because it may confuse the jury. This reasoning applies equally to the remainder of Super Lighting's patent portfolio as it does to Defendants' patent portfolio. This case is not about the remainder of Super Lighting's patent portfolio. And discussion of Defendants' patents is no less confusing to the jury than discussion of Super Lighting's non-asserted patents.

If Super Lighting is permitted to discuss the remainder of its patent portfolio, for example in generalized background information about Super Lighting, then Defendants should be permitted discuss its patent portfolio. Evidence of a defendant's patent portfolio is routinely admitted in patent cases. *See, e.g.*, *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4560071, at *8 (N.D. Cal. Aug. 22, 2016) ("I agree that Sophos's patents may be relevant to rebut Finjan's claim of willful infringement."); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2012 WL 5416440, at *1 (W.D. Pa. Nov. 2, 2012) (finding defendant's patent portfolio "relevant to the issues of copying/willfulness").

**Plaintiffs' Motion in Limine 12: EXCLUDE INFORMATION REGARDING CERTAIN INVENTORS NOT TESTIFYING AND NO LONGER WORKING FOR SUPER LIGHTING**

Defendants agree to this MIL provided it is reciprocal; namely, that the Court should exclude references by either Party to potential witnesses not testifying or no longer working for either Party.

**Plaintiffs' Motion in Limine 13:** ████████████████████████████████

Defendants confirm that they will not introduce at trial information relating to ██ ████████████████████████████████████████████████████████████████████ ████████████████████████████████

**Plaintiffs' Motion in Limine 14: EXCLUDE ANY SUGGESTION THAT SUPER LIGHTING'S REDUCTION OF THE ASSERTED PATENTS OR PATENT CLAIMS TO STREAMLINE THIS LITIGATION AMOUNTS TO A CONCESSION OF NON-INFRINGEMENT OR INVALIDITY**

Defendants agree to this MIL provided it is reciprocal; namely, that the Court should exclude suggestions by either Party that the reduction of the Asserted Patents, patent claims, or prior art to streamline this litigation amounts to a concession of non-infringement, invalidity, or that certain prior art is not invalidating. For clarity, this MIL does not preclude testimony or evidence that an expert's opinion is based at least in part on patents that are no longer asserted in this case.

**Plaintiffs' Motion in Limine 15: EXCLUDE ANY REFERENCE TO DECLARATIONS PROVIDED BY DEFENDANTS' WITNESSES OR ANY THIRD PARTY**

Plaintiffs' Motion *in Limine* 15 is not addressed to any particular documents, but instead undertakes a hypothetical hearsay discussion. Without recourse to specific documents,

Defendants cannot take a position on whether those documents "fail to satisfy the hearsay exceptions in the Federal Rules of Evidence," as Plaintiffs state. For example, those documents may fall within the hearsay exception for business records (Fed. R. Evid. 803(6)) or the residual exception (Fed. R. Evid. 807). As such, wholesale exclusion is not warranted. Plaintiffs will have the opportunity to make hearsay objections to documents that are included on Defendants' exhibit list, allowing those objections to be preserved and resolved at the appropriate time.

**Plaintiffs' Motion in Limine 16: EXCLUDE ANY REFERENCE TO ANY EXPERT'S PRIOR WORK WITH SUPER LIGHTING'S LAWYERS OR RETENTION BY PERKINS COIE LLP**

Defendants agree to this MIL provided it is reciprocal; namely, that the Court should exclude references to any expert's prior work with either of the Parties or their counsel.

**Plaintiffs' Motion in Limine 17: EXCLUDE ANY DISPARAGING REMARKS REGARDING THE USPTO AND EXAMINERS**

Defendants agree that neither Party should disparage the USPTO or its examiners by suggesting that they are error prone. But this should not prevent the Parties from introducing facts about the PTO generally or discussing the jury's role as factfinder. As one court explained, "Defendants should be permitted to note, as does the Federal Judicial Center Video, that the PTO may make mistakes and that the jury has an independent role in assessing validity." *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72 DF, 2010 WL 11468934, at *11 (E.D. Tex. Oct. 5, 2010). Defendants therefore propose that, as in *Datatreasury*, "Defendants may not argue or suggest that the PTO is 'dysfunctional' or not diligent, but Defendants may submit PTO workload and efficiency statistics, may argue that the PTO may make mistakes, and may urge that the jury has an independent role in assessing validity." *Id.*; *see also Int'l Bus. Machines*

*Corp. v. Groupon, Inc.*, No. CV 16-122-LPS, 2018 WL 3007662, at *1 (D. Del. June 15, 2018) ("The parties may, however, present evidence and argument consistent with what the jury will learn from the Federal Judicial Center video (e.g., 'Examiners have a lot of work to do, and no process is perfect.'): for example, the PTO has a heavy workload and all institutions make mistakes."); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, 2017 WL 11517123, at *2 (E.D. Tex. Mar. 2, 2017) (clarifying that MIL excluding pejorative references to the PTO and examiners "shall not prevent [Defendant] from making generalizations that the examiner was in error or on general matters regarding invalidity."). Neither actual evidence about the PTO nor instruction on the jury's role in assessing validity risk "invit[ing] the jury to speculate inappropriately that the patents should not be presumed to be []valid." *See* Mot. at 18.

### Plaintiffs' Motion in Limine 18: EXCLUDE IMPROPER INEQUITABLE CONDUCT ARGUMENTS (COUCHED AS INVENTORSHIP ALLEGATIONS) FROM THE JURY

In accordance with the governing stipulation between the parties, and to the extent that the stipulation between the parties remains in place, Defendants will not assert or suggest that anyone involved in the invention attempted to deceive the PTO by signing false inventorship declarations.

### Plaintiffs' Motion in Limine 19: EXCLUDE RELIANCE OR MENTION OF ANY THIRD-PARTY OPINIONS ON UNASSERTED PATENTS

Super Lighting seeks to exclude Defendants from using at trial certain non-infringement opinions and testing provided by ▮▮▮▮ to CH Lighting (and produced by CH Lighting in this case). These documents relate to patents other than the patents-in-suit. However, these documents do relate to ▮▮▮▮ product, which is also at issue in this case. ▮▮▮▮

Defendants have no intention of relying on the <u>opinion</u> portion of these documents to prove non-infringement of the ▮ on the patents-in-suit. ▮

▮

▮

▮

▮ ▮

▮

▮ As such, these portions of the documents are relevant to the structure and function of the ▮ product, as well as CH Lighting's understanding of how the ▮ product functions, which is relevant to at least issues of non-infringement and willfulness.

Super Lighting argues that the documents are inadmissible because no sponsoring witness from ▮ has been identified. But these are not documents produced by ▮. These are documents produced by CH Lighting in this case. Thus, CH Lighting will sponsor such documents. To the extent that Super Lighting believes the opinion portion of such documents is prejudicial, Defendants can use only the non-opinion portions at trial.

Dated: September 9, 2021

Respectfully Submitted,

/s/ Robert S. Hill
Robert S. Hill (Lead counsel)
Texas Bar No. 24050764
Email: robert.hill@hklaw.com
Sara Schretenthaler Staha
Texas Bar No. 24088368

---

[8] See ECF 160-9.

[9] See ECF 160-10, 160-11.

HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Telephone: (214) 964-9500
Facsimile: (214) 964-9501

Allison M. Lucier (*Pro Hac Vice*)
Massachusetts Bar No. 569193
Email: allison.lucier@hklaw.com
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Stacey H. Wang *(Pro Hac Vice)*
California Bar No. 245195
Email: stacey.wang@hklaw.com
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 896-2400

Leonie Huang (*Pro Hac Vice*)
New York Bar No. 5128442
Email: leonie.huang@hklaw.com
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3398
Facsimile: (212) 385-9010

***Counsel for Defendants***

### CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, I caused the foregoing and its exhibits to be electronically served upon counsel of record below.

*s/ Robert S. Hill*
Robert S. Hill