IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC.,** | § § § § | |
| Plaintiffs, | § § | CASE NO. 6:20-cv-00018-ADA |
| vs. | § § | JURY TRIAL DEMANDED |
| **CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC. AND SHAOXING RUISING LIGHTING CO., LTD.,** | § § § § § § | PUBLIC VERSION |
| Defendants. | § § | |

## ORDER CONCERNING FINAL PRETRIAL CONFERENCE MOTIONS

Before the Court are the parties' respective motions *in limine*, Defendants CH Lighting Technology Co., Ltd., Elliott Electric Supply Inc., and Shaoxing Ruising Lighting Co., Ltd.'s ("CH's") *Daubert* motion, and Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc.'s ("Super Lighting's") motion for sanctions.  The Court held a Final Pretrial Conference concerning these motions on October 6, 2021.  During that hearing, the Court provided oral rulings on each of the motions.  The Court now enters those motions.

It is hereby ORDERED as follows:

### Super Lighting's Motions *in Limine*

| Motion | Ruling |
|---|---|
| **Super Lighting's Motion *in Limine* No. 1** to exclude any reliance on third-party documents produced late (this week) | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 2** to exclude any reliance on third-party documents form nonparty, Chinese chip | GRANTED.<br><br>The Court found that because the documents lack a sponsoring witness, Defendants' |

| Motion | Ruling |
|---|---|
| **manufacturer** ▮ | experts, witnesses, and attorneys are further precluded from relying on or referencing for any purpose the documents produced by ▮, which bear Bates Nos. ▮-0000001- ▮-0000008. |
| **Super Lighting's Motion *in Limine* No. 3 to exclude any references to any** ▮ ▮ | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 4 to exclude any testimony concerning any issues related to Defendants' now dropped inequitable conduct and unclean hands allegations** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 5 to exclude any references, evidence, testimony (including expert testimony) or arguments regarding alleged non-infringing alternatives** | DENIED.<br><br>CH may introduce evidence related to alleged non-infringing alternatives that are disclosed in CH's expert reports, and Super Lighting may introduce any evidence showing there are no non-infringing alternatives, including CH's interrogatory responses that do not identify any non-infringing alternatives. |
| **Super Lighting's Motion *in Limine* No. 6 to exclude any references, evidence, testimony (including expert testimony), or arguments that are inconsistent with or rejected in the Court's claim constructions** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 7 to exclude affirmative deposition designations of Aiming Xiong from the unrelated MaxLite case on different patents** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 8 to exclude information relating to Plaintiffs' political affiliations, Plaintiffs' nationalities, and COVID-19** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 9 to exclude references, evidence, testimony, or arguments regarding the** ▮ ▮ | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |

| Motion | Ruling |
|---|---|
| **Super Lighting's Motion *in Limine* No. 10 to exclude evidence, argument, and testimony concerning comparisons of Accused Products or their components with either prior art or Super Lighting's products/components** | GRANTED. |
| **Super Lighting's Motion *in Limine* No. 11 to exclude information regarding CH Lighting's ownership of patents** | MOOTED.<br><br>This motion was dropped by Super Lighting, and is therefore moot. |
| **Super Lighting's Motion *in Limine* No. 12 to exclude information regarding certain inventors not testifying and no longer working for Super Lighting** | MOOTED.<br><br>This motion was dropped by Super Lighting, and is therefore moot. |
| **Super Lighting's Motion *in Limine* No. 13 to exclude information regarding ▮▮▮▮▮** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 14 to exclude any suggestion that Super Lighting's reduction of the Asserted Patents or patent claims to streamline this litigation amounts to a concession of non-infringement or invalidity** | GRANTED. |
| **Super Lighting's Motion *in Limine* No. 15 to exclude any reference to declarations provided by Defendants' witnesses or any third party** | GRANTED. |
| **Super Lighting's Motion *in Limine* No. 16 to exclude any reference to any expert's prior work with Super Lighting's lawyers or retention by Perkins Coie LLP** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |
| **Super Lighting's Motion *in Limine* No. 17 to exclude any disparaging remarks regarding the USPTO and examiners** | GRANTED. |
| **Super Lighting's Motion *in Limine* No. 18 to exclude improper inequitable conduct arguments (couched as inventorship allegations) from the jury** | GRANTED.<br><br>This motion was agreed to by the parties, and is therefore granted. |

| Motion | Ruling |
|---|---|
| **Super Lighting's Motion *in Limine* No. 19 to exclude reliance or mention of any third-party opinions or unasserted patents** | GRANTED. |

### CH's Motions *in Limine*

| Motion | Ruling |
|---|---|
| **CH's Motion *in Limine* No. 1 to preclude Plaintiffs from offering outlandish or conspiratorial theories at trial** | GRANTED. |
| **CH's Motion *in Limine* No. 2 to preclude Plaintiffs from discussing the political affiliations of witnesses** | GRANTED. <br><br> This motion was agreed to by the parties, and is therefore granted. |
| **CH's Motion *in Limine* No. 3 to preclude Plaintiffs from discussing discovery disputes and other extraneous matter** | GRANTED. |
| **CH's Motion *in Limine* No. 4 to preclude Plaintiffs from insinuating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮** | DENIED. <br><br> The Court clarified that the parties should approach the bench before intimating that a witness from the other side did something unethical or illegal, such as stealing. |
| **CH's Motion *in Limine* No. 5 to preclude Plaintiffs from referencing the RadIP press releases and Mr. Jiang's related comments** | GRANTED. |
| **CH's Motion *in Limine* No. 6 to preclude Plaintiffs from referencing the ▮▮▮▮▮▮▮▮▮▮▮** | DENIED. |
| **CH's Motion *in Limine* No. 7 to exclude any reference to the "presumption of validity"** | DENIED. |
| **CH's Motion *in Limine* No. 8 to preclude Plaintiffs from referencing Barry Qin's unfounded testimony about the advantages of Super Lighting's tube lamps** | DENIED. |

4

### CH's *Daubert* Motion

IT IS HEREBY ORDERED that Defendants' Motion to Exclude Certain Opinions and Testimony of Lauren Kindler is DENIED.

### Super Lighting's Motion for Sanctions

IT IS HEREBY ORDERED that Plaintiffs' Motion for Sanctions is GRANTED.

IT IS FURTHER ORDERED that the following instruction will be provided to the jury in both preliminary and final jury instructions:

> "CH Lighting and Ruising first learned about the asserted '140 Patent on February 16, 2019, and first learned of the asserted '540 and '125 Patents in July 2019. Upon learning of the asserted patents, CH Lighting and Ruising took no actions other than to retain litigation counsel for this case on or about November 12, 2020."

The question of attorneys' fees requested in Plaintiffs' Motion is hereby STAYED until after trial.

IT IS SO ORDERED this 15th day of October, 2021.

_____
THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE