IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC., AND SHAOXING RUISING LIGHTING CO., LTD.,<br><br>Defendants. | CASE NO. 6:20-CV-00018-ADA |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO RESPOND**

Although Defendants attempt to characterize their extension request as "streamlining the case and promoting efficiency for the parties and the Court," (Mot. at 3), the only ones who stand to benefit from the requested additional time are Defendants themselves. The Court will hear the parties' remaining[1] post-trial motions once all of them are fully briefed; the briefing schedule itself should not impact the timing of the hearing at all. And, as Plaintiffs have demonstrated throughout the case, they are ready to proceed as quickly as possible under the Court's scheduling orders. Accordingly, the Court should not be fooled: granting this motion will only help Defendants.

Defendants' claims of "good cause" for an extension are equally hollow and untrue. First, any contention that Defendants need extra time due to their other post-trial motions in this case is belied by a look at a calendar. The jury in our case delivered its verdict on November 4, 2022—that means that when Defendants finally file their motions for new trial and JMOL on August 26, (Mot. at 2), they will have had **296 days** to prepare those papers.[2] Accordingly, it is hard to fathom how Defendants are not already done with those motions having had over 42 weeks to draft them.

Next, as noted above, "align[ing] the [opposition and reply] deadlines" of Defendants' motions with Plaintiffs' motion for supplemental damages will have zero impact on whether the motions are "considered together." This Court routinely hears motions filed on different dates at a given hearing—it just did so with respect to Super Lighting's post-trial motions. (*See, e.g.*, Dkt. 279 (single hearing on Super Lightings' November 24 and December 2 motions).)

---

[1] The Court should not forget that Plaintiffs pursued their post-trial relief almost immediately after the jury's November 4, 2022 verdict. (*See, e.g.*, Dkt. 233, 234 (Super Lighting enhancement and injunction briefs filed November 24, 2021), *and* Dkt. 241, 242 (Super Lighting entry of judgment and exceptional case briefs filed December 2, 2021). Defendants could have followed suit but **deliberately chose not to do so**, instead waiting until the last possible day to file. While delaying so long is within Defendants' technical rights under the Rules, doing so casts doubt on the need for any extension here. And, hanging over all of this is Defendants' ongoing, willful infringement, which has only accelerated since the verdict and which Defendants have made plain that they will continue until forced to stop by the Court. (*See, e.g.*, Dkt. 287.)

[2] Assuming Defendants use all 40 pages allotted to them across the two, 20-page motions, 296 days still works out to nearly two, full calendar weeks of drafting time *per page*.

1

Third, Defendants' counsel's filing obligations in other cases are of no moment. Notably, Defendants are *not* suggesting they are completely indisposed during the period in question, *e.g.*, due to a pending trial. (Mot. at 2.) Rather, they are suggesting that the 34 lawyers spread across the New York, Washington, D.C., and Chicago offices of the MoloLamken firm—including 17 partners—cannot collectively handle three briefs and two oral arguments simultaneously over the course of a 14-day span. (*Compare* < https://www.mololamken.com/professionals>, *with* Mot. at 2.) As this Court knows from its own experience in private practice, lawyers oftentimes have overlapping deadlines. Such is the nature of trial work. Neither this Court nor Plaintiffs should be inconvenienced to accommodate Defendants' lawyers' personal schedules.

In particular, Plaintiffs should not be forced to give Defendants additional time to respond to routine briefing given the exorbitant time Defendants have been afforded to prepare their other briefs and the time Plaintiffs have been forced to endure Defendants' ongoing willful infringement. For all of the reasons stated herein, Defendants have no reason to require additional time to respond to Plaintiffs' supplemental damages motion, and the Court should deny Defendants' extension request.

Dated: August 24, 2022                                              Respectfully submitted,

/s/ Matthew C. Bernstein
Matthew C. Bernstein
MBernstein@perkinscoie.com
California Bar No. 199240
Joseph P. Reid
jreid@perkinscoie.com
California Bar No. 211082
Evan S. Day (Pro Hac Vice)
EDay@perkinscoie.com
Miguel J. Bombach (Pro Hac Vice)
MBombach@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Chao (Wendy) Wang
WWang@perkinscoie.com (Pro Hac Vice)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

**ATTORNEYS FOR JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC.**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record on this 24th day of August 2022.

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein