UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE, CO., LTD. AND OBERT, INC., | § § § § | |
| Plaintiffs, | § § | CIVIL NO. W-20-CV-00018-ADA |
| v. | § § | |
| CH LIGHTING TECHNOLOGY CO., LTD., ELLIOTT ELECTRIC SUPPLY INC., AND SHAOXING RUISING LIGHTING CO., LTD., | § § § § § | |
| Defendants. | | |

## ORDER PERMITTING REGISTRATION OF JUDGMENT

Came on for consideration this date is Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc.'s (collectively, "Super Lighting") Motion for Order Permitting Registration of Judgment Pursuant to 28 U.S.C. §1963. ECF No. 327. Defendants CH Lighting Technology Co., Ltd. and Shaoxing Ruising Lighting Co., Ltd. (collectively, "CH Lighting") filed an opposition and Cross Motion to Stay Judgment Enforcement on July 10, 2023, ECF No. 333, to which Super Lighting replied on July 31, 2023, ECF No. 334, and CH Lighting further replied on August 7, 2023, ECF No. 335. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Super Lighting's Motion to Motion for Order Permitting Registration of Judgment Pursuant to 28 U.S.C. §1963 and **DENIES** CH Lighting's Cross Motion to Stay Judgment Enforcement.

## I. BACKGROUND

On March 17, 2023, the Court entered final judgment in favor of Super Lighting and against CH Lighting, ordering CH Lighting to pay Super Lighting $31,221,873.81. CH Lighting appealed the

final judgment but has not posted a supersedeas bond. CH Lighting has no known assets within the forum. In an effort to initiate judgment enforcement, Super Lighting moves under the 29 U.S.C. §1963 to obtain permission to register the judgment in other judicial districts. CH Lighting opposes this motion and cross-asserts that judgment enforcement should be stayed under Federal Rule of Civil Procedure 62(b).

## II. LEGAL STANDARD

### A.   29 U.S.C. §1963

Under 28 U.S.C. § 1963, a judgment may be registered in other districts when it "has become final by appeal . . . or when ordered by the court that entered the judgment for good cause shown." Good cause is shown "when there is an absence of assets in the judgment forum coupled with the presence of substantial assets in the registration forum." *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). However, "permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond." *Id*.

### B.   Federal Rule of Civil Procedure 62(b)

Rule 62(b) permits a party to obtain stay by "providing a bond or other security." *See* Fed. R. Civ. P. 62(b). The burden is on the defendants to show that the court should depart from requiring a full security supersedeas bond. *Dream Med. Grp., LLC v. Old S. Trading Co., LLC,* No. CV H-22-134, 2022 WL 2788883, at *1 (S.D. Tex. July 15, 2022) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Defendants must show "that the posting of a full bond would impose an undue financial burden ***and*** that there is some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, ***which would furnish equal protection to the judgment creditor***." *Id.* (internal quotations omitted, emphasis added).

## III. ANALYSIS

**A.    29 U.S.C. §1963**

Super Lighting asserts that CH Lighting has no assets within judgment forum. ECF No. 327-1 at ¶ 4. CH Lighting supports this claim by stating that "[v]irtually all CH Lighting's assets are in China." ECF No. 333 at 2. However, CH Lighting has produced information identifying its customers, infringing sales revenues, and account receivables owed by its customers in Ohio, Georgia, New York, New Jersey, Pennsylvania, Kansas, North Dakota, and Massachusetts (collectively, the "States"). ECF No. 327-1 at ¶ 6. Good cause to allow Super Lighting to register judgment in the district courts of the States exists as there is an absence of assets in the judgment forum and substantial assets exist in the proposed registration forums. Further, as discussed below, CH Lighting not only declined to post a supersedeas bond but lacks the capability to post such a bond. ECF No. 333 at 7

For the foregoing reasons the Court should grant Super Lighting permission under 29 U.S.C. §1963 to the to register the judgment in the district courts of the States.

**B.    Federal Rule of Civil Procedure 62(b)**

CH Lighting chose not to post a supersedeas bond of $31,221,873.81, and instead requests that the court grant a stay pending CH Lighting to posting a $2 million bond. *See* ECF No. 333. CH Lighting claims they cannot provide the collateral in the United States necessary to post a bond that equals or exceeds the full amount of the judgment. ECF No. 333 at 7. CH Lighting requests that the court substitute a $2 million bond for a supersedeas bond to provide the necessary security for the Court to grant the stay. ECF No. 333 at 9. A $2 million bond does not "furnish equal protection to the judgment creditor" that a supersedes bond of over $31 million would provide.

For the foregoing CH Lighting should not be granted a reduced bond amount or a stay subsequent to such a reduced bond.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Motion for Order Permitting Registration of Judgment Pursuant to 28 U.S.C. §1963 is **GRANTED** and Defendants' Cross Motion to Stay Judgment Enforcement is **DENIED.** Super Lighting may register the Judgment in the district courts in Ohio, Georgia, New York, New Jersey, Pennsylvania, Kansas, North Dakota, and Massachusetts.  All relief requested and not expressly granted is **DENIED**.

**SIGNED** this 25th day of January, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE